William Most (CA Bar No. 279100)
Law Office of William Most, L.L.C.
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
 (504) 509-5023
williammost@gmail.com

Dan Roth (CA Bar No. 270569)
Law Office of Dan Roth
803 Hearst Ave.
Berkeley, CA 94710
 (510) 849-1389
dan@drothlaw.com

Attorneys for Plaintiff David McDaniel

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MCDANIEL,<br><br>                Plaintiff,<br><br>        v.<br><br>RALPH DIAZ, in his official capacity; JEFF DIRKSE, in his individual and official capacity; CALIFORNIA DEPARTMENT OF CORRECTION AND REHABILITATION DOES 1-10; and STANISLAUS COUNTY SHERIFF'S DEPARTMENT DOES 1-5,<br><br>                Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS; FALSE IMPRISONMENT; AND NEGLIGENCE<br><br>Jury trial demanded |

## **INTRODUCTION**

1.      This case is about Defendants' unlawful imprisonment of a man after a judge ordered that he be freed.

2.      According to black-letter law, once a prisoner has served his sentence, his jailor has a reasonable amount of time to process and release him.  Courts have repeatedly held that the phrase

Complaint for Damages                    1

"reasonable time" means some amount of time less than 48 hours.[1]  A minute more is presumptively unconstitutional and illegal.

3.    A jury is often asked to decide whether an overdetention of less than 48 hours is constitutional,[2] and juries have found that delay of as little as thirty minutes is unconstitutional.[3]  But courts across the country have held, unequivocally, that a detention beyond 48 hours of an inmate's known sentence is unreasonable and illegal.  Indeed, "[t]he court has been unable to find any case, whether within or outside of the Eleventh Circuit, in which the detainment of a properly identified individual for days beyond his scheduled release date was held constitutionally permissible."[4]

4.    David McDaniel should have been a free man on December 13, 2019.  A judge issued an order for his release on that date in open court.

5.    But Defendants did not set Mr. McDaniel free on December 13, 2019.  Instead, they held him in custody until January 7, 2020 – despite the repeated entreaties of Mr. McDaniel and his lawyers.

6.    David McDaniel files this lawsuit to hold Defendants accountable for what they did to him, and to correct Defendants' failures so that other men and women do not suffer the same injustice.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over Plaintiff's claims of federal rights violations, enforceable under the Fourteenth Amendment and 42 U.S.C. § 1983, pursuant to 28 U.S.C. §§ 1331, 1343(a)(3). This Court has jurisdiction over Plaintiff's state law claims in accordance with 28 U.S.C. § 1367.

8.    Venue is proper in this Court because a substantial part of the events giving rise to the

---

[1] *Barnes v. District of Columbia*, 793 F. Supp. 2d 260 (D.D.C. 2011) ("In recognition of these facts, courts appear to agree that the maximum permissible administrative delay in the overdetention context likely falls well short of the 48-hour horizon set out in *McLaughlin.*"). That is because once a detainee is ordered released, the public's interest in his prompt release is even greater, and the constitutional tolerance for "administrative delay" is substantially less than in the context of arrestees awaiting probable cause determinations – which must come within 48 hours. *See Berry v. Baca,* 379 F.3d 764, 771-72 (9th Cir. 2004); *Powell v. Barrett*, 376 F.Supp.2d 1340, 1353 (N.D.Ga. 2005).

[2] *Berry v. Baca*, 379 F.3d 764, 77072 (9th Cir.2004) (twenty-nine hour delay presented question for jury); *Arline v. City of Jacksonville*, 359 F.Supp.2d 1300, 1310 (M.D.Fla.2005) (two and a half hour delay presented jury question).

[3] *Davis v. Hall*, 375 F.3d 703, 713 (8th Cir. 2004).

[4] *Powell v. Barrett*, 376 F.Supp.2d 1340, 1354 (N.D.Ga. 2005) (bolded emphasis added).

Complaint for Damages                    2

claim occurred in this district.

**PARTIES**

9.    Plaintiff **DAVID MCDANIEL** is a resident of the state of California.

10.    Defendant **RALPH DIAZ** ("Diaz") is the Secretary for the California Department of Corrections and Rehabilitation ("CDCR") and is a final policymaker.  He is sued only in his official capacity and for declaratory relief only.

11.    Defendant **JEFF DIRKSE** is the Sheriff of Stanislaus County, California.  He is responsible for operating the Stanislaus County jail facilities, including promulgating policies and procedures at those facilities.  He is sued in his individual and official capacities.

12.    Defendants **CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION DOES 1 – 10** are employees of CDCR whose names and identities are presently unknown to Plaintiff.  Defendants DOES 1 – 10 are responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein.  These Doe Defendant include those CDCR employees who failed to take action once Plaintiff alerted them to his overdetention. These Doe Defendant also include those CDCR employees tasked with processing Plaintiff's paperwork and ensuring he was released on time. Plaintiffs shall amend this complaint to substitute the true names and capacities of such Doe defendants when they are known. They are sued in only their individual capacities.

13.    Defendants **STANISLAUS COUNTY SHERIFF'S DEPARTMENT DOES 1-5** are employees of the Stanislaus County Sheriff's Department ("SCSD") whose names and identities are presently unknown to Plaintiff.  Defendants DOES 1 – 10 are responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein.  These Doe Defendant include those SCSD employees who failed to take action once Plaintiff alerted them to his overdetention. These Doe Defendant also include those SCSD employees tasked with processing Plaintiff's paperwork and

Complaint for Damages                    3

ensuring he was released on time. Plaintiffs shall amend this complaint to substitute the true names and capacities of such Doe defendants when they are known. They are sued in their individual and official capacities.

## STATEMENT OF FACTS

14.     Mr. McDaniel was initially arrested in connection with Stanislaus County Superior Court case number 1480530 on October 31, 2014.

15.     On February 16, 2016, Mr. McDaniel was charged by information in Stanislaus County Superior Court case number 1480530 with ten counts alleging robberies in violation of Penal Code § 211, along with special allegations alleging that Mr. McDaniel had suffered several prior convictions for serious felonies within the meaning of Penal Code §§ 667(d) and 1192.7(c) and two prior convictions that would yield a sentencing enhancement under Penal Code § 667.5(b).

16.     The case proceeded to trial by jury, and Mr. McDaniel was convicted of the robberies charged in Counts I, II, III, IV, V, VII, VIII, IX and X, and acquitted on Count VI.  The Court found in a separate bench trial that Mr. McDaniel had suffered the alleged prior convictions.

17.     On May 16, 2017, the Court sentenced Mr. McDaniel to an indeterminate sentence of 125 years to life in prison and a determinate sentence of 25 years imprisonment.

18.     Mr. McDaniel was admitted to the California State Prison, Solano on or around May 30, 2017.

19.     Mr. McDaniel appealed his conviction, and on October 16, 2019, the Court of Appeal for the State of California, Fifth Appellate District reversed the conviction.

20.     The Court of Appeal remanded the case to the Stanislaus County Superior Court, and at some point after the remittitur issued Mr. McDaniel was transferred to the custody of the Stanislaus County Sheriff's Department.

21.     On December 13, 2019, Mr. McDaniel appeared before Judge Nancy Ashley of the

Complaint for Damages                    4

Stanislaus County Superior Court.  At that time, Mr. McDaniel accepted a plea agreement offered by the Stanislaus County District Attorney's Office.  Pursuant to the terms of the plea agreement, Mr. McDaniel pled no contest to Counts I, II, III and IV of the information.  The remaining counts and all enhancement were dismissed.

22.      The Court sentenced Mr. McDaniel to six years imprisonment, calculating that he had earned custody credits totaling 2,518 days – in other words, he already had substantially more than six years' worth of credits.

23.      When Mr. McDaniel accepted the plea agreement on December 13, 2019, all parties involved – the assistant district attorney, the judge, the defense attorney, and Mr. McDaniel himself – had a shared understanding that Mr. McDaniel was to be processed and immediately released.

24.      The Court's minute order from December 13, 2019 reflects that shared understanding. According to the minute order Mr. McDaniel's plea resulted in a "paper commitment" – meaning he had already served his sentence and was entitled to immediate release from custody.  The minute order also states that Mr. McDaniel was to be "released on parole" and directs him to report within seven days to the parole office:

25.      On December 16, 2019, the Court filed the abstract of judgment, which confirms that Judge Ashley intended for Mr. McDaniel to be processed and immediately released upon his December 13, 2019 resentencing.  The abstract of judgment contains the Court's calculation of Mr. McDaniel's credits – again, 2518 total days, or substantially more than six years in total.  It explicitly directs:

Complaint for Damages                                5

"Defendant released on Parole ordered to report to Parole w/in 7 days":

26.    The abstract of judgment even provides the basis for Judge Ashley's order to release Mr. McDaniel on parole immediately, which was that "per PC 1170(a)(3)[,] [p]reconfinement credits equal or exceed time imposed":

27.    Despite the fact that the Court concluded Mr. McDaniel had credits for time served that exceeded the prison sentence imposed by the Court, and explicitly ordered Mr. McDaniel's immediate release, Mr. McDaniel was not released.

28.    On December 13, 2019, after his court appearance was concluded, Mr. McDaniel was transported to Stanislaus County Jail.

29.    When Mr. McDaniel realized he was not being released, he informed Defendants SCSD DOES in the jail that the judge had ordered his release. Defendants SCSD DOES did not adequately inquire into or investigate Mr. McDaniel's complaints, and he was not released.

30.    Mr. McDaniel remained incarcerated in Stanislaus County Jail for approximately two

Complaint for Damages                6

weeks.

31.     During the time he was incarcerated in Stanislaus County Jail, Mr. McDaniel informed Defendants SCSD DOES on a daily basis that he had been ordered released, to no avail.

32.     Had Defendants released Mr. McDaniel when they were legally required to do so, he would have celebrated Christmas with family members who had anticipated his homecoming, including a grandmother in her mid-80s.  Instead, he remained unlawfully imprisoned.

33.     In late December, 2019, Mr. McDaniel was transported to the California State Prison, Solano.

34.     Shortly after arriving at California State Prison Solano, Mr. McDaniel informed Defendants CDCR DOES that he had been ordered released and was being unlawfully detained. Defendants CDCR DOES did not adequately inquire into or investigate Mr. McDaniel's complaints, and he was not released.

35.     Mr. McDaniel contacted his appellate attorney Rafael Goldman to inform him of the situation.  Mr. Goldman contacted Mary Ellen Hurtle, the attorney who represented Mr. McDaniel at his December 13, 2019 plea and resentencing in Stanislaus County Court.

36.     On December 30, 2019, Mary Ellen Hurtle began making phone calls to CDCR to determine why Mr. McDaniel had not been released from custody as ordered by Judge Ashley over two weeks earlier.  She made several phone calls to CDCR DOES over the course of the day.

37.     On December 30, 2019, CDCR DOES initially informed Ms. Hurtle that they would not release Mr. McDaniel because they did not have a minute order from the court, and the parole board would "overrule" the court until CDCR received the court's minute order.

38.     Later that day, CDCR DOES told Ms. Hurtle they had requested the minute order from the court clerk and were expecting it to be faxed to them.

39.     During the final phone call between Ms. Hurtle and CDCR DOES on December 30,

Complaint for Damages                    7

2019, CDCR DOES informed Ms. Hurtle they had just received the court's minute order that day.

40.     During that final phone call, CDCR DOES verified that the minute order authorized Mr. McDaniel's release on December 13, 2019.  However, they stated it would take an additional five to seven business days to process Mr. McDaniel's release, and estimated due to the New Years holidays he would not be released until January 7, 2020.

41.     Mr. McDaniel was finally released from California State Prison, Solano on January 7, 2020.

42.     Therefore, Mr. McDaniel was overdetained for a total of 25 days – from December 13, 2019 until January 7, 2020.  Even worse, more than a week of his overdetention took place *after* CDCR admitted they had received the court order stating he was supposed to be free.

### FIRST CAUSE OF ACTION
**Violation of the Fourteenth Amendment to the United States Constitution**
**(Against All Defendants)**

43.     Plaintiff hereby incorporates all of the above.

44.     A prisoner has a "due process right to be released within a reasonable time after the reason for his detention [has] ended."[5]  And prison officials have a corresponding duty to investigate a prisoner's claim that he is entitled to release.[6]

45.     Defendants deprived David McDaniel of his liberty and violated his Fourteenth Amendment rights by detaining him for 25 days after the legal authority to hold him had expired.  As Defendants were acting under the color of state law, Plaintiff's claims are actionable under 42 U.S.C. § 1983.

---

[5] *Brass v. County of Los Angeles,* 328 F.3d 1192, 1200 (9th Cir. 2003).
[6] *Haygood v. Younger,* 769 F.2d 1350 (9th Cir. 1985) (en banc).

Complaint for Damages                    8

46.     Defendants violated Mr. McDaniel's Fourteenth Amendment rights by failing to investigate his claims that he was lawfully entitled to release.  As Defendants were acting under the color of state law, Plaintiff's claims are actionable under 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION
**Violation of Article 1, Section 7 of the California Constitution**
**(Against All Defendants)**

47.     Plaintiff hereby incorporates all of the above.

48.     Article 1, Section 7(a) of the California Constitution guarantees that "[a] person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws…"

49.     By reason of the same conduct that violated Mr. McDaniel's federal constitutional rights, Defendants violated his state constitutional rights to liberty and due process.

50.     This conduct resulted in Mr. McDaniel's overdetention and caused the physical, emotional and pecuniary damages as described above and below.

## THIRD CAUSE OF ACTION
**Negligence**
**(Against all Defendants)**

51.     Plaintiff hereby incorporates all of the above.

52.     "In order to prove facts sufficient to support a finding of negligence, a plaintiff must show that [the] defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury."[7]

53.     Due to their professional roles as jailors, Defendants owed duties to avoid overdetention to the persons in their custody, including Mr. McDaniel.

54.     Defendants had a duty to ensure that Mr. McDaniel was released within a reasonable time after he was ordered released by a judge.

---

[7] *Hayes v. County of San Diego*, 57 Cal. 4th 622 (Cal. 2013).

Complaint for Damages          9

55.    Defendants had a duty to investigate Mr. McDaniel's claim that he was entitled to release, rather than simply ignore his complaints and continue to detain him.  The 9th Circuit has held that when a jailer is presented with a prisoner's reasonable complaint of overdetention, "[I]f you just sit around and don't do anything, you do run a chance of being responsible."[8]

56.    These duties were breached by Defendants' acts and omissions, including the failure to investigate or release Mr. McDaniel after repeated inquiries by Mr. McDaniel and his attorneys.

57.    These duties were breached by Defendants' acts and omissions, including the failure to release Mr. McDaniel timely after receiving the minute order from Stanislaus County Court which ordered his release.

58.    Defendants' acts and omissions were the cause in fact of Mr. McDaniel's harm because they resulted in his illegal incarceration for 25 days.

59.    As a result of Defendants' acts and omissions, Mr. McDaniel suffered actual, foreseeable harm.

### FOURTH CAUSE OF ACTION
**False Imprisonment**
**(Against All Defendants)**

60.    Plaintiff hereby incorporates all of the above.

61.    "The elements of a tortious claim of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief."[9]

62.    On December 13, 2019, the legal authority to detain Mr. McDaniel expired.

63.    Defendants, however, imprisoned Mr. McDaniel without his consent until January 7, 2020.

---

[8] *Alexander v. Perrill*, 916 F.2d 1392, 1395 (9th Cir. 1990)
[9] *Lyons v. Fire Ins. Exch.*, 74 Cal. Rptr. 3d 649, 655 (Ct. App. 2008).

Complaint for Damages                    10

64.    Defendants thus falsely imprisoned Mr. McDaniel when they unlawfully held him past his release date.

65.    As a result of this false imprisonment, Mr. McDaniel suffered the physical, emotional and pecuniary damages as described above and below.

## FIFTH CAUSE OF ACTION
### *Monell* and Failure to Train and Supervise
### (Against Defendants DIAZ and DIRKSE only)

66.    Defendants DIAZ and DIRKSE had a duty arising under the Fourteenth Amendment to the United States Constitution to adequately train, supervise and discipline all prison and jail personnel in order to prevent overdetention of prisoners.

67.    Defendants were deliberately indifferent to their duties to properly train, discipline and supervise the jail staff.

68.    Defendants declined to implement sufficient training, sufficient policies, or any legitimate mechanism for oversight or punishment of officers and agents.

69.    The Sheriff's office's practice and policy of indefinitely holding inmates who they know should be free demonstrates a pattern or policy of overdetention.

70.    CDCR's statement that it would take an additional five to seven business days to process Mr. McDaniel's release, even after receiving the court's order requiring immediate release, demonstrates a pattern or policy of overdetention.

71.    As a result of Defendants actions and omissions, including their failure to train, supervise and discipline staff, Mr. McDaniel was overdetained.

## SIXTH CAUSE OF ACTION
### Vicarious Liability
### (Against Defendants DIAZ AND DIRKSE only)

72.    While committing the misconduct alleged in the preceding paragraphs, some Defendants and others were employees, members, and agents of the CDCR within the scope of their employment.

Complaint for Damages                 11

73. Defendant DIAZ in his official capacity as Secretary for the CDCR is therefore liable as a principal for all torts committed by his agents.

74. While committing the misconduct alleged in the preceding paragraphs, some Defendants and others were employees, members, and agents of the SCSD within the scope of their employment.

75. Defendant DIRKSE in his official capacity as Sheriff of Stanislaus County is therefore liable as a principal for all torts committed by his agents.

## JURY DEMAND

76. Plaintiff demands a jury trial on all issues so triable.

## RELIEF REQUESTED

77. Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

   a. Declaratory relief;

   b. Compensatory damages, including both general and special damages;

   c. Exemplary and/or punitive damages;

   d. Attorney's fees and expenses under 42 U.S.C. § 1988(b); and

   e. Such other relief, including injunctive relief, as may be just or proper.

   Respectfully submitted,

William Most (CA Bar No. 279100)
Law Office of William Most, L.L.C.
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
(504) 509-5023
williammost@gmail.com

Dan Roth (CA Bar No. 270569)
Law Office of Dan Roth
803 Hearst Ave.
Berkeley, CA 94710
(510) 849-1389
dan@drothlaw.com

Complaint for Damages                    12