UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MCDANIEL , <br><br> Plaintiff(s), <br><br> v. <br><br> RALPH DIAZ, ET AL., <br><br> Defendant(s). _____/ | No.  1:20−CV−00856−NONE−SAB <br><br> ORDER SETTING MANDATORY SCHEDULING CONFERENCE <br><br> DATE: September 11, 2020 <br> TIME: 11:00 AM <br> CTRM: #9 (6th Floor) <br><br> STANLEY A. BOONE <br> U.S. MAGISTRATE JUDGE |

Rule 16 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") requires the Court to enter a Scheduling Conference Order within 90 days of the date of the complaint being served upon the defendant.[1]  Therefore, it is ordered that all parties attend a formal Scheduling Conference before United States Magistrate Judge Stanley A. Boone, in Courtroom 9 at the United States Courthouse, 2500 Tulare Street, Fresno, CA 93721.

The Court is unable to conduct a Scheduling Conference until the defendant has been served with the summons and complaint.  Accordingly, the plaintiff shall diligently pursue service of the summons and complaint and dismiss those defendants against whom plaintiff will not pursue claims. The plaintiff shall promptly file proofs of service of the summons and complaint so the Court has a record of service.  Counsel are referred to Fed. R. Civ. P. 4, regarding the requirement of timely

/////

---

[1] This order will refer to the parties in the singular regardless of the number of parties listed in the complaint.

service of the complaint. Failure to timely serve the summons and complaint may result in the imposition of sanctions, including dismissal of unserved defendants.

Due to the mandates of Rule 16, the Court will serve this Order upon counsel for the plaintiff before appearances of the defendant are due. Furthermore, the Court will order counsel for the plaintiff to serve a copy of this Order on the defendant, or, if identified, on their counsel, **promptly** upon receipt of this Order, and to file an appropriate proof of such service with the Court, in compliance with Rule 135(a) of the Local Rules for the Eastern District of California.

Attendance at the Scheduling Conference is *mandatory* for all parties. Parties may appear by their counsel, if represented. If a party is not represented by counsel, they must appear personally at the Scheduling Conference. Only counsel who are thoroughly familiar with the facts and the law of the instant case and who have full authority to bind his or her client shall appear. Trial counsel should participate in this Scheduling Conference whenever possible. Counsel should plan to spend up to thirty (30) minutes in this Scheduling Conference.

A Joint Scheduling Report, carefully prepared and executed by all counsel/pro se parties shall be electronically filed in CM/ECF, one (1) full week prior to the Scheduling Conference.

If any party fails to participate in preparing the Joint Scheduling Report, the non−offending party shall detail the party's effort to get the offending party to participate in the Joint Scheduling Report. The non−offending party shall still file the report one (1) full week prior to the Mandatory Scheduling Conference and shall list the non−offending party's proposed dates. Absent good cause, the dates proposed by the non−offending party will be presumed to be the dates offered by the parties. The offending party may be subject to sanctions, including monetary sanctions to compensate the non−offending party's time and effort incurred in seeking compliance with this Scheduling Order.

For reference purposes, the Court requires that the Joint Scheduling Report indicate the date, time, and courtroom of the Scheduling Conference. This information is to be placed opposite the caption on the first page of the Report.

Among other things, counsel will be expected to discuss the possibility of settlement. Counsel are to thoroughly discuss settlement before undertaking the preparation of the Joint Scheduling Report and engaging in extensive discovery. However, even if settlement negotiations are progressing, counsel

are expected to comply with the requirements of this Order unless otherwise excused by the Court. If the entire case is settled, please **promptly** inform the Court, and counsel's presence, as well as the Joint Scheduling Report, will not be required.  **Counsel may request that their attendance be by telephonic conference.**  If one or more parties wish to appear telephonically, counsel shall contact Mamie Hernandez, Courtroom Deputy Clerk, at (559) 499–5672, sufficiently in advance of the conference so that a notation can be placed on the court calendar.  The Courtroom Clerk will provide counsel with the **toll–free teleconference number** and **teleconference code** for the call. **Additionally, counsel are directed to indicate on the face page of their Joint Scheduling Report that the conference will be telephonic.**

### Form and Contents of the Joint Scheduling Report

At least twenty (20) days prior to the Mandatory Scheduling Conference, trial counsel for all parties shall conduct and conclude a conference at a time and place mutually agreed upon.  This should preferably be a personal conference between all counsel but, due to the distances involved in this District, a telephonic conference call involving all counsel/pro se parties is permissible. The Joint Scheduling Report shall respond to the following items by corresponding numbered paragraphs:

1. Summary of the factual and legal contentions set forth in the pleadings of each party, including the relief sought by any party presently before the Court.

2. A proposed deadline for amendments to pleadings shall be included.  Any proposed amendment to the pleadings presently on file shall be filed by its proponent contemporaneously with the Scheduling Conference Report.  If the matter cannot be resolved at the Scheduling Conference, the matter will be set as a motion to amend in accordance with the Local Rules of the Eastern District of California.

3. A summary detailing the uncontested and contested facts.

4. A summary of the legal issues as to which there is no dispute, e.g., jurisdiction, venue, applicable federal or state law, etc., as well as summary of the disputed legal issues.

5. The status of all matters which are presently set before the Court, e.g., hearings of motions, etc.

3

6. A complete and detailed discovery plan addressing the following:

    a. A date for the exchange of initial disclosures required by Fed. R. Civ. P. 26(a)(1) or a statement that disclosures have already been exchanged;

    b. A firm cut−off date for non−expert discovery;

    c. A firm date for disclosure of expert witnesses as required by Fed. R. Civ. P. 26(a)(2);

    d. A firm cut−off date for expert witness discovery;

    e. Any proposed changes in the limits on discovery imposed by Fed. R. Civ. P. 26(b); 30(a)(2)(A), (B); 30(d); or 33(a);

    f. Whether the parties anticipate the need for a protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information;

    g. Any issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery;

    h. Whether the parties anticipate the need to take discovery outside the United States and, if so, a description of the proposed discovery; and

    i. Whether any party anticipates video and/or sound recording of depositions.

The discovery/expert cut−off deadlines are the dates by which all discovery must be completed. Discovery motions will not be heard after the discovery deadlines. Moreover, absent good cause, the Court will only grant relief on a discovery motion if the relief requested requires the parties to act before the expiration of the relevant discovery deadline. In other words, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadlines to permit time for a response, time to meet and confer, time to prepare, file and hear a motion to compel and time to obtain relief on a motion to compel. Counsel are expected to take these contingencies into account when proposing discovery deadlines. All of these dates should be considered firm dates.

7. Dates agreed to by all counsel for:

    a. Filing non−dispositive and dispositive pre−trial motions with the understanding that motions (except motions in *limine* or other trial motions) will not be entertained after

/////

4

the agreed upon date, which shall be no later than ten (10) weeks prior to the proposed Pre–Trial Conference date.

    b. Pre–Trial Conference Date. (This date shall be no later than forty–five (45) days prior to the proposed trial date.)

    c. Trial date.

All of these dates should be considered firm dates. Dates should be set to allow the Court to decide any matters under submission before the Pre–Trial Conference is set.

8. The parties are encouraged to discuss settlement, and must include a statement in the Joint Scheduling Report as to the possibility of settlement. The parties shall indicate when they desire a settlement conference, e.g., before further discovery, after discovery, after pre–trial motions, etc.

9. A statement as to whether the case is a jury or non–jury case. If the parties disagree as to whether a jury trial has been timely demanded or whether one is available on some or all of the claims, the statement shall include a summary of each party's position.

10. An estimate of the number of trial days is required. If the parties cannot agree, each party shall give his or her best estimate. In estimating the number of trial days, the parties should keep in mind that this court is normally able to devote the entire day to trial.

11. Whether the parties intend to consent to proceed before a United States magistrate judge. Presently, when a civil trial is set before the district judges in the Fresno Division, any criminal trial set which conflicts with the civil trial will take priority, even if the civil trial was set first. Continuances of civil trials under these circumstances may no longer be entertained, absent good cause, but the civil trial may instead <u>trail</u> from day to day or week to week until the completion of either the criminal case or the older civil case. The parties are advised that they are free to withhold consent or decline magistrate jurisdiction without adverse substantive consequences.

12. Whether either party requests bifurcation or phasing of trial or has any other suggestion for shortening or expediting discovery, pre–trial motions or trial.

13. Whether this matter is related to any matter pending in this court or any other court, including bankruptcy court.

/////

**Additional Requirements**

1. Discovery Relating to Electronic, Digital and/or Magnetic data. Prior to a Fed. R. Civ. P. 26(f) conference, counsel should carefully investigate their respective client's information management system so that they are knowledgeable as to its operation, including how information is stored and how it can be retrieved. Counsel shall also conduct a reasonable review of their respective client's computer files to ascertain the contents thereof, including archival and legacy data (outdated formats or media), and disclose in initial discovery (self–executing routine discovery) the computer–based evidence which may be used to support claims or defenses. A party seeking discovery of computer–based information shall notify the opposing party immediately, but no later than the Fed. R. Civ. P. 26(f) conference, of that fact and identify as clearly as possible the categories of information which may be sought.

2. Duty to Meet and Confer. The parties shall meet and confer regarding the following matters during the Fed. R. Civ. P. 26(f) conference:

   a. <u>Computer–based information (in general)</u>: The parties shall attempt to agree on steps the parties will take to segregate and preserve computer–based information in order to avoid accusations of spoilation.

   b. <u>E–mail information</u>: The parties shall attempt to agree as to the scope of e–mail discovery and attempt to agree upon an e–mail search protocol. This should include an agreement regarding inadvertent production of privileged e–mail messages.

   c. <u>Deleted information</u>: The parties shall confer and attempt to agree whether or not restoration of deleted information may be necessary, the extent to which restoration of deleted information is needed, and who will bear the costs of restoration; and

   d. <u>Back–up data</u>: The parties shall attempt to agree whether or not back–up data may be necessary, the extent to which back–up data is needed and who will bear the cost of obtaining back–up data.

/////

/////

/////

**Timing of the Mandatory Scheduling Conference**

The Scheduling Conference is set at the time the summonses are issued in the action. However, the Court is aware that in some situations the case is not procedurally in the posture for the Scheduling Conference to be held on the date initially set. Such situations include, but are not limited to, those in which all defendants have not yet been served or have not filed an answer to the complaint, the defendant has defaulted, or where there is a pending motion to dismiss. If the circumstances in this action are such that it would serve the purpose of conserving the resources of the parties and the court to continue the Scheduling Conference, it is the parties' responsibility to so inform the Court prior to the date on which the Joint Scheduling Report is due. If upon review of the Joint Scheduling Report, the Court determines that the case is not procedurally in a posture for the Scheduling Conference to be held, the Court will sua sponte continue the Scheduling Conference for an appropriate time.

**Important Chambers' Information**

The parties are directed to the Court's website at www.caed.uscourts.gov under **Judges; Boone (SAB); Standard Information (in the area entitled "Case Management Procedures")** for specific information regarding Chambers' procedures. Information about law and motion, scheduling conferences, telephonic appearances, and discovery disputes is provided at this link.

**Should counsel or a party appearing pro se fail to appear at the Mandatory Scheduling Conference, or fail to comply with the directions as set forth above, an ex parte hearing may be held and contempt sanctions, including monetary sanctions, dismissal, default, or other appropriate judgment, may be imposed and/or ordered.**

   /s/ STANLEY A. BOONE  
UNITED STATES MAGISTRATE JUDGE