# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MCDANIEL,<br><br>   Plaintiff,<br><br>  v.<br><br>RALPH DIAZ, et al.,<br><br>   Defendants. | Case No. 1:20-cv-00856-NONE-SAB<br><br>ORDER REQUIRING DEFENDANTS TO FILE A STATEMENT OF NON-OPPOSITION OR STATEMENT OF INTENT TO FILE AN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND ON OR BEFORE SEPTEMBER 10, 2020<br><br>(ECF Nos. 10, 15, 16) |

Plaintiff filed this action on June 22, 2020, against Defendants Ralph Diaz, Jeff Dirske, the California Department of Correction and Rehabilitation, and the Stanislaus County Sheriff's Department ("Defendants"). (ECF No. 1.) On August 21, 2020, Defendant Jeff Dirske ("Dirske") filed a motion to dismiss, set for hearing before the undersigned on September 30, 2020. (ECF No. 10.) On August 24, 2020, the Court continued the scheduling conference in this matter until January 12, 2021. (ECF No. 11.) On August 25, 2020, pursuant to the parties' stipulation, the Court extended the time for Defendant Ralph Diaz to file a responsive pleading until September 28, 2020. (ECF No. 13.)

On September 4, 2020, Plaintiff filed a motion to amend the complaint with a hearing on the motion set before the undersigned for October 7, 2020. (ECF No. 15.) On September 4, 2020, Plaintiff also filed an *ex parte* motion for an extension of time to respond to Defendant Dirske's motion to dismiss. (ECF No. 16.) Plaintiff's *ex parte* motion requests an extension of time because Plaintiff's opposition to Defendant Dirske's motion to dismiss is currently due on

1 September 16, 2020, and the filing of an amended complaint would render Defendant Dirske's
2 motion to dismiss moot.  (Id.)

3   Although Plaintiff's motion to amend does not indicate whether Defendant opposed the
4 filing of an amended complaint, Plaintiff's *ex parte* motion indicates Defendant Dirske's counsel
5 declined a settlement offer, and stated Defendant would proceed with the motion to dismiss, but
6 it is somewhat unclear whether Defendant opposed an amendment of the pleadings, or if they
7 could oppose an amendment, as discussed below.  (ECF No. 16-1 at 1-2.)

8   Pursuant to the Rule 15, a "party may amend its pleading once as a matter of course
9 within . . . (B) if the pleading is one to which a responsive pleading is required, 21 days after
10 service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),
11 whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(B); see also Fed. R. Civ. P. 15(a)(2) ("In all other
12 cases, a party may amend its pleading only with the opposing party's written consent or the
13 court's leave.  The court should freely give leave when justice so requires.").  Once an amended
14 pleading is filed as a matter of course, the previous complaint is superseded, and any motion to
15 dismiss the previous complaint would be rendered moot.  See Lennar Mare Island, LLC v.
16 Steadfast Ins. Co., No. 216CV00291KJMKJN, 2016 WL 9244210, at *1 (E.D. Cal. Apr. 26,
17 2016) (denying motion to dismiss as moot after an amended complaint was filed as a matter of
18 course within 21 days after the filing of the motion to dismiss, because an amended complaint
19 supersedes the original complaint).

20   No scheduling conference has occurred and no deadline for amending the pleadings has
21 been set yet.  To the Court, there does not appear to be any apparent restriction on Plaintiff's
22 ability to simply file an amended complaint as a matter of course, as the 21 day period under
23 Rule 15 has not expired.  Fed. R. Civ. P. 15(a)(1)(B); but see Woodard v. Compton, 531 F. Supp.
24 2d 1228, 1231 (C.D. Cal. 2008) (noting the right to amend as a matter of course is not absolute).
25 Defendant Dirske's motion to dismiss would then be moot.  However, given Plaintiff has only
26 filed a motion for leave to amend at this point, that is not the current posture of the action.  The
27 Court shall order Defendants to file a statement of non-opposition to Plaintiff's motion to amend,
28 or a statement indicating whether they intend to file an opposition to the motion to amend by the

current deadline imposed by the Local Rules for the filing of an opposition.

Accordingly, IT IS HEREBY ORDERED that on or before **September 10, 2020**, Defendants shall file either a statement of non-opposition to Plaintiff's motion to amend, or a statement indicating their intent to file an opposition to Plaintiff's motion to amend.

IT IS SO ORDERED.

Dated:   **September 9, 2020**

UNITED STATES MAGISTRATE JUDGE