# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MCDANIEL,<br><br>    Plaintiff,<br><br>    v.<br><br>RALPH DIAZ, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00856-NONE-SAB<br><br>ORDER RE STIPULATION TO FILE SECOND AMENDED COMPLAINT<br><br>(ECF Nos. 27, 29)<br><br>TWO DAY DEADLINE |

David McDaniel ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 22, 2020. On September 29, 2020, a motion to dismiss was filed which was referred to the undersigned for the preparation of findings and recommendations. (ECF Nos. 27, 28.) On October 12, 2020, the parties filed a stipulation for a second amended complaint to be filed and for the pending motion to dismiss to be applied to the second amended complaint and the hearing on the motion to dismiss to be continued to December 9, 2020. (ECF No. 29.)

The Court shall grant the stipulation to extent that the parties have agreed that Plaintiff may file a second amended complaint. However, the motion to dismiss refers to specific paragraphs identifying how Plaintiff's claims are deficient. Upon review of the second amended the complaint, the allegations in the paragraphs have changed. For example, Defendant argues that the complaint alleges at paragraph 58 that the defendants violated his Fourteenth Amendment rights by detaining him after the legal authority to do so had expired. (ECF No. 27-

1

1 at 9.)  But the paragraph 58 of the second amended complaint states "Plaintiff hereby incorporates all of the above."  (ECF No. 29-1 at 9.)  The motion to dismiss states that paragraph 59 alleges that defendants failed to investigate his claims that he was lawfully entitled to release, but paragraph 59 of the second amended complaint states, "A prisoner has a 'due process right to be released within a reasonable time after the reason for his detention [has] ended.'  And prison officials have a corresponding duty to investigate a prisoner's claim that he is entitled to release."  Defendants contend that paragraph 81 of the complaint alleges that the defendants were deliberately indifferent to their duties to properly train, discipline, and supervise jail staff.  (ECF No. 27-1 at 15.)  But paragraph 81 of the second amended complaint states, "As a result of this false imprisonment, Mr. McDaniel suffered the physical, emotional and pecuniary damages as described above and below."  (ECF No. 29-1 at 12.)

Due to the changes in the allegations in the second amended complaint, the defendant shall be required to refile the motion to dismiss.  The motion to dismiss that is filed should be corrected to address the allegations in the second amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. The stipulation to file a second amended complaint is GRANTED;
2. Plaintiff shall file a second amended complaint within **two (2) days** of the date of entry of this order; and
3. The stipulation for the motion to dismiss to apply to the second amended complaint and continue the hearing on the motion is DENIED.

IT IS SO ORDERED.

Dated:   **October 13, 2020**

UNITED STATES MAGISTRATE JUDGE