1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**RIVERA HEWITT PAUL LLP**
11341 Gold Express Drive, Suite 160
Gold River, California 95670

Tel: 916-922-1200 Fax: 916 922-1303

Shanan L. Hewitt, SBN 200168
shewitt@rhplawyers.com
Jonathan B. Paul, SBN 215884
jpaul@rhplawyers.com
Jill B. Nathan, SBN 186136
jnathan@rhplawyers.com

Attorneys for Defendants
SHERIFF JEFF DIRKSE,
SGT. JOSE SOUSA and
HENRY MENDEZ

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID MCDANIEL,

        Plaintiff,

vs.

RALPH DIAZ, in his official capacity;
JEFF DIRKSE, in his individual and
official capacity; RHONA DELACRUZ;
JOSEPH GUERRERO; JOSE SOUSA;
HENRY MENDEZ; CALIFORNIA
DEPARTMENT OF CORRECTION AND
REHABILITATION DOES 1-10; and
STANISLAUS COUNTY SHERIFF'S
DEPARTMENT DOES 1-5,

        Defendants.

CASE NO: 1:20-cv-00856-NONE-SAB

**DEFENDANTS DIRKSE, SOUSA AND MENDEZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Hearing Date: December 9, 2020
Time:      10 a.m.
Courtroom:  9
Judge:     Hon. Stanley Boone

TELEPHONIC APPEARANCE REQUESTED

# TABLE OF CONTENTS

I.    INTRODUCTION.................................................................................................... 1

II.   SUMMARY OF THE ALLEGATIONS IN COMPLAINT................................. 1

III.  LEGAL STANDARD............................................................................................ 3

IV.   ARGUMENT ......................................................................................................... 4

   A. Plaintiff's First Cause of Action Fails as The SAC Does Not State a Fourteenth
      Amendment Claim Against the County Defendants. ............................................. 4

   B. Plaintiff's Fifth Cause of Action Fails to State a 42 U.S.C. Section 1983 Claim Against
      Sheriff Dirkse. ...................................................................................................... 8

   C. Sheriff Dirkse, Sgt. Jose Sousa and Henry Mendez are Entitled to Qualified Immunity..... 11

   D. Plaintiff Failed to Comply with the California Tort Claims Act Which is Fatal to
      His State Law Claims............................................................................................ 12

   E. Plaintiff's Second Cause of Action Fails to Allege Facts Sufficient to State a Claim as
      No Damages are Available under Article 1, Section 7 of the California Constitution. ........ 14

   F. Plaintiff's Third and Fourth Causes of Action Fail to Allege Facts Sufficient to State a
      Claim Against The County Defendants. ................................................................ 14

   G. Plaintiff's Sixth Cause of Action Fails as California Government Code Section 820.8
      Immunizes Sheriff Dirkse from Vicarious Liability ............................................ 17

   H. Plaintiff Fails to Allege Facts Sufficient to State a Claim for Punitive Damages Against
      Sheriff Dirkse, Sgt. Sousa and Henry Mendez .................................................... 18

V.   CONCLUSION...................................................................................................... 18

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB                    i

**TABLE OF AUTHORITIES**

<u>**CASES**</u>

Alston v. County of Sacramento,
2:11–cv–2281, 2012 WL 2839825, at * 4 (E.D. Cal. July 10, 2012) ......................................... 5, 9

Anderson v. Creighton, 483 U. S. 635, 640 (1987) ............................................................... 11, 12

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ........................................................... 3, 5, 10, 15

Ashcroft v. al-Kidd, 563 U.S. 731, 742 (2011) ........................................................................ 11

Baker v. McCollan, 443 U.S. 137 (1979) ................................................................................... 6

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) ............................................... 3, 10

Blankenhorn v. City of Orange, 485 F.3d 463, 484–85 (9th Cir.2007) ...................................... 9

Board of Comm'rs of Bryan County v. Brown, 520 U.S. 397, 410 (1997) ................................ 10

Bull v. City & County of San Francisco, 595 F.3d 964, 981 (9th Cir. 2010) ............................. 9

City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989) ....................................................... 10

City of Okla. v. Tuttle (Tuttle), 471 U.S. 808, 823–24 (1985) .................................................... 9

Connick v. Thompson, 131 S. Ct. 1350, 1360 (2011) ............................................................... 10

Cortez v. County of Los Angeles, 294 F.3d 1186, 1189 (9th Cir.2002) ................................... 8, 9

Estelle v. Gamble, 429 U.S. 97, 106 (1976) ............................................................................... 6

Harlow v. Fitzgerald, 457 U.S. 800, 818-819 (1982) .............................................................. 11

In re Century Aluminum Co. Securities Litigation,
729 F.3d 1104, 1108 (9th Cir. 2013)......................................................................................... 3, 8

Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).................................................... 4, 8

Javor v. Taggart, 98 Cal. App. 4th 795, 807 (Cal. Ct. App. 2002) ........................................ 14

Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir.2001) ................................................................. 5

J.J. v. County of San Diego, 223 Cal.App.4th 1214, 1219 (Cal. Ct. App. 2014........................... 13

Karim–Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir.1988)....................... 4, 13

Katzberg v. Regents of the University of California, 29 Cal. 4th 300, 329 (Cal. 2002)............... 14

Ladd v. Cty. of San Mateo, 12 Cal. 4th 913, 917–18 (Cal. 1996) ........................................... 16

Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir.1991) ............................................... 9

Le Mere v. L.A. Unified School Dist., 35 Cal.App. 5th 237, 246 (Cal. Ct. App. 2019)  ............. 13

Malley v. Briggs, 475 U.S. 335, 341 (1986) ............................................................................ 11

Mangold v. California Pub. Utilis. Comm'n., 67 F.3d 1470, 1477 (9th Cir.1995) ....................... 12

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

ii

*Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) ............................................. 3, 8, 9, 11

*Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) ....................................................................... 11, 12

*Newport v. Fact Concerts*, 453 U.S.  247, 266-67 (1981) ........................................................... 18

*Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1473–74 (9th Cir.1992)......................... 8

*Papasan v. Allain*, 478 U.S. 265, 286 (1986).................................................................... 3-4, 10

*Parker v. Fid. Sec. Life Ins. Co.*,
2006 U.S. Dist. LEXIS 56724 at *19 (E.D. Cal. 2006) ................................................................ 18

*Saucier v. Katz*, 533 U.S. 194 (2001) ........................................................................................ 11

*State of California v. Superior Court (Bodde)*,
32 Cal.4th 1234, 1239, 1243 (Cal. 2004)..................................................................................... 13

*Streit v. County of Los Angeles*, 236 F.3d 552, 561–63 (9th Cir.2001)........................................ 9

*Sullivan v. County of Los Angeles*, 12 Cal. 3d 710, 527 P.2d 865 (1974)................................... 15

*Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).................................................................... 5

*Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989) ....................................... 9

*Weaver v. State of California*, 63 Cal. App.4th 188, 202-03 (Cal. Ct. App. 1998) ...................... 17

*West v. Tillman*, 496 F.3d 1321, 1327 (11th Cir. 2007)............................................................... 6

*White v. Pauly*, 137 S. Ct. 548, 551 ..................................................................................... 11, 12

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) .................................. 18

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

iii

**TABLE OF AUTHORITIES (Cont'd)**

**STATUTES**

42 U.S.C. Section 1983 ............................................................................ 3, 4, 5, 6, 8, 9, 12

Cal. Gov. Code § 815.2 ......................................................................................................... 15

Cal. Gov. Code § 820 ............................................................................................................ 15

Cal. Gov. Code § 820.4 ......................................................................................................... 15

Cal. Gov. Code § 820.8 ................................................................................................... 15, 17

Cal. Gov. Code § 905 ............................................................................................................ 12

Cal. Govt. Code § 911.2 ........................................................................................................ 12

Cal. Gov. Code § 945.4 ......................................................................................................... 12

Cal. Gov. Code § 950.2 ......................................................................................................... 12

Cal. Penal Code § 2690.5 .................................................................................................... 6, 7

**RULES**

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 1, 3, 10, 18

**U.S. CONSTITUTION**

Fourteenth Amendment ................................................................................... 3, 4, 5, 6, 8, 11

**CALIFORNIA CONSTITUTION**

Cal. Const., Article I, § 7 .................................................................................................. 3, 14

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

iv

## I.     INTRODUCTION

Plaintiff DAVID MCDANIEL sues defendants RHONA DELACRUZ, JOSEPH GUERRERO, TANIA BROWN, AMBER STEELE-HICKS, BRANDY SMITH, ELIJAH PRUITT, and NICHELLE HARRINGTON from the California Department of Corrections & Rehabilitation ("CDCR Defendants"), and Sheriff JEFF DIRKSE, Sgt. JOSE SOUSA, and HENRY MENDEZ from the Stanislaus County Sheriff's Department ("County Defendants"). Plaintiff alleges a constitutional violation and state torts arising from his detention after a court appearance on a criminal case in which plaintiff entered a plea agreement and was sentenced to time served by a Stanislaus County Superior Court judge. At the time, Plaintiff MCDANIEL was a CDCR prisoner being temporarily held at the Stanislaus County Jail while out to court for criminal case proceedings. The County Defendants now move to dismiss Plaintiff's Second Amended Complaint (Doc. 31) pursuant to Federal Rules of Civil Procedure 12(b)(6).

## II.     SUMMARY OF THE ALLEGATIONS IN COMPLAINT

Plaintiff David McDaniel was initially arrested in connection with Stanislaus County Superior Court Case Number 1480530 on October 31, 2014. See Declaration of Shanan L. Hewitt in Support of Motion to Dismiss the Second Amended Complaint, Exh. A: Second Amended Complaint ("SAC") at ¶ 20. On February 16, 2016, Plaintiff was charged in case number 1480530 with ten counts of robbery with special allegations based on several prior convictions and two prior convictions eligible for sentencing enhancements. SAC at ¶ 21. The case proceeded to trial and plaintiff was convicted of multiple counts, except one. In May 2017, the court sentenced plaintiff to an indeterminate sentence of 125 years to life in prison and an indeterminate sentence of 25 years. SAC at ¶¶ 22 and 23. He was admitted to California State Prison, Solano on or around May 30, 2017. SAC at ¶ 24. He appealed his conviction and the Court of Appeal remanded the case back to Stanislaus County Superior Court. SAC at ¶ 25.

On October 24, 2019, Stanislaus County Superior Court Judge Nancy Ashley signed an order on case number 1480530 commanding CDCR to deliver Plaintiff McDaniel to the Sheriff of Stanislaus County for further court proceedings. SAC at ¶ 26.  Judge Ashley ordered the Stanislaus County Sheriff to "obtain custody of [McDaniel], transport [him] and produce him at the Stanislaus

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

1

1    County Jail to hold him in custody pending completion of the proceedings in this action [criminal

2    case no. 1480530] and then return him to the custody of the Department of Corrections." See

3    Request for Judicial Notice and Declaration of Shanan L. Hewitt in Support of Motion to Dismiss

4    the Second Amended Complaint, Exh. B: Declaration and Order for Production From California

5    State Prison, filed October 24, 2019, Case No. 1480530 (filed concurrently herewith). On

6    November 13, 2019, CDCR Defendant Rhona Delacruz placed a CDCR detainer on Plaintiff. SAC

7    at ¶ 27.  The CDCR detainer was based on case number 1480530 which had been reversed and

8    remanded by the Court of Appeal. SAC at ¶ 28.  On November 21, 2019, Plaintiff was transferred

9    out to court from CDCR to the Stanislaus County Jail for further criminal case proceedings and

10   CDCR provided the CDCR detainer for Plaintiff McDaniel to Stanislaus County. SAC at ¶¶ 29,

11   30.

12           On Friday, December 13, 2019, Plaintiff McDaniel appeared before Stanislaus County

13   Superior Court Judge Nancy Ashley, and he accepted a plea deal offered by the district attorney.

14   Based on the terms of that agreement, he pled no contest to four counts, and the remaining counts

15   and enhancements were dismissed. SAC at ¶ 31. The court sentenced plaintiff to six years in prison

16   for case no. 1480530, which plaintiff had already served, and all parties involved in the December

17   13, 2019 court hearing—the judge, district attorney, plaintiff and his defense attorney—shared the

18   understanding that Plaintiff McDaniel was to be processed, immediately released, and was to

19   report to parole. SAC at ¶¶ 32-35. The court issued a minute order to this effect. SAC at ¶ 34. At

20   the conclusion of the court appearance on Friday December 13, 2019, Plaintiff McDaniel was

21   transported back to the Stanislaus County Jail and a copy of the minute order provided to the

22   Sheriff's Department. SAC at ¶ 38. On December 16, 2019, the court filed the abstract of judgment

23   memorializing the outcome of the December 13, 2019 hearing. SAC at ¶ 35. When McDaniel

24   realized that he was not being released, he informed jail staff daily that the judge had ordered him

25   released. SAC at ¶¶ 39, 43.

26           On December 15, 2019, Defendant Henry Mendez, an employee of the Sheriff's

27   Department, contacted CDCR Defendant Joseph Guerrero who informed Mendez that Plaintiff

28   should be returned to CDCR custody based on the CDCR detainer for case 1480530.  SAC at ¶ 40.

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

2

1    Mendez informed Sheriff's Sgt. Jose Sousa of Guerrero's instructions to return Plaintiff to CDCR

2    custody, and Mendez amd Sousa followed CDCR Defendant Guerrero's instructions and returned

3    Plaintiff to CDCR custody. SAC at ¶ 41. On December 18, 2019, Plaintiff was returned to the

4    California State Prison, Solano where he was incarcerated until his release from custody on

5    January 7, 2020. SAC at ¶¶ 42, 44-53.

6         Plaintiff alleges a Fourteenth Amendment Due Process violation under 42 U.S.C. Section

7    1983; violation of Article I, Section 7 of the California Constitution; negligence; false

8    imprisonment; "*Monell* and Failure to Train and Supervise"; and "Vicarious Liability." Plaintiff

9    also seeks punitive damages against all Defendants, except Sheriff Dirkse. SAC at p.13.

10                          **III.    LEGAL STANDARD**

11        A claim may be dismissed if it does not "state a claim upon which relief can be granted."

12   Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must contain sufficient factual

13   matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

14   556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A

15   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

16   the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  When faced

17   with two possible explanations for events, however, only one of which can be true and only one of

18   which results in liability, plaintiffs must offer more than allegations that are "merely consistent

19   with" their favored explanation but also consistent with the alternative explanation.  *In re Century*

20   *Aluminum Co. Securities Litigation*, 729 F.3d 1104, 1108 (9th Cir. 2013).  To state a "plausible"

21   claim within the meaning of *Iqbal*, plaintiffs must allege facts tending to exclude the possibility

22   that the alternative explanation is true.  *In re Century Aluminum*, 729 F.3d at 1108.  Factual

23   allegations that permit the court to infer no more than the mere possibility of misconduct fail to

24   satisfy Rule 8.  *Iqbal*, 556 U.S. at 679.

25        While the court must accept as true all factual allegations in the complaint, threadbare

26   recitals of the elements of a cause of action, supported by mere conclusory statements, will not

27   suffice.  *Iqbal*, 556 U.S. at 678-79.  The court does not accept as true a legal conclusion couched

28   as a factual allegation.  *Twombly*, 550 U.S. at 555 (*citing Papasan v. Allain*, 478 U.S. 265, 286

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB                    3

1  (1986)). "Vague and conclusory allegations of official participation in civil rights violations are not

2  sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir.

3  1982).

4                                        **IV.   ARGUMENT**

5      **A.      *Plaintiff's First Cause of Action Fails as The SAC Does Not State a Fourteenth
           Amendment Claim Against the County Defendants.***

6

7          In his first cause of action, Plaintiff McDaniel alleges that defendants violated his

8  Fourteenth Amendment rights by detaining him "after the legal authority to hold him expired."

9  SAC at ¶ 60. He further alleges that defendants failed "to investigate his claims that he was lawfully

10 entitled to release." SAC at ¶ 61.  Plaintiff was a CDCR prisoner, transferred to the Stanislaus

11 County Jail for court proceedings pursuant to a court order from Stanislaus County Superior Court

12 Judge Nancy Ashley. SAC at ¶ 26. CDCR placed a detainer on Plaintiff prior to his transfer to

13 Stanislaus County for court proceedings and provided the detainer to Stanislaus County Sheriff's

14 Department. SAC at ¶¶ 27, 28, 30.  On Friday, December 13, 2019, Plaintiff attended a Stanislaus

15 County Superior Court hearing where he was resentenced to time served and ordered released on

16 case number 1480530. SAC at ¶¶ 32, 33. On December 15, 2019, Stanislaus County Sheriff's

17 Department employee Henry Mendez contacted CDCR and spoke with CDCR Defendant Joseph

18 Guerrero who advised Mendez that Plaintiff should be returned to CDCR custody and Plaintiff

19 was returned to California State Prison, Solano on December 18, 2019.  SAC at ¶¶ 40, 41, 42, 44.

20 These allegations are insufficient to state a claim for a Fourteenth Amendment violation against

21 the County Defendants.

22         *Sheriff Dirkse*

23         Plaintiff makes no factual allegations whatsoever to support a Fourteenth Amendment

24 claim against Sheriff Dirkse. "Section 1983 imposes liability upon any person who, acting under

25 the color of state law, deprives another of a federally protected right." *Karim–Panahi v. Los

26 Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir.1988) (citing 42 U.S.C. § 1983).  Under section

27 1983, however, "[a] supervisor may be liable [in his individual capacity] ... only if there exists

28 either: (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

4

1    causal connection between the supervisor's wrongful conduct and the constitutional violation."

2    *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir.2001). Thus, liability against Sheriff Dirkse in his

3    individual capacity cannot be imposed under Section 1983 without a showing of personal

4    participation by him. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

5          The first cause of action contains only boilerplate, conclusory allegations against Sheriff

6    Dirkse which are insufficient under *Iqbal* pleading standards. 556 U.S. 678-69. In *Ashcroft v.*

7    *Iqbal*, the U.S. Supreme Court addressed the issue of supervisor liability in the context of 42 U.S.C.

8    Section 1983. 556 U.S. 662, 675–78 (2009). The Court noted that since "[g]overnment officials

9    may not be held liable for the unconstitutional conduct of their subordinates...a plaintiff must plead

10   that each Government-official defendant, through the official's own individual actions, has

11   violated the Constitution." *Id*. at 676; *see also Alston v. County of Sacramento*, 2:11–cv–2281,

12   2012 WL 2839825, at * 4 (E.D. Cal. July 10, 2012) recommendation adopted in 2012 WL 3205142

13   (E.D. Cal. Aug. 3, 2012) (granting motion to dismiss defendant supervisors as not present for the

14   alleged constitutional violation and did not personally participate in the detention).  In *Iqbal*, the

15   Court rejected the argument that "a supervisor's mere knowledge of his subordinate's" actions is

16   sufficient to allege section 1983 liability against a supervisor. *Id*. at 677. Rather, a plaintiff must

17   allege some facts indicating defendant's own participation in the alleged constitutional

18   deprivation.

19         Plaintiff has failed to allege that the Sheriff Dirkse made or ratified any decisions

20   concerning Plaintiff's temporary out-to-court detention at the Stanislaus County Jail.  Indeed, there

21   are no allegations that Dirkse personally had any dealings with Plaintiff McDaniel, was present,

22   or had any involvement in Plaintiff's temporary jail detention or transfer back to CDCR custody.

23   Accordingly, Plaintiff's first cause of action against Sheriff Dirkse must be dismissed.

24         *County Defendants Henry Mendez and Sgt. Sousa*

25         It appears that Plaintiff is alleging a Fourteenth Amendment substantive due process claim

26   against County Defendants Henry Mendez and Sgt. Jose Sousa. These County Defendants

27   committed no due process violations in this case.

28   ///

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

5

While no case directly on point has been identified, cases alleging wrongful detention with somewhat similar facts have addressed Fourteenth Amendment due process claims. In *West v. Tillman*, jail inmates brought suit against a sheriff and jail employees alleging Fourteenth Amendment due process violations when the jail failed to properly process court orders authorizing their release from custody. 496 F.3d 1321, 1327 (11th Cir. 2007) (per curiam). As the Court explained, the Fourteenth Amendment analysis for over-detention of inmates requires a plaintiff to demonstrate that the defendant acted with deliberate indifference to his or her due process rights. *Id*. at 1327.  In *West v. Tillman*, the Court ultimately ruled that, at most, the defendants had been negligent in failing to carry out their duties and found no Fourteenth Amendment violation. *Id*.

In *Baker v. McCollan*, the Supreme Court held that a plaintiff, who was arrested on a valid warrant and detained in jail for three days despite his protests of mistaken identity, failed to state a due process claim against the county sheriff under the Fourteenth Amendment. 443 U.S. 137 (1979). The Court held that

> Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles. Just as "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner," false imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official.

> *Id*. at 146, *citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The facts in the instant case are somewhat different from these cases since Plaintiff McDaniel was in fact a CDCR prisoner being temporarily held at the Stanislaus County Jail ("out to court") solely for criminal case proceedings. Under such circumstances, the California Penal Code makes clear that a CDCR prisoner remains a CDCR prisoner even when ordered out to court and temporarily held at the county jail. California Penal Code section 2690.5 states, in pertinent part:

> (a) The superior court of the county in which a requesting district attorney or peace officer has jurisdiction may order the temporary removal of a prisoner from a state prison facility, and his or her transportation to a county or city jail, if a legitimate law enforcement purpose exists to move the prisoner. An order for the temporary removal of a prisoner may be issued, at the discretion of the court, upon a finding of good cause in an affidavit by the requesting district attorney or peace officer stating that the law

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

6

1    enforcement purpose is legitimate and necessary.

2    ***

3    (e) If a prisoner is removed from a state prison facility pursuant to an order in accordance
     with this section, the prisoner shall remain at all times in the constructive custody of the
4    warden of the state prison facility from which the prisoner was removed….

5    Cal. Penal Code § 2690.5.

6    Plaintiff alleges that he was a CDCR prisoner, and CDCR placed a detainer on him which it

7    provided to the Stanislaus County Sheriff's Department when transferred to the Stanislaus County

8    Jail for court proceedings. SAC at ¶¶ 26-30. After the Stanislaus County Superior Court hearing

9    on December 13, 2019, Stanislaus County Sheriff's Department employee Henry Mendez

10   contacted CDCR on December 15, 2019. SAC at ¶¶ 33, 41. At that time, CDCR Official Joseph

11   Guerrero advised Mendez that Plaintiff *should be returned* to CDCR custody; as a result, Plaintiff

12   was transported to California State Prison, Solano on December 18, 2019.  SAC at ¶¶ 40, 41, 42,

13   44. Plaintiff further alleges that Henry Mendez informed Stanislaus County Sgt. Jose Sousa of

14   CDCR's instructions to return Plaintiff to CDCR custody, and Mendez and Sousa followed

15   CDCR's instructions and returned Plaintiff to CDCR custody on December 18, 2019. SAC at ¶¶

16   41, 42, 44.

17        There are fundamental problems with Plaintiff's allegations against the County

18   Defendants. To the extent that Plaintiff alleges Defendants Mendez and Sousa should have

19   released Plaintiff from the jail without returning him to CDCR custody after his court hearing in

20   Stanislaus County, the SAC fails to allege that Mendez or Sousa subjectively knew that their acts

21   would lead to wrongful detention or that they disregarded any such risk. Plaintiff was a CDCR

22   prisoner and was to be processed for release on parole. SAC at ¶¶ 32-35.  The County Defendants'

23   actions in following CDCR's directive to return the Plaintiff, a CDCR prisoner, to CDCR custody

24   after the superior court resentenced Plaintiff and ordered him to be released on parole does not

25   constitute a constitutional violation by County Defendants. The superior court's October 24, 2019

26   order also specifically commanded the Sheriff to return Plaintiff McDaniel back to CDCR custody

27   at the conclusion of the court proceedings. The County Defendants followed that order. (See

28   Defendant's Exh. B and Request for Judicial Notice).

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB                              7

Furthermore, the fact that the Stanislaus County Superior Court Judge ordered Plaintiff McDaniel sentenced to time served and released on parole for one criminal case (case no. 1480530) does not address the possibility that Plaintiff was serving prison time in CDCR for other convictions outside the jurisdiction of Stanislaus County. If Plaintiff was serving sentence(s) in CDCR custody for criminal case(s) besides Stanislaus County Case No. 1480530, Plaintiff would necessarily be returned to CDCR custody to continue serving the other sentence(s). The SAC is silent on this issue: there are no allegations in the SAC to indicate the County Defendants knew or should have known that case no. 1480530 was the only prison sentence Plaintiff was serving in CDCR. When there are two possible explanations for events, only one of which can be true and only one of which results in liability, plaintiffs must offer more than allegations that are "merely consistent with" their favored explanation but also consistent with the alternative explanation. *In re Century Aluminum Co. Securities Litigation*, 729 F.3d 1104, 1108 (9th Cir. 2013). Plaintiff's bare allegation that Defendants failed "to investigate [plaintiff's] claims that he was lawfully entitled to release" (SAC at ¶ 61) is nothing more than a vague, conclusory allegation of official participation in an alleged civil rights violation. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268. Plaintiff fails to plead facts sufficient to establish a Fourteenth Amendment claim against the County Defendants and his first cause of action must be dismissed.

**B.      Plaintiff's Fifth Cause of Action Fails to State a 42 U.S.C. Section 1983 Claim Against Sheriff Dirkse.**

Plaintiff's fifth cause of action does not contain allegations sufficient to state a *Monell* claim against Sheriff Dirkse. Under 42 U.S.C. section 1983, "[a] local governmental entity is liable ... when action pursuant to official municipal policy of some nature cause[s] a constitutional tort." *Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1473–74 (9th Cir.1992) (*quoting Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)) (internal quotations omitted). In order to state a *Monell* claim against a government official in his official capacity, a plaintiff must allege "that the official (1) had final policymaking authority concerning the action alleged to have caused the particular constitutional or statutory violation at issue [;] and (2) was the policymaker for the local governing body for the purposes of the particular act." *Cortez v. County of Los Angeles*, 294 F.3d

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

8

1186, 1189 (9th Cir.2002) (internal quotations omitted).

The Ninth Circuit has recognized that sheriffs in California have final policy-making authority over county jail policies and thus may be subject to *Monell* liability claims. *Cortez*, 294 F.3d at 1189–90; *see also Streit v. County of Los Angeles*, 236 F.3d 552, 561–63 (9th Cir.2001). However, a government official may be "found liable in his official capacity only if policy or custom...by a governmentally authorized decisionmaker...played a part in the violation of federal law." *Larez*, 946 F.2d at 646 (original brackets and citations omitted). Isolated events or random acts are not sufficient to establish custom or policy. *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989), *overruled on other grounds as stated in Bull v. City & County of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010).

Plaintiff's fifth cause of action fails because he alleges only a single incident—his temporary detention at the jail at issue in this case—which is insufficient as "evidence" of a policy or custom under *Monell.  See Thompson v. City of Los Angeles*, 885 F.2d at 1444.  He has failed to offer any evidence that the County maintains a custom or policy of "overdetaining" CDCR prisoners (or any prisoners for that matter) at the Stanislaus County Jail. Likewise, a 42 U.S.C. section 1983 action based on a theory of failure to train, supervise or discipline officers, a single incidence of unconstitutional activity is insufficient to establish a pattern to impose *Monell* liability. *See City of Okla. v. Tuttle (Tuttle)*, 471 U.S. 808, 823–24 (1985) (a policy of inadequate training is more nebulous and further removed from a constitutional violation and thus requires more than a single incidence of unconstitutional activity); *Alston*, 2012 WL 2839825, at * 8–9 (dismissing plaintiff's *Monell* claims based on a theory of failure to train because "plaintiff alleged facts relating to a specific incident as opposed to a pervasive problem with a specific County policy or custom."); *Monell v. Dep't of Social Servs*., 436 U.S. at 694. Isolated events or random acts are not sufficient to establish custom or policy. *Thompson v. City of Los Angeles*, 885 F.2d at 1444; *see also Blankenhorn v. City of Orange*, 485 F.3d 463, 484–85 (9th Cir.2007) ("absent evidence of a program-wide inadequacy in training, any shortfall in a single officer's training can only be classified as negligence on the part of the municipal defendant—a much lower standard of fault than deliberate indifference.").

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

9

Failure to train can constitute a policy or custom "only where the failure to train amounts to deliberate indifference to the rights of persons." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011) (*quoting Board of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 410 (1997)). When policymakers "are on actual or constructive notice that a particular omission in their training program causes...employees to violate citizens' constitutional rights, the [policymaker] may be deemed deliberately indifferent if [he or she] choose to retain that program." *Id*. Moreover, "[a] pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Id*. (*quoting Bryan County*, 520 U.S. at 409) (internal quotations omitted).

Plaintiff alleges generally that defendant Dirkse "was deliberately indifferent to their (sic) duties to properly train, discipline and supervise jail staff" (SAC at ¶ 83); "declined to implement sufficient training, sufficient policies, or any legitimate oversight or punishment of officers and agents" (¶ 84): and "Sheriff's office's practice and policy of relying on information from other jailers rather than orders from a court demonstrates a pattern and practice of overdetention" (¶ 85). "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick v. Thompson*, 131 S. Ct. at 1360 (2011) (*quoting Board of Comm. of Bryan County*, 520 U.S. at 407). Here, plaintiff does not allege facts indicating Sheriff Dirkse was aware of any training deficiencies or otherwise put on notice that any prisoners at the jail were being detained after court-ordered releases. In the context of a Rule 12(b)(6) motion to dismiss, it is "a plaintiff's obligation to provide the grounds of his entitlement to relief [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (internal brackets and quotes omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555).

Plaintiff McDaniel's allegation regarding a "practice and policy of relying on information

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

10

1   from other jailers rather than orders form a court demonstrates a pattern and practice of

2   overdetention" (¶ 85) is nothing more than a formulaic recitation insufficient to support a *Monell*

3   claim nor are his allegations sufficient to support a claim based on failure to train, supervise or

4   discipline.  Plaintiff's fifth cause of action against Sheriff Dirkse must be dismissed.

5   **C.**      ***Sheriff Dirkse, Sgt. Jose Sousa and Henry Mendez are Entitled to Qualified Immunity.***

6          While the County Defendants maintain that they committed no constitutional violation, in

7   the alternative, Sheriff Dirke (sued in his individual capacity), Sgt. Jose Sousa and Henry Mendez

8   are entitled to qualified immunity for any alleged Fourteenth Amendment violation.

9          A two-part test is utilized to determine whether a defendant is entitled to qualified

10  immunity. *Saucier v. Katz*, 533 U.S. 194 (2001).  The court first determines whether the factual

11  allegations would make out a constitutional violation. If not, the inquiry stops there. If a

12  constitutional violation could be stated based on the parties' submissions, the court must determine

13  whether the law as to that particular right was clearly established. Id. at 201. This inquiry must be

14  "undertaken in light of the specific context of the case, not as a broad general proposition." *Id.*;

15  *see also Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011) (the term "clearly established law" should

16  not be defined "at a high level of generality"). The established law must be "particularized" to the

17  facts of each case: "in the light of pre-existing law the unlawfulness must be apparent." *Anderson

18  v. Creighton*, 483 U. S. 635, 640 (1987).  While a case directly on point is not required, the

19  "existing precedent must have placed the statutory or constitutional question **beyond debate**."

20  *White v. Pauly*, 137 S. Ct. 548, 551, *citing Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (**emphasis

21  added**).

22          If clearly established law exists, then the second inquiry asks whether a reasonable public

23  official could have believed his or her conduct to be lawful in light of the clearly established law

24  and information possessed by that official at the time of the conduct.  *Harlow v. Fitzgerald*, 457

25  U.S. 800, 818-819 (1982).  Qualified immunity is intended to give "government officials breathing

26  room to make reasonable but mistaken judgments," and "protects 'all but the plainly incompetent

27  or those who knowingly violate the law.'" *Ashcroft v. al-Kidd*, 563 U.S. at 743, *quoting Malley v.

28  Briggs*, 475 U.S. 335, 341 (1986).

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

11

While jail detention cases with only *somewhat* similar facts exist (see cases discussed in Section A above), there does not appear to be any clearly established law would not have put the County Defendants on notice that their actions violated clearly established law under the circumstances in this case. The existing precedent must be sufficiently particularized such that the unlawfulness of the defendant's actions would be "apparent" and "beyond debate." *See id.*; *see also Anderson v. Creighton*, 483 U. S. at 640.  As discussed, there are no allegations of any personal participation or involvement whatsoever by Sheriff Dirkse. As to Defendants Henry Mendez and Jose Sousa, allegations indicate they knew that Plaintiff was a CDCR prisoner, CDCR had placed a detainer on Plaintiff, and Plaintiff was being temporarily held at the jail for county court proceedings.  The superior court's October 24, 2019 order commanded Stanislaus County to return Plaintiff to CDCR custody after completion of court proceedings, and CDCR instructed them to return Plaintiff to CDCR custody on December 15, 2019 after the superior court ordered Plaintiff released on parole for case number 1480530. The existing law would not have made it "apparent" that these County Defendant's actions were unlawful, nor "placed the statutory or constitutional question **beyond debate**." *White v. Pauly*, 137 S. Ct. at 551, *citing Mullenix v. Luna*, 136 S. Ct. at 308; *Anderson v. Creighton*, 483 U. S. at 640. On that basis, the County Defendants are entitled to qualified immunity.

### D.   *Plaintiff Failed to Comply with the California Tort Claims Act Which is Fatal to His State Law Claims.*

Plaintiff McDaniel's second, third, fourth, and sixth causes of action all allege state law violations. Under the California Tort Claims Act, a claim relating to a cause of action for death or injury must be presented to the public entity "not later than six months after the accrual of the cause of action." Cal. Govt. Code § 911.2(a). Further, a plaintiff may not maintain an action for damages against a public entity or its officials unless a tort claim has first been presented to the appropriate entity and has been acted upon by that entity *before* filing a lawsuit. Cal. Gov. Code §§ 905, 945.4, 950.2; *Mangold v. California Pub. Utilis. Comm'n.*, 67 F.3d 1470, 1477 (9th Cir.1995). In federal court, a plaintiff may pursue supplemental state law claims in a civil rights action brought under 42 U.S.C. § 1983, but his state law claims are subject to dismissal for failure

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

12

1   to comply with the claim requirements under the California Tort Claims Act. *Karim–Panahi v.*

2   *Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir.1988). "Complaints that do not allege facts

3   demonstrating either that a [tort] claim was timely presented or that compliance with the claims

4   statute is excused are subject to [dismissal]." *Superior Court (Bodde),* 32 Cal.4th 1234, 1243 (Cal.

5   2004).

6   　　　In this case, Plaintiff filed this action on June 22, 2020, alleging both federal and state law

7   claims (See Doc. 1)  Plaintiff admits that he submitted a tort claim to Stanislaus County on June

8   23, 2020, *after* this lawsuit was filed (SAC ¶55). The Stanislaus County Board of Supervisors then

9   responded to the tort claim by letter dated August 6, 2020. (SAC ¶57).  See Request for Judicial

10  Notice and Decl. of Shanan L. Hewitt in Support of Motion to Dismiss the Second Amended

11  Complaint, Exh. C: Stanislaus County's August 6, 2020 response to Plaintiff McDaniel's tort claim

12  (filed concurrently herewith).

13  　　　The filing of a timely claim with the public entity is a condition precedent to the filing of

14  a lawsuit against a public entity. *Le Mere v. L.A. Unified School Dist.*, 35 Cal.App. 5th 237, 246

15  (Cal. Ct. App. 2019). Only after the public entity has acted on the tort claim or is deemed to have

16  rejected it may the claimant then pursuit a lawsuit for state law torts against the public entity and

17  its officials.  *Id*. As the California Court of Appeal explained,

18  　　　　　Filing a government claim while simultaneously attempting to prosecute a cause of action
　　　　　based on that claim, as plaintiff did here, does not satisfy the purpose of the Government
19  　　　　　Claims Act, which is to give the public entity the opportunity to investigate and settle the
　　　　　claim without the cost of litigation.

20  　　　*Id*., *citing J.J. v. County of San Diego*, 223 Cal.App.4th 1214, 1219 (Cal. Ct. App. 2014).

21  Plaintiff's tort claim was flawed on two fronts: (1) it was untimely; and (2) it was filed only *after*

22  filing this lawsuit.  The allegations against the County Defendants stem from events that occurred

23  between December 13, 2019 (the court hearing) and December 18, 2019, the date on which

24  Plaintiff was transported back to CDCR custody. See SAC at ¶¶ 32-35, 38, 40, 41, 42.

25  　　　Plaintiff filed his tort claim with Stanislaus County on June 23, 2020, more than six months

26  after his cause of action against the County Defendants accrued.  His state law claims are therefore

27  barred. Further, he failed to file a tort claim and await a response from Stanislaus County (or await

28

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

13

the time frame for a response to expire) prior to filing this action as required by the California Tort Claims Act. Therefore, all state law claims (the second, third, fourth and sixth causes of action) must be dismissed.

**E.    Plaintiff's Second Cause of Action Fails to Allege Facts Sufficient to State a Claim as No Damages are Available under Article 1, Section 7 of the California Constitution.**

In his Second Cause of Action, Plaintiff McDaniel alleges that his rights under Article I, Section of the California Constitution were violated and alleges that defendants' conduct "caused physical, emotional and pecuniary damages" to him.  SAC at ¶¶ 64-65. Plaintiff seeks damages under Article I, section 7 of the California Constitution; however, his complaint for damages fails because there is no right to seek damages under Article I, section 7 of the California Constitution. *Katzberg v. Regents of the University of California*, 29 Cal. 4th 300, 329 (Cal. 2002); *Javor v. Taggart*, 98 Cal. App. 4th 795, 807 (Cal. Ct. App. 2002) (stating that it is beyond question that plaintiff is not entitled to damages for a violation of Cal. Const., art. I, § 7). Consequently, the County Defendants' motion to dismiss the second cause of action must be granted.

**F.    Plaintiff's Third and Fourth Causes of Action Fail to Allege Facts Sufficient to State a Claim Against The County Defendants.**

Beyond non-compliance with the Tort Claims Act, Plaintiff's state claims for negligence and false imprisonment fail on other grounds as well. In the third cause of action for negligence, plaintiff alleges that "due to their professional role as jailors, Defendants owed duties to avoid overdetention to the persons in their custody, including Mr. McDaniel." SAC at ¶ 68. And he alleges that "Defendants had a duty to ensure that Mr. McDaniel was released within a reasonable time after he was ordered released by a judge." SAC at ¶ 69.  He further alleges that defendants had a duty to investigate and breached that duty by failing to investigate Mr. McDaniel and his attorney's repeated inquiries, and defendants failed to release plaintiff after receiving the minute order which ordered his release. SAC at ¶¶ 70-72. In the fourth cause of action for false imprisonment, plaintiff alleges that "the legal authority to detain Mr. McDaniel expired" on December 13, 2019.  SAC at ¶ 77. But defendants kept him imprisoned without consent until January 7, 2020 and therefore falsely imprisoned him. SAC at ¶¶ 79-80.

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

14

*Sheriff Dirkse*

Sheriff Dirkse cannot be held liable for either of these claims because there is no vicarious liability for the acts of others. Cal. Gov. Code § 820.8. Section 820.8 states

> Except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person. Nothing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission.

For the sheriff to be liable for false imprisonment for a person incarcerated at the jail after charges against him have been dismissed requires either that the sheriff have actual knowledge that imprisonment is unlawful or, alternatively, that he has some notice sufficient to put him, as a reasonable man, under duty to investigate the validity of the incarceration. *Sullivan v. County of Los Angeles*, 12 Cal. 3d 710 (1974) (citing Cal. Gov. Code §§ 815.2, 820, 820.4). In this case, there are no factual allegations whatsoever against Sheriff Dirkse with respect to the false imprisonment claim.  He is not alleged to have been present during plaintiff's stay at the jail, nor is he alleged to have had contact with plaintiff or knowledge of plaintiff or his attorneys alleged inquiries regarding plaintiff's release. Under California Government Code section 820.8, Sheriff Dirkse cannot be held liable under a theory of vicarious liability, and there are insufficient allegations against him to survive a motion to dismiss. The allegations against Sheriff Dirkse set forth in the negligence and false imprisonment claims merely recite the legal elements for these state law claims, offering only labels and conclusions or formulaic recitations of the elements of the causes of action, which are insufficient under federal pleading standards. *Iqbal*, 556 U.S. at 678.

*Henry Mendez and Sgt. Sousa*

As stated in *Sullivan v. County of Los Angeles*, a jailer is liable for the state tort of false imprisonment if

> he knew or should have known of the illegality of the imprisonment. The test requires either that he have actual knowledge that the imprisonment is unlawful or, alternatively, that he have some notice sufficient to put him, as a reasonable man, under a duty to investigate the validity of the incarceration.

12 Cal. 3d 710, 717-718.

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

15

1    The elements of a negligence claim are: "(a) a legal duty to use due care; (b) a breach of such legal

2    duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." *Ladd v. Cty. of*

3    *San Mateo*, 12 Cal. 4th 913, 917–18 (Cal. 1996) [citation omitted]. The false imprisonment and

4    negligence analysis both address elements of duty and a reasonableness standard; given these

5    commonalities, they are both discussed in this section.

6         The SAC does not allege that Defendants Mendez or Sousa had *actual* knowledge of

7    Plaintiff's alleged wrongful detention. Thus, the issue is whether (1) Mendez and Sousa had a duty

8    in relation to Plaintiff's detention status, and (2) whether their actions breached such duty (i.e. their

9    conduct fell below the reasonable standard of care.  According to the SAC, Plaintiff McDaniel was

10   a CDCR prisoner ordered by the superior court to appear for criminal case proceedings. SAC at ¶

11   26.  The court issued an order commanding CDCR to deliver Plaintiff McDaniel to the Sheriff of

12   Stanislaus County for further court proceedings. Id.  Specifically, the judge ordered the Stanislaus

13   County Sheriff to "obtain custody of [McDaniel], transport [him] and produce him at the Stanislaus

14   County Jail to hold him in custody pending completion of the proceedings in this action [criminal

15   case no. 1480530] and *then return him to the custody of the Department of Corrections*." See

16   Request for Judicial Notice and Decl. of Shanan L. Hewitt, Exh. B (*emphasis added*). On

17   November 21, 2019, Plaintiff was transferred out to court from CDCR to the Stanislaus County

18   Jail for the court proceedings and CDCR provided a detainer on Plaintiff to Stanislaus County at

19   that time. SAC at ¶¶ 27, 29, 30.

20        After the court hearing on Friday, December 13, 2019, Plaintiff McDaniel was transported

21   back to the Stanislaus County Jail and a copy of the minute order provided to the Sheriff's

22   Department. SAC at ¶ 38. The court filed the abstract of judgment memorializing the outcome of

23   the December 13, 2019 hearing on December 16, 2019. SAC at ¶ 35. On Sunday, December 15,

24   2019, Henry Mendez contacted CDCR Defendant Joseph Guerrero who informed Mendez that

25   Plaintiff should be returned to CDCR custody.  SAC at ¶ 40.  Mendez informed Sheriff's Sgt. Jose

26   Sousa of Guerrero's instructions to return Plaintiff to CDCR custody and was returned Plaintiff to

27   CDCR custody on December 18, 2019, where he remained at the California State Prison, Solano

28   until his release from custody on January 7, 2020. SAC at ¶¶ 41, 42, 44-53.

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB                                16

In light of these allegations (and matters subject to judicial notice), to the extent Mendez and Sousa had a duty to inquire regarding Plaintiff's detention status, they fulfilled that duty under the circumstances. The Stanislaus County Jail was a temporary holding facility for a CDCR prisoner (McDaniel), which was made clear by the court's October 24, 2019 order and the CDCR detainer issued to Stanislaus County. After Plaintiff's court hearing on December 13, 2019, Mendez contacted CDCR and was directed to return Plaintiff to CDCR custody.  Mendez and Sousa fulfilled any duty in relation to Plaintiff. Following the directive of CDCR to return Plaintiff to CDCR custody under the circumstances (for processing of release and parole or, as discussed in Section A, the possibility that Plaintiff could be serving prison time for other conviction(s) outside of Stanislaus County) was reasonable and did not fall below the standard of care. The allegations in the SAC do not support Plaintiff's claims for false imprisonment or negligence.

### G.   Plaintiff's Sixth Cause of Action Fails as California Government Code Section 820.8 Immunizes Sheriff Dirkse from Vicarious Liability

As stated previously, the SAC alleges no contact whatsoever between the Sheriff and Plaintiff and no knowledge regarding Plaintiff's temporary detention at the jail for court proceedings.  Plaintiff attempts to impose vicarious liability on Sheriff Dirkse, based on the alleged acts of the Sheriff's subordinates. Plaintiff alleges in his sixth cause of action that some defendants were "employees, members, and agents" of the Stanislaus County Sheriff's Department (SCSD) and "Sheriff Dirkse in his official capacity as Sheriff of Stanislaus County is therefore liable as a principal for all torts committed by his agents." SAC at ¶¶ 87-88. However, Sheriff Dirkse is immune from vicarious liability pursuant to California Government Code section 820.8. *Weaver v. State of California*, 63 Cal. App.4th 188, 202-03 (Cal. Ct. App. 1998) (stating that Cal. Gov't Code § 820.8 affords immunity from liability for the acts of a subordinate).  Sheriff Dirkse cannot be held liable under a theory of vicarious liability for the alleged acts of other County employees at the jail and the sixth cause of action must be dismissed.

///

///

///

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

17

*H.*    ***Plaintiff Fails to Allege Facts Sufficient to State a Claim for Punitive Damages Against Sheriff Dirkse, Sgt. Sousa and Henry Mendez***

The allegations set forth in the SAC are insufficient to support plaintiff's prayer for exemplary/punitive damages against the County Defendants.  Punitive damages are intended to punish intentional or malicious wrongful action.  *Newport v. Fact Concerts*, 453 U.S.  247, 266-67 (1981).   No intentional or malicious wrongful action is alleged on the part of Sheriff Dirkse, Henry Mendez or Sgt. Jose Sousa.  Plaintiff was a CDCR prisoner being held in the jail pursuant to a court order during county court proceedings, held on a CDCR detainer, and returned to CDCR after court proceedings concluded based on CDCR's directive. The SAC does not sufficiently allege any intentional or malicious wrongful acts by the County Defendants. As such, Plaintiff's prayer for punitive damages must be dismissed. *Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 974 (9th Cir. 2010) (challenge to damages that are precluded as a matter of law should be brought via Rule 12(b)(6) motion); *Parker v. Fid. Sec. Life Ins. Co*., 2006 U.S. Dist. LEXIS 56724 at *19 (E.D. Cal. 2006) (dismissing prayer for punitive damages where factual allegations were insufficient).

## V.  CONCLUSION

For the foregoing reasons, the County Defendants, Sheriff Jeff Dirkse, Sgt. Jose Sousa, and Henry Mendez respectfully request that they be dismissed from this action without leave to amend.

DATE: October 23, 2020                    RIVERA HEWITT PAUL LLP


                                         */s/ Shanan L. Hewitt*
                                         SHANAN L. HEWITT
                                         Attorney for Defendants
                                         STANISLAUS COUNTY SHERIFF JEFF
                                         DIRKSE, SGT. JOSE SOUSA and
                                         HENRY MENDEZ

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

MPA ISO MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

18