1

**RIVERA HEWITT PAUL LLP**

2

11341 Gold Express Drive, Suite 160
Gold River, California 95670

3

Tel: 916-922-1200 Fax: 916 922-1303

4

Shanan L. Hewitt, SBN 200168

5

shewitt@rhplawyers.com
Jonathan B. Paul, SBN 215884

6

jpaul@rhplawyers.com
Jill B. Nathan, SBN 186136

7

jnathan@rhplawyers.com

8

Attorneys for Defendants
SHERIFF JEFF DIRKSE,

9

SGT. JOSE SOUSA and
HENRY MENDEZ

10

11

12

**IN THE UNITED STATES DISTRICT COURT**

13

**IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA**

14

15

DAVID MCDANIEL,

CASE NO: 1:20-cv-00856-NONE-SAB

16

Plaintiff,

**DECLARATION OF SHANAN L. HEWITT**

17

vs.

**IN SUPPORT OF DEFENDANTS DIRKSE,
SOUSA AND MENDEZ'S MOTION TO**

18

**DISMISS THE SECOND AMENDED
COMPLAINT**

RALPH DIAZ, in his official capacity;

19

JEFF DIRKSE, in his individual and
official capacity; RHONA DELACRUZ;

20

JOSEPH GUERRERO; JOSE SOUSA;
HENRY MENDEZ; CALIFORNIA

21

DEPARTMENT OF CORRECTION AND
REHABILITATION DOES 1-10; and

Hearing Date: December 9, 2020
Time:           10 a.m.

22

STANISLAUS COUNTY SHERIFF'S
DEPARTMENT DOES 1-5,

Courtroom:   9
Judge:        Hon. Stanley Boone

23

Defendants.

24

TELEPHONIC APPEARANCE REQUESTED

25

I, SHANAN L. HEWITT, declare as follows:

26

1.      I am an attorney duly admitted to practice before this Court and a partner of the firm

27

of Rivera Hewitt Paul LLP, attorneys for Defendants Stanislaus County Sheriff JEFF DIRKSE,

28

HENRY MENDEZ, and Sgt. JOSE SOUSA in this action.

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

DECL. OF SHANAN L. HEWITT ISO MTN TO
DISMISS SAC                                    1
Case No. 1:20-cv-00856-NONE-SAB

2.     Attached as **Exhibit A** hereto is a true and correct copy of the Second Amended Complaint filed in this action on October 14, 2020 (Doc. 31).

3.     Attached hereto as **Exhibit B** is a true and correct copy of a certified copy of the "Declaration and Order for Production From California State Prison," filed October 24, 2019 in Stanislaus County Superior Court Case No. 1480530.

4.     Attached hereto as **Exhibit C** is a true and correct copy of Stanislaus County's response to Plaintiff David McDaniel's government tort claim, dated August 6, 2020.

5.     I have personal knowledge of the matters referenced above, and if called upon, could competently testify thereto.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 23, 2020, at Gold River, California.

*/s/ Shanan L. Hewitt*
SHANAN L. HEWITT

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

DECL. OF SHANAN L. HEWITT ISO MTN TO
DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

2

**EXHIBIT A: Second Amended Complaint (Doc. 31)**

William Most (CA Bar No. 279100)
Sarah Chervinsky (PHV)
Law Office of William Most, L.L.C.
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
 (504) 509-5023
williammost@gmail.com

Dan Roth (CA Bar No. 270569)
Law Office of Dan Roth
803 Hearst Ave.
Berkeley, CA 94710
 (510) 849-1389
dan@drothlaw.com

Attorneys for Plaintiff David McDaniel

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MCDANIEL,<br><br>        Plaintiff,<br><br>    v.<br><br>JEFF DIRKSE, in his individual and official capacity; RHONA DELACRUZ; JOSEPH GUERRERO; TANIA BROWN; AMBER STEELE-HICKS; BRANDY SMITH; ELIJAH PRUITT; NICHELLE HARRINGTON; JOSE SOUSA; HENRY MENDEZ<br><br>        Defendants. | Case No.: 1:20-cv-00856<br><br>SECOND AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS; FALSE IMPRISONMENT; AND NEGLIGENCE<br><br>Jury trial demanded |

## **INTRODUCTION**

1.      This case is about Defendants' unlawful imprisonment of a man after a judge ordered that he be freed.

2.      According to black-letter law, once a prisoner has served his sentence, his jailor has a reasonable amount of time to process and release him.  Courts have repeatedly held that the phrase

"reasonable time" means some amount of time less than 48 hours.[1]  A minute more is presumptively unconstitutional and illegal.

3.  A jury is often asked to decide whether an overdetention of less than 48 hours is constitutional,[2] and juries have found that delay of as little as thirty minutes is unconstitutional.[3]  But courts across the country have held, unequivocally, that a detention beyond 48 hours of an inmate's known sentence is unreasonable and illegal.  Indeed, "[t]he court has been unable to find any case, whether within or outside of the Eleventh Circuit, in which the detainment of a properly identified individual for days beyond his scheduled release date was held constitutionally permissible."[4]

4.  David McDaniel should have been a free man on December 13, 2019.  A judge issued an order for his release on that date in open court.

5.  But Defendants did not set Mr. McDaniel free on December 13, 2019.  Instead, they held him in custody until January 7, 2020 – despite the repeated entreaties of Mr. McDaniel and his lawyers.

6.  David McDaniel files this lawsuit to hold Defendants accountable for what they did to him, and to correct Defendants' failures so that other men and women do not suffer the same injustice.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over Plaintiff's claims of federal rights violations, enforceable under the Fourteenth Amendment and 42 U.S.C. § 1983, pursuant to 28 U.S.C. §§ 1331, 1343(a)(3). This Court has jurisdiction over Plaintiff's state law claims in accordance with 28 U.S.C. § 1367.

8.  Venue is proper in this Court because a substantial part of the events giving rise to the

---

[1] *Barnes v. District of Columbia*, 793 F. Supp. 2d 260 (D.D.C. 2011) ("In recognition of these facts, courts appear to agree that the maximum permissible administrative delay in the overdetention context likely falls well short of the 48-hour horizon set out in *McLaughlin.*"). That is because once a detainee is ordered released, the public's interest in his prompt release is even greater, and the constitutional tolerance for "administrative delay" is substantially less than in the context of arrestees awaiting probable cause determinations – which must come within 48 hours. *See Berry v. Baca,* 379 F.3d 764, 771-72 (9th Cir. 2004); *Powell v. Barrett*, 376 F.Supp.2d 1340, 1353 (N.D.Ga. 2005).

[2] *Berry v. Baca*, 379 F.3d 764, 77072 (9th Cir.2004) (twenty-nine hour delay presented question for jury); *Arline v. City of Jacksonville*, 359 F.Supp.2d 1300, 1310 (M.D.Fla.2005) (two and a half hour delay presented jury question).

[3] *Davis v. Hall*, 375 F.3d 703, 713 (8th Cir. 2004).

[4] *Powell v. Barrett*, 376 F.Supp.2d 1340, 1354 (N.D.Ga. 2005) (bolded emphasis added).

claim occurred in this district.

## **PARTIES**

9.     Plaintiff **DAVID MCDANIEL** is a resident of the state of California.

10.     Defendant **JEFF DIRKSE** is the Sheriff of Stanislaus County, California.  He is responsible for operating the Stanislaus County jail facilities, including promulgating policies and procedures at those facilities.  He is sued in his individual and official capacities.

11.     Defendant **RHONA DELACRUZ** is an employee of CDCR.  She personally processed paperwork related to Plaintiff's sentence and release, and her actions and inaction resulted in Plaintiff's overdetention.

12.     Defendant **JOSEPH GUERRERO** is an employee of CDCR.  He communicated with other Defendants and individuals regarding Plaintiff's sentence and release, and his actions and inaction resulted in Plaintiff's overdetention.

13.     Defendant **TANIA BROWN** is an employee of CDCR.  On or about December 30, 2019, she personally processed paperwork related to Plaintiff's sentence and release, and her actions and inaction resulted in Plaintiff's overdetention.

14.     Defendant **AMBER STEELE-HICKS** is an employee of CDCR.  On or about December 31, 2019, she personally processed paperwork related to Plaintiff's sentence and release, and her actions and inaction resulted in Plaintiff's overdetention.

15.     Defendant **BRANDY SMITH** is an employee of CDCR in a supervisory capacity.  By December 30, 2019, she had personal knowledge related to Plaintiff's sentence and release, and her actions and inaction resulted in Plaintiff's overdetention.

16.     Defendant **ELIJAH PRUITT** is an employee of CDCR.  He was responsible for processing and following up on court records related to Plaintiff's case from October to December 2019. He was personally aware that Plaintiff's court proceedings were concluded by December 17, 2019, and

his actions and inaction resulted in Plaintiff's overdetention.

17. Defendant **NICHELLE HARRINGTON** is an employee of CDCR. He personally processed paperwork related to Plaintiff's sentence and release, noted Plaintiff's eligibility for "immediate release" on December 30, 2019, and his actions and inaction resulted in Plaintiff's overdetention.

18. Defendant **JOSE SOUSA** is an employee of SCSD. He communicated with other Defendants and individuals regarding Plaintiff's sentence and release, and his actions and inaction resulted in Plaintiff's overdetention.

19. Defendant **HENRY MENDEZ** is an employee of SCSD. He communicated with other Defendants and individuals regarding Plaintiff's sentence and release, and his actions and inaction resulted in Plaintiff's overdetention.

## STATEMENT OF FACTS

20. Mr. McDaniel was initially arrested in connection with Stanislaus County Superior Court case number 1480530 on October 31, 2014.

21. On February 16, 2016, Mr. McDaniel was charged by information in Stanislaus County Superior Court case number 1480530 with ten counts alleging robberies in violation of Penal Code § 211, along with special allegations alleging that Mr. McDaniel had suffered several prior convictions for serious felonies within the meaning of Penal Code §§ 667(d) and 1192.7(c) and two prior convictions that would yield a sentencing enhancement under Penal Code § 667.5(b).

22. The case proceeded to trial by jury, and Mr. McDaniel was convicted of the robberies charged in Counts I, II, III, IV, V, VII, VIII, IX and X, and acquitted on Count VI. The Court found in a separate bench trial that Mr. McDaniel had suffered the alleged prior convictions.

23. On May 16, 2017, the Court sentenced Mr. McDaniel to an indeterminate sentence of 125 years to life in prison and a determinate sentence of 25 years imprisonment.

24.     Mr. McDaniel was admitted to the California State Prison, Solano on or around May 30, 2017.

25.     Mr. McDaniel appealed his conviction, and on October 16, 2019, the Court of Appeal for the State of California, Fifth Appellate District reversed the conviction.  The Court of Appeal remanded the case to the Stanislaus County Superior Court.

26.     On October 24, 2019, Judge Nancy Ashley of the Stanislaus County Superior Court signed an order under case number 1480530 commanding CDCR to deliver Plaintiff into the custody of the Stanislaus County Sheriff, and ordering the Stanislaus County Sheriff to take custody of Plaintiff.

27.     On November 13, 2019, Rhona Delacruz acting in her capacity as an employee of CDCR placed a detainer on Plaintiff.

28.     The CDCR detainer was based on the May 16, 2017 commitment in case 1480530, which had already been reversed by the Court of Appeal for the State of California, Fifth Appellate District.

29.     On November 21, 2019, Plaintiff was transferred from the custody of CDCR to the custody of the Stanislaus County Sheriff, and he was booked into Stanislaus County Jail.

30.     On November 21, 2019, CDCR provided its detainer to SCSD, and an employee of SCSD signed for its receipt.

31.     On December 13, 2019, Mr. McDaniel appeared before Judge Nancy Ashley of the Stanislaus County Superior Court.  At that time, Mr. McDaniel accepted a plea agreement offered by the Stanislaus County District Attorney's Office.  Pursuant to the terms of the plea agreement, Mr. McDaniel pled no contest to Counts I, II, III and IV of the information.  The remaining counts and all enhancement were dismissed.

32.     The Court sentenced Mr. McDaniel to six years imprisonment, calculating that he had earned custody credits totaling 2,518 days – in other words, he already had substantially more than six

years' worth of credits.

33. When Mr. McDaniel accepted the plea agreement on December 13, 2019, all parties involved – the assistant district attorney, the judge, the defense attorney, and Mr. McDaniel himself – had a shared understanding that Mr. McDaniel was to be processed and immediately released in connection with case number 1480530.

34. The Court's minute order from December 13, 2019 reflects that shared understanding. According to the minute order Mr. McDaniel's plea resulted in a "paper commitment" – meaning he had already served his sentence and was entitled to immediate release from custody. The minute order also states that Mr. McDaniel was to be "released on parole" and directs him to report within seven days to the parole office:



35. On December 16, 2019, the Court filed the abstract of judgment, which confirms that Judge Ashley intended for Mr. McDaniel to be processed and immediately released upon his December 13, 2019 resentencing. The abstract of judgment contains the Court's calculation of Mr. McDaniel's credits – again, 2518 total days, or substantially more than six years in total. It explicitly orders that Mr. McDaniel was to be "remanded to the custody of the sheriff forthwith" and "released on Parole ordered to report to Parole w/in 7 days":

| 16. CREDIT FOR TIME SERVED | | | | |
|---|---|---|---|---|
| CASE | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | |
| A | 2518 | 2190 | 328 | [ ] 2933<br>[ ] 2933.1<br>[ ] 4019 |
| B | | | | [ ] 2933<br>[ ] 2933.1<br>[ ] 4019 |
| C | | | | [ ] 2933<br>[ ] 2933.1<br>[ ] 4019 |
| D | | | | [ ] 2933<br>[ ] 2933.1<br>[ ] 4019 |

14. IMMEDIATE SENTENCING: [ ] Probation to prepare and submit a post-sentence report to CDCR per 1203c.
Defendant's race/national origin: _____

15. EXECUTION OF SENTENCING IMPOSED
  a. [ ] at initial sentencing hearing
  b. [ ] at resentencing per decision on appeal
  c. [ ] after revocation of probation
  d. [✓] at resentencing per recall of commitment (PC 1170(d).)
  e. [ ] other *(specify):*

| Date Sentence Pronounced | | | Time Served in State Institution | | |
|---|---|---|---|---|---|
| | | | OMH | CDC | CRC |
| .12 | 13 | 2019 | [ ] | [ ] | [ ] |

17. The defendant is remanded to the custody of the sheriff [✓] forthwith [ ] after 48 hours excluding Saturdays, Sundays, and holidays.
To be delivered to [ ] the reception center designated by the director of the California Department of Corrections and Rehabilitation
[ ] county jail [✓] other *(specify):* Defendant released on Parole ordered to report to Parole w/in 7 days.

**CLERK OF THE COURT**

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

DEPUTY'S SIGNATURE *Veronica Ramirez*    DATE December 16, 2019

CR-290 (Rev. July 1, 2012)    **FELONY ABSTRACT OF JUDGMENT—DETERMINATE**    Page 2 of 2

36.    The abstract of judgment even provides the basis for Judge Ashley's order for the sheriff to release Mr. McDaniel on parole immediately, which was that "per PC 1170(a)(3)[,] [p]reconfinement credits equal or exceed time imposed":

4. Defendant sentenced [ ] to county jail per 1170(h)(1) or (2)
[✓] to prison per 1170(a), 1170.1(a) or 1170(h)(3) due to [✓] current or prior serious or violent felony [ ] PC 290 or [ ] PC 186.11 enhancement
[ ] per PC 667(b)-(i) or PC 1170.12 (strike prior)
[✓] per PC 1170(a)(3). Preconfinement credits equal or exceed time imposed. [✓] Defendant ordered to report to local parole or probation office.

37.    Despite the fact that the Court concluded Mr. McDaniel had credits for time served that exceeded the prison sentence imposed by the Court, and explicitly ordered the sheriff to release Mr. McDaniel immediately in case number 1480530, Mr. McDaniel was not released.

38.    On December 13, 2019, after his court appearance was concluded, Mr. McDaniel was transported to Stanislaus County Jail. That day, a copy of the court's minute order was provided to SCSD.

39.    When Mr. McDaniel realized he was not being released, he informed Defendants in the Stanislaus County Jail that the judge had ordered his release. Defendants did not adequately inquire into or investigate Mr. McDaniel's complaints, and he was not released.

40.    On December 15, 2019, Henry Mendez acting in his capacity as an employee of SCSD

Complaint for Damages                7

contacted Solano State Prison and spoke to Joseph Guerrero, who informed Henry Mendez that Mr. McDaniel should be returned to the custody of the CDCR based on the detainer in case 1480530.

41.     Henry Mendez informed Jose Sousa of the instructions given to him by Joseph Guerrero. Henry Mendez and Jose Sousa chose to follow the advice of Joseph Guerrero and return Mr. McDaniel to CDCR's custody, rather than follow the court's order to release Mr. McDaniel.

42.     Mr. McDaniel remained incarcerated in Stanislaus County Jail until December 18, 2019.

43.     During the time he was incarcerated in Stanislaus County Jail, Mr. McDaniel informed Defendants on a daily basis that he had been ordered released, to no avail.

44.     On December 18, 2019, Mr. McDaniel was transported to the California State Prison, Solano.

45.     Shortly after arriving at California State Prison Solano, Mr. McDaniel informed Defendants at Solano that he had been ordered released and was being unlawfully detained. Defendants did not adequately inquire into or investigate Mr. McDaniel's complaints, and he was not released.

46.     Mr. McDaniel contacted his appellate attorney Rafael Goldman to inform him of the situation. Mr. Goldman contacted Mary Ellen Hurtle, the attorney who represented Mr. McDaniel at his December 13, 2019 plea and resentencing in Stanislaus County Court.

47.     On December 30, 2019, Mary Ellen Hurtle began making phone calls to CDCR to determine why Mr. McDaniel had not been released from custody as ordered by Judge Ashley over two weeks earlier. She made several phone calls to CDCR over the course of the day.

48.     On December 30, 2019, Defendants initially informed Ms. Hurtle that they would not release Mr. McDaniel because they did not have a minute order from the court, and the parole board would "overrule" the court until CDCR received the court's minute order.

49.     Later that day, Defendants told Ms. Hurtle they had requested the minute order from the court clerk and were expecting it to be faxed to them.

50.   During the final phone call between Ms. Hurtle and Defendants on December 30, 2019, Defendants informed Ms. Hurtle they had just received the court's minute order that day.

51.   During that final phone call, Defendants verified that the minute order authorized Mr. McDaniel's release on December 13, 2019.  However, they stated it would take an additional five to seven business days to process Mr. McDaniel's release, and estimated due to the New Years holidays he would not be released until January 7, 2020.

52.   Had Defendants released Mr. McDaniel when they were legally required to do so, he would have celebrated Christmas with family members who had anticipated his homecoming, including a grandmother in her mid-80s.  Instead, he remained unlawfully imprisoned.

53.   Mr. McDaniel was finally released from California State Prison, Solano on January 7, 2020.

54.   Therefore, Mr. McDaniel was overdetained for a total of 25 days – from December 13, 2019 until January 7, 2020.  Even worse, more than a week of his overdetention took place *after* CDCR admitted they had received the court order stating he was supposed to be free.

55.   On June 23, 2020, Plaintiff submitted a tort claim to the CDCR and the Sheriff's Office.

56.   In a letter dated July 10, 2020, the CDCR, through the California Department of General Services, rejected Plaintiff's tort claim on grounds including that it "involves complex issues that are beyond the scope of analysis and legal interpretation typically undertaken" by the Government Claims Program Staff.

57.   In a letter dated August 6, 2020, the Sheriff's Office, through the Board of Supervisors of the County of Stanislaus returned the tort claim without taking action on it.

### FIRST CAUSE OF ACTION
**Violation of the Fourteenth Amendment to the United States Constitution**
**(Against All Defendants)**

58.   Plaintiff hereby incorporates all of the above.

59.     A prisoner has a "due process right to be released within a reasonable time after the reason for his detention [has] ended."[5]  And prison officials have a corresponding duty to investigate a prisoner's claim that he is entitled to release.[6]

60.     Defendants deprived David McDaniel of his liberty and violated his Fourteenth Amendment rights by detaining him for 25 days after the legal authority to hold him had expired.  As Defendants were acting under the color of state law, Plaintiff's claims are actionable under 42 U.S.C. § 1983.

61.     Defendants violated Mr. McDaniel's Fourteenth Amendment rights by failing to investigate his claims that he was lawfully entitled to release.  As Defendants were acting under the color of state law, Plaintiff's claims are actionable under 42 U.S.C. § 1983.

**SECOND CAUSE OF ACTION**
**Violation of Article 1, Section 7 of the California Constitution**
**(Against All Defendants)**

62.     Plaintiff hereby incorporates all of the above.

63.     Article 1, Section 7(a) of the California Constitution guarantees that "[a] person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws…"

64.     By reason of the same conduct that constitutes false imprisonment, negligence, and a violation Mr. McDaniel's federal constitutional rights, Defendants violated his state constitutional rights to liberty and due process.

65.     This conduct resulted in Mr. McDaniel's overdetention and caused the physical, emotional and pecuniary damages as described above and below.

**THIRD CAUSE OF ACTION**
**Negligence**

---

[5] *Brass v. County of Los Angeles,* 328 F.3d 1192, 1200 (9th Cir. 2003).
[6] *Haygood v. Younger,* 769 F.2d 1350 (9th Cir. 1985) (en banc).

**(Against all Defendants)**

66. Plaintiff hereby incorporates all of the above.

67. "In order to prove facts sufficient to support a finding of negligence, a plaintiff must show that [the] defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury."[7]

68. Due to their professional roles as jailors, Defendants owed duties to avoid overdetention to the persons in their custody, including Mr. McDaniel.

69. Defendants had a duty to ensure that Mr. McDaniel was released within a reasonable time after he was ordered released by a judge.

70. Defendants had a duty to investigate Mr. McDaniel's claim that he was entitled to release, rather than simply ignore his complaints and continue to detain him. The 9th Circuit has held that when a jailer is presented with a prisoner's reasonable complaint of overdetention, "[I]f you just sit around and don't do anything, you do run a chance of being responsible."[8]

71. These duties were breached by Defendants' acts and omissions, including the failure to investigate or release Mr. McDaniel after repeated inquiries by Mr. McDaniel and his attorneys.

72. These duties were breached by Defendants' acts and omissions, including the failure to release Mr. McDaniel timely after receiving the minute order from Stanislaus County Court which ordered his release.

73. Defendants' acts and omissions were the cause in fact of Mr. McDaniel's harm because they resulted in his illegal incarceration for 25 days.

74. As a result of Defendants' acts and omissions, Mr. McDaniel suffered actual, foreseeable harm.

**FOURTH CAUSE OF ACTION**

---

[7] *Hayes v. County of San Diego*, 57 Cal. 4th 622 (Cal. 2013).
[8] *Alexander v. Perrill*, 916 F.2d 1392, 1395 (9th Cir. 1990)

Complaint for Damages                    11

**False Imprisonment**
**(Against All Defendants)**

75.     Plaintiff hereby incorporates all of the above.

76.     "The elements of a tortious claim of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief."[9]

77.     On December 13, 2019, the legal authority to detain Mr. McDaniel expired.

78.     Defendants "knew or should have known"[10] that Mr. McDaniel was entitled to release on December 13, 2019 and they failed to exercise "reasonable diligence to discharge the duty"[11] of effectuating his release.

79.     Defendants imprisoned Mr. McDaniel without his consent until January 7, 2020.

80.     Defendants thus falsely imprisoned Mr. McDaniel when they unlawfully held him past his release date.

81.     As a result of this false imprisonment, Mr. McDaniel suffered the physical, emotional and pecuniary damages as described above and below.

**FIFTH CAUSE OF ACTION**
*Monell* **and Failure to Train and Supervise**
**(Against Defendants DIRKSE only)**

82.     Defendant DIRKSE had a duty arising under the Fourteenth Amendment to the United States Constitution to adequately train, supervise and discipline all prison and jail personnel in order to prevent overdetention of prisoners.

83.     Defendant weas deliberately indifferent to their duties to properly train, discipline and supervise the jail staff.

---

[9] *Lyons v. Fire Ins. Exch.*, 74 Cal. Rptr. 3d 649, 655 (Ct. App. 2008).
[10] *Sullivan v. County of Los Angeles*, 12 Cal. 3d 710, 717-718 (1974).
[11] *Id.* at 715-716.

Complaint for Damages                    12

84. Defendant declined to implement sufficient training, sufficient policies, or any legitimate mechanism for oversight or punishment of officers and agents.

85. The Sheriff's office's practice and policy of relying on information from other jailers rather than orders from a court demonstrates a pattern or policy of overdetention.

86. As a result of Defendant's actions and omissions, including his failure to train, supervise and discipline staff, Mr. McDaniel was overdetained.

### SIXTH CAUSE OF ACTION
### Vicarious Liability
### (Against Defendant DIRKSE only)

87. While committing the misconduct alleged in the preceding paragraphs, some Defendants and others were employees, members, and agents of the SCSD within the scope of their employment.

88. Defendant DIRKSE in his official capacity as Sheriff of Stanislaus County is therefore liable as a principal for all torts committed by his agents.

89. Plaintiff is entitled to declaratory and other relief under this cause of action, not to include compensatory or punitive damages.

### JURY DEMAND

90. Plaintiff demands a jury trial on all issues so triable.

### RELIEF REQUESTED

91. Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

a. Declaratory relief;

b. Compensatory damages, including both general and special damages;

c. Exemplary and/or punitive damages from all Defendants except DIRKSE;

d. Attorney's fees and expenses under 42 U.S.C. § 1988(b); and

e. Such other relief, including injunctive relief, as may be just or proper.

Respectfully submitted,

_William Most_

William Most (CA Bar No. 279100)
Sarah Chervinsky (PHV)
Law Office of William Most, L.L.C.
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
 (504) 509-5023
williammost@gmail.com

Dan Roth (CA Bar No. 270569)
Law Office of Dan Roth
803 Hearst Ave.
Berkeley, CA 94710
(510) 849-1389
dan@drothlaw.com

**EXHIBIT B: Declaration and Order for Production From California State Prison," filed October 24, 2019 in Stanislaus County Superior Court Case No. 1480530**

BIRGIT FLADAGER
District Attorney
Stanislaus County
832 12th Street, Suite 300
Modesto, California
Telephone: 525-5550

Attorney for Plaintiff

R. HOLLEMAN

STANISLAUS COUNTY SUPERIOR COURT

STATE OF CALIFORNIA

----------------o0o----------------

D.A. No. 1480530

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA | ) | No. 1480530 |
| | ) | |
| Plaintiff, | ) | DECLARATION AND ORDER |
| | ) | FOR PRODUCTION FROM |
| | ) | CALIFORNIA STATE PRISON, |
| vs. | ) | SOLANO |
| | ) | |
| | ) | |
| DAVID MCDANIEL, III, | ) | Date:  November 22, 2019 |
| (CDC #BD2230) | ) | Time:  8:30 a.m. |
| Defendant. | ) | Dept.:  6 |

----------------o0o----------------

DECLARATION

Declarant states he is a Deputy District Attorney of the County of Stanislaus; that the defendant, DAVID MCDANIEL, III (DOB: 10.5.77), is now in custody in CALIFORNIA STATE PRISON, SOLANO or any other CDCR facility; and that the presence of said defendant is needed for all further proceedings in the Superior Court of California, County of Stanislaus.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Modesto, California, this 24th day of October, 2019.

Michael D. Houston

1

TO THE SHERIFF OF THE COUNTY OF STANISLAUS:

It appearing to the Court that the presence of DAVID MCDANIEL, III (DOB: 10.5.77) is needed for all further proceedings in this action; **YOU OR YOUR DESIGNATED AGENT(S) ARE HEREBY AUTHORIZED AND DIRECTED** to proceed to CALIFORNIA STATE PRISON, SOLANO or any other CDCR facility, obtain custody of the defendant, transport the defendant and produce him at the Stanislaus County Jail to hold him in custody pending completion of the proceedings in this action and then return him to the custody of the Department of Corrections.

TO THE SUPERINTENDENT OF THE HIGH DESERT STATE PRISON or any other CDCR facility:

An order having been made this day by me, that DAVID MCDANIEL, III (DOB: 10.5.77), be produced in the Superior Court of California, County of Stanislaus.    YOU ARE COMMANDED to deliver him into the custody of the Sheriff of the County of Stanislaus or his designated agent(s) for the purpose of concluding legal proceedings.

Executed this $\underline{24^{th}}$ day of October, 2019, at Modesto, California.

_____
JUDGE OF THE SUPERIOR COURT



I hereby certify the foregoing instrument, consisting of _2_ page(s), is a true and correct copy of the original on file in this office.
ATTEST:    Dated: ___OCT 2 4 2019___

Stanislaus County Superior Court
By_____ Deputy Clerk
R. HOLLEMAN

2

**EXHIBIT C: Stanislaus County's Response to Plaintiff's Tort Claim, dated August 6, 2020**



*Stanislaus* County

*1010 10TH Street, Suite 5900, Modesto CA 95354*
*Phone: 209.525.5710   Fax: 209.525.5779*

August 6, 2020

William Most
201 St. Charles Ave, Suite 114, #101
New Orleans, LA 70170

RE:   Claim of David McDaniel dated June 23, 2019

William Most,

NOTICE IS HEREBY GIVEN that the above referenced Claim, which you presented to the Board of Supervisors of the County of Stanislaus, State of California, on June 23, 2019, is being returned because it was not presented within six (6) months after the event or occurrence as required by law. See Sections 901 and 911.2 of the Government Code. Because the claim was not presented within the time allowed by law, no action was taken on the claim.

## WARNING

Your only recourse at this time is to apply without delay to the County of Stanislaus for leave to present a late claim. See Section 911.4 to 912.2, inclusive, and Section 946.6 of the Government Code. Under some circumstances, leave to present a late claim will be granted. See Section 911.6 of the Government Code. You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Sincerely,

Karyn Watson
Liability & Insurance Analyst

*STRIVING TOGETHER TO BE THE BEST!*

# DECLARATION OF MAILING

RE:    Claim of David McDaniel dated June 23, 2019

     I, Oscar Ramirez, declare that I am a citizen of the United States, over 18 years of age, work in Stanislaus County, and not a party to the within action; that my business address is 1010 10th Street Suite 6800 Modesto, CA; that I served a copy of the attached notice by placing said copy in an envelope addressed to the following:

**William Most**
**201 St. Charles Ave, Suite 114, #101**
**New Orleans, LA 70170**

which envelope was then sealed and postage fully prepaid thereon and thereafter, on August 6, 2020, deposited in the United States mail at Modesto, California; that there is delivery service by United States mail at the place so addressed or regular communication by United States mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.


_____
Oscar Ramirez
Confidential Assistant III