**RIVERA HEWITT PAUL LLP**
11341 Gold Express Drive, Suite 160
Gold River, California 95670

Tel: 916-922-1200 Fax: 916 922-1303

Shanan L. Hewitt, SBN 200168
shewitt@rhplawyers.com
Jonathan B. Paul, SBN 215884
jpaul@rhplawyers.com
Jill B. Nathan, SBN 186136
jnathan@rhplawyers.com

Attorneys for Defendants
SHERIFF JEFF DIRKSE,
SGT. JOSE SOUSA and
HENRY MENDEZ

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MCDANIEL,<br><br>          Plaintiff,<br><br>vs.<br><br>RALPH DIAZ, in his official capacity; JEFF DIRKSE, in his individual and official capacity; RHONA DELACRUZ; JOSEPH GUERRERO; JOSE SOUSA; HENRY MENDEZ; CALIFORNIA DEPARTMENT OF CORRECTION AND REHABILITATION DOES 1-10; and STANISLAUS COUNTY SHERIFF'S DEPARTMENT DOES 1-5,<br><br>          Defendants. | CASE NO: 1:20-cv-00856-NONE-SAB<br><br>**DEFENDANTS DIRKSE, SOUSA AND MENDEZ'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Hearing Date: December 9, 2020<br>Time:          10 a.m.<br>Courtroom:   9<br>Judge:         Hon. Stanley Boone<br><br>TELEPHONIC APPEARANCE REQUESTED |

## I.     INTRODUCTION

Defendants DIRKSE, MENDEZ and SOUZA ("County Defendants") hereby reply to Plaintiff MCDANIEL's opposition to their motion to dismiss the Second Amended Complaint ("SAC") (Doc. 31) pursuant to F.R.C.P. 12(b)(6). As explained in Defendants' moving papers and this reply, Plaintiff fails to state a claim upon which relief can be granted on multiple bases.

## II.    ARGUMENT

### A.    *Plaintiff's First Cause of Action Fails as The SAC Does Not State a Fourteenth Amendment Claim Against the County Defendants*

The crux of this case is that Plaintiff David McDaniel was a CDCR prisoner at all times relevant to this lawsuit; he was simply being temporarily housed at the County jail for court proceedings. SAC at ¶ 26. As further evidence of this fact, CDCR made it clear to the County jail that Plaintiff was at all times a CDCR prisoner by providing the County jail with a detainer on Plaintiff when he went out to court. SAC at ¶¶ 27, 28, 30. The Plaintiff's allegations are insufficient to state a claim for a Fourteenth Amendment violation against the County Defendants.

First, Plaintiff has made no factual allegations to support a Fourteenth Amendment claim against Sheriff Dirkse, as Plaintiff has alleged no personal involvement by Dirkse whatsoever. Accordingly, there is no basis for liability against Sheriff Dirkse in his individual capacity. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The SAC contains only boilerplate, conclusory allegations against Sheriff Dirkse which are insufficient under *Iqbal* pleading standards. 556 U.S. 662, 678-69 (2009). The fact that Sheriff Dirkse's employees Henry Mendez and Sgt. Jose Sousa are accused of alleged misconduct does not support a claim against the Sheriff: even "a supervisor's…knowledge of his subordinate's" actions is sufficient to allege section 1983 liability against a supervisor. *Id*. at 677. CDCR prisoner McDaniel has failed to allege that the Sheriff Dirkse made or ratified any decisions concerning his temporary placement at the Stanislaus County jail for purposes of appearance in superior court. With no allegations that Dirkse was present or had any involvement with Plaintiff McDaniel, Sheriff Dirkse must be dismissed. In addition, Plaintiff has no basis for *Monell* liability against Sheriff Dirkse (see Section B below). For these reasons, Sheriff Dirkse must be dismissed entirely from this case.

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

COUNTY DEF'S REPLY TO PLAINTIFF' OPPO TO
MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

1

1     County Defendants Henry Mendez and Sgt. Jose Sousa likewise committed no due process violations. Plaintiff was a CDCR prisoner being temporarily held at the Stanislaus County Jail solely for appearance in his criminal court matter. California Penal Code section 2690.5 provides that a CDCR prisoner *still remains a CDCR prisoner* even when ordered out to court and temporarily held at a county jail. When a CDCR prisoner is temporarily housed at a county jail under those circumstances, the law is clear that the prisoner remains "at all times in the constructive custody of the warden of the state prison facility from which the prisoner was removed." Cal. Penal Code § 2690.5. Plaintiff David McDaniel fell into this category. He was a CDCR prisoner. CDCR placed a detainer on him which it provided to Stanislaus County Sheriff's Department when Plaintiff was transported to the jail. SAC at ¶¶ 26-30. When Stanislaus County Sheriff's Department employee Henry Mendez contacted CDCR after Plaintiff's court appearance, he was specifically ordered by a CDCR official to return Plaintiff to CDCR custody. SAC at ¶¶ 33, 40, 41, 42, 44. In addition, the Stanislaus County Superior Court's October 24, 2019 order directing Plaintiff to appear in court also specifically commanded the Sheriff to return Plaintiff McDaniel back to CDCR custody at the conclusion of court proceedings.

Plaintiff argues Defendants should have immediately released Plaintiff directly from the jail after his December 13, 2019 hearing in which the superior court judge ordered Plaintiff McDaniel sentenced to time served and to be released on parole for criminal case no. 1480530. Plaintiff was at all times a CDCR prisoner; the County Defendants did not have the authority to release Plaintiff from the jail under the circumstances; it is not about the County Defendants "tak[ing] the word of the CDCR over the direct order of a judge" as Plaintiff contends. See Doc. 37, p.7, lines 4-5. Plaintiff was a CDCR prisoner and was to be processed for release on parole. SAC at ¶¶ 32-35. Furthermore, because Plaintiff was ordered release on one Stanislaus County criminal case does not mean that was the only criminal case for which Plaintiff was serving time in CDCR—he was a CDCR prisoner and CDCR ordered him returned to its custody. Plaintiff's argument that the County Defendants should have done more to investigate whether Plaintiff should be returned to CDCR custody (versus immediately released) is misguided. He was a CDCR prisoner, not a Stanislaus County Jail inmate. When CDCR ordered Plaintiff's return, the jail staff

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

COUNTY DEF'S REPLY TO PLAINTIFF' OPPO TO
MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

2

1   properly complied. Plaintiff's bare allegation that Defendants failed "to investigate [plaintiff's]
2   claims that he was lawfully entitled to release" (SAC at ¶ 61) is nothing more than a vague,
3   conclusory allegation of official participation in an alleged civil rights violation. *Ivey v. Bd. of*
4   *Regents*, 673 F.2d 266, 268.

5   Plaintiff cites a number of cases in his opposition involving the issue of overdetention by
6   jail and prison officials.  See, e.g., Doc. 37, pp.3-4. However, virtually all these cases are
7   distinguishable from the facts in this case, as their facts involve allegations of overdetention by the
8   actual agency in custody of the prisoner or arrestee. In contract, Plaintiff McDaniel was a CDCR
9   prisoner, yet he has sued the County Defendants based on his temporary stay at the jail for court
10  proceedings. See Cal. Penal Code § 2690.5. There is one case cited by Plaintiff that is fairly similar
11  to the facts of this case: *Davis v. Hall*, 375 F.3d 703 (8th Cir. 2009). In *Davis v. Hall*, the Eighth
12  Circuit addressed an interlocutory appeal by *state prison officials* who had been denied qualified
13  immunity for failure to release plaintiff Davis after he was ordered released by the superior court.
14  After Davis' conviction was reversed and a new trial ordered, he negotiated a plea deal for time
15  served and was ordered to appear in the superior court to enter his plea and receive his new
16  sentence. The superior court issued a writ commanding his appearance at court; as a result, Davis
17  was transported by a *county agency* to the court where he entered his plea, was sentenced to time
18  served, and ordered immediately released. Despite the judge's order of release, the *county officials*
19  placed Davis in the county jail awaiting his transport back to the state prison. He remained at the
20  county jail for four (4) days before he was returned to state prison, where he remained for over 50
21  days after his ordered release. The state and county defendants both moved for summary judgment
22  based on qualified immunity. In *Davis v. Hall*, the district court *granted qualified immunity for the*
23  *county defendants*, granting their motion for summary judgment. The only issue addressed in the
24  Eighth Circuit's opinion was denial of qualified immunity for the state defendants; it did not
25  address the district court's granting of qualified immunity to the county defendants. *Id*. Thus, the
26  most factually analogous case cited by Plaintiff actually supports the County Defendants' position
27  that there is no liability against the County Defendants in this case. Plaintiff's Fourteenth
28  Amendment claim against the County Defendants must be dismissed.

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

COUNTY DEF'S REPLY TO PLAINTIFF' OPPO TO
MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

3

**B.      *Plaintiff Has No Basis For Monell Liability Against Sheriff Dirkse***

Plaintiff's SAC does not contain allegations sufficient to state a *Monell* claim either. Under 42 U.S.C. section 1983, "[a] local governmental entity is liable ... when action pursuant to official municipal policy of some nature cause[s] a constitutional tort." *Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1473–74 (9th Cir.1992) (*quoting Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)) (internal quotations omitted). In order to state a *Monell* claim against a government official in his official capacity, a plaintiff must allege "that the official (1) had final policymaking authority concerning the action alleged to have caused the particular constitutional or statutory violation at issue [;] and (2) was the policymaker for the local governing body for the purposes of the particular act." *Cortez v. County of Los Angeles*, 294 F.3d 1186, 1189 (9th Cir.2002) (internal quotations omitted).

The Ninth Circuit has recognized that sheriffs in California have final policy-making authority over county jail policies and thus may be subject to *Monell* liability claims. *Cortez*, 294 F.3d at 1189–90. However, a government official may be "found liable in his official capacity only if policy or custom...by a governmentally authorized decisionmaker...played a part in the violation of federal law." *Larez*, 946 F.2d at 646 (original brackets and citations omitted). Isolated events or random acts are not sufficient to establish custom or policy. *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989), *overruled on other grounds as stated in Bull v. City & County of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010).

Plaintiff's SAC alleges only a single incident—Plaintiff McDaniel's own temporary detention at the county jail for court while he was a CDCR prisoner—which is insufficient as "evidence" of a policy or custom under *Monell* against Sheriff Dirkse. *See Thompson v. City of Los Angeles*, 885 F.2d at 1444. Plaintiff makes no factual allegations of a custom, policy or practice by the Sheriff's Department of "overdetaining" CDCR prisoners (or any prisoners) at the County jail. A single incident of alleged unconstitutional activity is also insufficient to establish *Monell* liability based on a theory of failure to train, supervise or discipline officers. *See City of Okla. v. Tuttle (Tuttle)*, 471 U.S. 808, 823–24 (1985); *Alston*, 2012 WL 2839825, at * 8–9; *Monell v. Dep't of Social Servs.*, 436 U.S. at 694. "A pattern of similar constitutional violations by

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

COUNTY DEF'S REPLY TO PLAINTIFF' OPPO TO
MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

4

untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Id*. (*quoting Bryan County*, 520 U.S. at 409) (internal quotations omitted). There are no such factual allegations to support a failure to train theory against Sheriff Dirkse. Plaintiff's boilerplate allegations that Defendant Dirkse "was deliberately indifferent to their (sic) duties to properly train, discipline and supervise jail staff" (SAC at ¶ 83); "declined to implement sufficient training, sufficient policies, or any legitimate oversight or punishment of officers and agents" (¶ 84): and "Sheriff's office's practice and policy of relying on information from other jailers rather than orders from a court demonstrates a pattern and practice of overdetention" (¶ 85) are inadequate under *Iqbal* and *Twombly* pleading standards. *Iqbal*, 556 U.S. at 678; *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (internal brackets and quotes omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555). And Plaintiff's allegation regarding a "practice and policy of relying on information from other jailers rather than orders form a court demonstrates a pattern and practice of overdetention" (¶ 85) is nothing more than a formulaic recitation insufficient to impose *Monell* liability. Sheriff Dirkse must be dismissed.

**C.  Sheriff Dirkse, Sgt. Jose Sousa and Henry Mendez are Entitled to Qualified Immunity.**

While the County Defendants still maintain that they committed no constitutional violations, Sheriff Dirke (in his individual capacity), Sgt. Jose Sousa and Henry Mendez are entitled to qualified immunity.

Applying the two-part test in *Saucier v. Katz*, there is not any clearly established law that would have put the County Defendants on notice that their actions violated Plaintiff's constitutional rights in this case. 533 U.S. 194 (2001). Existing precedent must be sufficiently particularized such that the unlawfulness of the defendant's actions would be "apparent" and "beyond debate." *White v. Pauly*, 137 S. Ct. 548, 551, *citing Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015); *see also Anderson v. Creighton*, 483 U. S. 635, 640 (1987).

As explained in Defendants' moving papers, there are no allegations of any personal participation or involvement whatsoever by Sheriff Dirkse. As to Defendants Henry Mendez and

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

COUNTY DEF'S REPLY TO PLAINTIFF' OPPO TO
MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

5

Jose Sousa, the allegations in the SAC indicate they knew that Plaintiff was a CDCR prisoner, CDCR had placed a detainer on Plaintiff, and Plaintiff was being temporarily held at the jail for his county court proceedings. The superior court's October 24, 2019 order commanded Stanislaus County to return Plaintiff to CDCR custody after completion of court proceedings, and CDCR instructed them to return Plaintiff to CDCR custody on December 15, 2019 after the superior court ordered Plaintiff released on parole for Stanislaus County Case No. 1480530. The existing law would not have made it "apparent" that these County Defendant's actions were unlawful, nor "placed the statutory or constitutional question **beyond debate**." *White v. Pauly*, 137 S. Ct. at 551, *citing Mullenix v. Luna*, 136 S. Ct. at 308; *Anderson v. Creighton*, 483 U. S. at 640. Qualified immunity is intended to give "government officials breathing room to make reasonable but mistaken judgments," and "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. al-Kidd*, 563 U.S. at 743, *quoting Malley v. Briggs*, 475 U.S. 335, 341 (1986). In fact, the only factually similar case identified by Plaintiff supports qualified immunity in favor of the County Defendants. *Davis v. Hall*. 375 F.3d 703; see discussion supra in Section A. Based on Plaintiff's allegations in this case, the County Defendants are entitled to qualified immunity.

### D. Plaintiff's Failure To Comply with the California Tort Claims Act Is Fatal To All State Law Claims

The California Tort Claims Act requires that a claim must be presented to the public entity within six months after the accrual of the cause of action. Cal. Govt. Code § 911.2(a). A plaintiff may not maintain an action for damages against a public entity or its officials unless a tort claim has first been presented to the appropriate entity and has been acted upon by that entity *before* filing a lawsuit. Cal. Gov. Code §§ 905, 945.4, 950.2; *Mangold v. California Pub. Utilis. Comm'n.*, 67 F.3d 1470, 1477 (9th Cir.1995).

Plaintiff makes two arguments in his opposition. First, he claims that submission of a tort claim to Stanislaus County on June 23, 2020 was sufficient, although it was submitted *after this lawsuit was filed* and before the Stanislaus County Board of Supervisors was able to respond to the tort claim by letter dated August 6, 2020. (See SAC ¶¶55, 57; Doc. 1). Plaintiff failed to address

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

COUNTY DEF'S REPLY TO PLAINTIFF' OPPO TO
MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

6

Defendants' argument that filing a tort claim *after* filing the lawsuit does not constitute compliance with the Tort Claims Act. *Le Mere v. L.A. Unified School Dist.*, 35 Cal. App. 5th 237, 246 (Cal. Ct. App. 2019). It is only after the public entity has had an opportunity to act on the tort claim that the claimant may pursue a lawsuit for state law torts against the public entity and its officials. *Id*. Plaintiff filed this lawsuit before he submitted his tort claim and before the County had an opportunity to respond to that tort claim. Plaintiff's state law claims fail on this basis.

Second, Plaintiff attempts to bootstrap the County Defendants with the CDCR Defendants by arguing that his tort claim was timely because CDCR did not release Plaintiff from custody until January 7, 2020. The cause of action against the County Defendants accrued when Plaintiff left the County jail on December 18, 2019. See SAC at ¶¶ 32-35, 38, 40, 41, 42. Under the California Tort Claims Act, a claimant must present a tort claim to the public entity within six months after the accrual of the cause of action. Cal. Govt. Code § 911.2(a). Plaintiff submitted his tort claim on June 23, 2020, more than six months after December 18, 2019. Plaintiff's attempt to shift blame for CDCR's decision to hold Plaintiff in CDCR custody until January 7, 2020 cannot be imputed to the County Defendants. His tort claim submitted to Stanislaus County on June 23, 2020, more than six months after his cause of action accrued, was untimely and all state law claims (the second, third, fourth and sixth causes of action) must be dismissed.

**E.     *Plaintiff's Second Cause of Action Fails to State A Claim For Damages Or Declaratory Relief Under Article 1, Section 7 Of The California Constitution***

Plaintiff McDaniel appears to seek damages under Article I, section 7 of the California Constitution (SAC at ¶¶ 63-65). However, Plaintiff has no right to seek damages under Article I, section 7 of the California Constitution. *Katzberg v. Regents of the University of California*, 29 Cal. 4th 300, 329 (Cal. 2002); *Javor v. Taggart*, 98 Cal. App. 4th 795, 807 (Cal. Ct. App. 2002). To the extent Plaintiff may be seeking declaratory relief under Article 1, section 7 of the California Constitution, any such relief would be moot and speculative as Plaintiff has already been released from custody. Thus, Plaintiff's second cause of action must be dismissed.

///

///

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

COUNTY DEF'S REPLY TO PLAINTIFF' OPPO TO
MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

7

**F.     Plaintiff's Third and Fourth Causes of Action Fail to Allege Facts Sufficient to State a Claim Against The County Defendants.**

Besides Plaintiff's failure to comply with the California Tort Claims Act, Plaintiff's claims for state law negligence and false imprisonment also fail on other grounds. In the third cause of action for negligence, plaintiff alleges that "due to their professional role as jailors, Defendants owed duties to avoid overdetention to the persons in their custody, including Mr. McDaniel." SAC at ¶ 68. In the fourth cause of action for false imprisonment, plaintiff alleges that "the legal authority to detain Mr. McDaniel expired" on December 13, 2019.  SAC at ¶ 77.

*Sheriff Jeff Dirkse*

As explained in Section G infra, Sheriff Dirkse cannot be held liable for either of these claims because there is no vicarious liability under state law for the acts of others. Cal. Gov. Code § 820.8. The California Government Code specifically excludes liability against a public official for the actions of his subordinates and Plaintiff does not name the County as a defendant. See id; and see Cal. Gov. Code § 815.2 (which applies to public *entity* only). For the sheriff to be liable for false imprisonment for a person incarcerated at the jail after charges against him have been dismissed requires either that the sheriff have actual knowledge that imprisonment is unlawful or, alternatively, that he has some notice sufficient to put him, as a reasonable man, under duty to investigate the validity of the incarceration. *Sullivan v. County of Los Angeles*, 12 Cal. 3d 710 (1974) (citing Cal. Gov. Code §§ 815.2, 820, 820.4). There is no basis alleged in the complaint for a negligence or false arrest claim against Sheriff Dirkse given there are no allegations that Dirkse was present during Plaintiff's temporary stay at the jail or any knowledge or involvement therein. These claims against Sheriff Dirkse merely offer labels and conclusions or formulaic recitations of the elements of the causes of action, which are insufficient under federal pleading standards. *Iqbal*, 556 U.S. at 678.

*Henry Mendez and Sgt. Sousa*

As stated in *Sullivan v. County of Los Angeles*, a jailer is liable for the state tort of false imprisonment if he knew or should have known of the illegality of the imprisonment. The test requires either that he have actual knowledge that the imprisonment is unlawful or, alternatively,

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

COUNTY DEF'S REPLY TO PLAINTIFF' OPPO TO
MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

8

that he have some notice sufficient to put him, as a reasonable man, under a duty to investigate the validity of the incarceration.

12 Cal. 3d 710, 717-718.

The SAC does not allege that Defendants Mendez or Sousa had *actual* knowledge of Plaintiff's alleged wrongful detention. Thus, the issue is whether (1) Mendez and Sousa had a duty in relation to Plaintiff's detention status, and (2) whether their actions breached such duty (i.e. their conduct fell below the reasonable standard of care. Plaintiff McDaniel was a CDCR prisoner, temporarily staying at the County jail (out to court); he was not a Stanislaus County Jail prisoner. He remained a CDCR prisoner while at the jail. See Cal. Penal Code § 2690.5. As further demonstration of its continued custody of Plaintiff, CDCR issued a detainer for Plaintiff McDaniel that was provided to the County jail. See SAC at ¶¶ 26-30. On October 24, 2019, the superior court also issued an order commanding CDCR to deliver Plaintiff McDaniel to the Sheriff of Stanislaus County for further court proceedings, and in this order the judge commanded the Stanislaus County Sheriff to "obtain custody of [McDaniel], transport [him] and produce him at the Stanislaus County Jail to hold him in custody pending completion of the proceedings in this action [criminal case no. 1480530] and *then return him to the custody of the Department of Corrections*." See Request for Judicial Notice and Decl. of Shanan L. Hewitt, Exh. B (*emphasis added*) filed in support of Defendant's moving papers. The Stanislaus County Jail was a temporary holding facility for a CDCR prisoner McDaniel, which was abundantly clear by the superior court's October 24, 2019 order as well as the CDCR detainer issued to Stanislaus County. After Plaintiff's court hearing on Friday December 13, 2019, Mendez contacted CDCR and was directed to return Plaintiff to CDCR custody on December 15, 2019. The allegations in the SAC do not support Plaintiff's claims for false imprisonment or negligence against the County Defendants.

### G. Plaintiff's Sixth Cause of Action Fails as California Government Code Section 820.8 Immunizes Sheriff Dirkse from Vicarious Liability

As stated previously, Plaintiff's SAC alleges no contact whatsoever between the Sheriff and Plaintiff and no knowledge regarding Plaintiff's temporary detention at the jail for court proceedings. Plaintiff attempts to impose vicarious liability on Sheriff Dirkse, based on the alleged

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

COUNTY DEF'S REPLY TO PLAINTIFF' OPPO TO
MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

9

acts of the Sheriff's subordinates, arguing that they are suing Sheriff Dirkse in his official capacity for this claim. SAC at ¶¶ 87-88. However, Sheriff Dirkse is immune from vicarious liability pursuant to California Government Code section 820.8. *Weaver v. State of California*, 63 Cal. App.4th 188, 202-03 (Cal. Ct. App. 1998). California Government Code section 815.2, cited by Plaintiff in his opposition, provides a statutory basis for vicarious liability against a public entity, not a public official sued in his "official capacity" as is commonly pleaded in 42 U.S.C. section 1983 claims. California Government Code section 820.8 immunizes Sheriff Dirkse from vicarious liability for the alleged acts of subordinate employees and he must be dismissed.

**H.     Plaintiff Fails to Allege Facts Sufficient to State a Claim for Punitive Damages Against Sheriff Dirkse, Sgt. Sousa or Henry Mendez**

Plaintiff's prayer for exemplary/punitive damages against Defendants Dirkse, Mendez and Sousa cannot stand in light of the allegations in the SAC. An award of punitive damages must be based on intentional or malicious conduct, and the allegations in this case are insufficient to support a prayer for punitives against Sheriff Dirkse, Henry Mendez or Sgt. Jose Sousa. *Newport v. Fact Concerts*, 453 U.S. 247, 266-67 (1981). Plaintiff was a CDCR prisoner being held in the county jail solely for court proceedings and remained a CDCR prisoner throughout that time. The County Defendants' return of Plaintiff to CDCR under the circumstances of this case is insufficient to support a punitive damages award against them. The prayer for punitives must be dismissed.

### III.  CONCLUSION

As explained in the County Defendants' current motion, Plaintiff David McDaniel has no basis for legal action against Sheriff Jeff Dirkse, Henry Mendez or Jose Sousa based on the allegations set forth in his Second Amended Complaint. Defendants Dirkse, Mendez and Sousa therefore respectfully request dismissal from this action without leave to amend.

DATE: December 2, 2020                    RIVERA HEWITT PAUL LLP

*/s/ Shanan L. Hewitt*
SHANAN L. HEWITT
Attorney for Defendants
STANISLAUS COUNTY SHERIFF JEFF DIRKSE,
SGT. JOSE SOUSA and HENRY MENDEZ

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

COUNTY DEF'S REPLY TO PLAINTIFF' OPPO TO
MTN TO DISMISS SAC
Case No. 1:20-cv-00856-NONE-SAB

10