XAVIER BECERRA, State Bar No. 118517
Attorney General of California
R. LAWRENCE BRAGG, State Bar No. 119194
Supervising Deputy Attorney General
ARTHUR B. MARK III, State Bar No. 220865
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7345
 Fax: (916) 324-5205
 E-mail: Arthur.Mark@doj.ca.gov
*Attorneys for Defendants T. Brown, R. Delacruz,
J. Guerrero, N. Harrington, E. Pruitt, and B. Smith*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **DAVID McDANIEL,**<br><br>Plaintiff,<br><br>v.<br><br>**RALPH DIAZ, et al.,**<br><br>Defendants. | Case No. 1:20-cv-00856-NONE-SAB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date: January 13, 2021<br>Time: 10:00 a.m.<br>Courtroom: 9<br>Judge: The Honorable Stanley A. Boone<br>Trial Date: None Set<br>Action Filed: June 22, 2020 |

**INTRODUCTION**

Plaintiff's second amended complaint must be dismissed for failure to state a claim. His over-detention claim under 42 U.S.C. § 1983 is not viable because he has not plausibly alleged that Defendants knew of and disregarded a substantial risk that the Plaintiff was being incarcerated beyond the lawful termination of his sentence. In addition, his state law claim fail because he failed to comply with the Government Claims Act before filing suit and cannot amend to cure that defect. Accordingly, the SAC should be dismissed without leave to amend.

/ / /

/ / /

1

## FACTS ALLEGED

Plaintiff, a parolee of the California Department of Corrections and Rehabilitation, alleges that in 2017, he was convicted by a jury of several counts of robbery and prior convictions. (Second Amended Complaint (SAC), ECF No 31. ¶ 22). On May 16, 2017, he was sentenced to 125 years to life, plus an additional 25 years. (*Id*. at 23.) He was committed to CDCR at California State Prison-Solano (CSP-Solano) on May 30, 2017. (*Id.* ¶ 24.)

Plaintiff appealed his conviction, which was reversed on October 16, 2019, and remanded to the Stanislaus County Superior Court for retrial. (*Id*. ¶ 25.) The Superior Court ordered Plaintiff to be transferred to the custody of the Stanislaus County Sheriff for purposes of further proceedings in his criminal matter. (*Id.* ¶ 26-27.)

Defendant Delacruz, unaware of the reversal of Plaintiff's convictions, placed a detainer on Plaintiff when he went left the CSP-Solano. (*Id.* ¶ 27-28.) Plaintiff was transferred to the custody of the Stanislaus County Sheriff on November 21, 2019. (*Id.* ¶ 29-30.)

On December 13, 2019, Plaintiff appeared in the Stanislaus Superior Court; he accepted a plea agreement, in lieu of a retrial and was sentenced to six years imprisonment and a period of parole. (*Id.* ¶ 31-32.) The court calculated that Plaintiff had 2,518 days of credits from being in custody and entered order providing that he was to be "released on parole." (*Id.* ¶ 33-34.) The abstract of judgment was filed on December 16, 2019, noting Plaintiff was 'remanded to the custody of the Sheriff'" and then "released on parole." (*Id.* ¶ 35.)

Plaintiff was returned to the custody of the Sheriff, and a copy of the court's minute order was provided to the Sheriff. (*Id.* at 38.) Plaintiff claimed he informed the County Defendants in the jail that he should have been released. (*Id*. at 39.) County Defendant Mendez allegedly called CDCR Defendant Guerrero on December 15, 2020, regarding Plaintiff's status and was advised to return him to CDCR custody based on the detainer issued in November 2019. (*Id.* ¶ 40.) Mendez did not advise Guerrero of any court orders or change in Plaintiff's sentence. (*Id.* ¶ 40.) The County Defendants returned Plaintiff to California State Prison-Solano on December 18, 2019. (*Id.* at 41-44.)

///

Plaintiff alleges he "informed Defendants at Solano that he had been ordered released and was being unlawfully" but admits that no copy of his abstract of judgment or court order was provided to CDCR until December 30, 2019.  (*Id.* ¶ 40-50.)  Defendants processed Plaintiff for release on parole as directed by the order and he was released within five business days of the receipt of the order on January 7, 2020.  (*Id.* ¶ 51-53.)  Plaintiff alleged he submitted tort claim to CDCR "on June 23, 2020."  (*Id.* ¶ 55; *see* RJN Ex. A.)  This claim was rejected on July 10, 2020.  (*Id.* ¶ 56.)

Plaintiff sues the CDCR Defendants for violation of his due process rights under the Fourteenth Amendment.  (SAC ¶ 58-61.)  His remaining claims against the CDCR Defendants are state law tort claims for: (1) violation of the California Constitution; (2) negligence; and (3) false imprisonment.  (SAC, ¶ 62-81) (second, third and fourth causes of action).

## PROCEDURAL HISTORY

Plaintiff filed this action on June 22, 2020.  (ECF No. 1.)  His original and first amended complaints were dismissed by stipulation and the operative second amended complaint was filed on October 14, 2020.  The CDCR Defendants, all added in the SAC, waived service.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*.  A complaint that fails to allege facts that support a plausible, as opposed to a merely conceivable, claim fails to state facts sufficient to constitute a cause of action and should therefore be dismissed.  *Id*.  A dismissal under Rule 12(b)(6) is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In addition, the Court may take judicial notice of documents, where judicial notice is sought, and the documents

are not subject to reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

**ARGUMENT**

**I.    PLAINTIFF HAS NOT STATED A COGNIZABLE CLAIM UNDER 42 U.S.C. § 1983 AGAINST THE CDCR DEFENDANTS.**

Plaintiff's single federal claim against the Defendants fails. Plaintiff attempts to sue the CDCR Defendants for a due process violation under the Fourteenth Amendment. (SAC, ECF No. 31 at 9-10.) However, claims against prison officials for over-detention arise under the Eighth Amendment, and to state a claim, a plaintiff must plead facts that plausibly demonstrate deliberate indifference. *Bratton v. Cty. of Riverside*, No. EDCV1800044JVSGJS, 2019 WL 506109, at *4 (C.D. Cal. Jan. 7, 2019), report and recommendation adopted, No. EDCV 18-44-JVS (GJS), 2019 WL 498793 (C.D. Cal. Feb. 8, 2019) (citing *Haygood v. Younger*, 769 F.3d 1350, 1354-58 (9th Cir. 1985). Specifically, the Plaintiff must allege three elements:

> "'(1) a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted; (2) the official either failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to the prisoner's plight; and (3) a causal connection between the official's response to the problem and the unjustified detention."

*Bratton*, 2019 WL 506109 at *4. And, for each defendant, the plaintiff must allege facts that could support a finding of individualized fault under the above standard. *Id.* (citing *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988).) In *Bratton*, allegations that CDCR officials detained plaintiff four months beyond his release were insufficient to state a claim where the plaintiff failed to plead that any defendant was specifically made aware of a judgment changing his release date and that they took no action to release the plaintiff once aware of that date. *Id.* at *4-5. Vague oral complaints to unspecified defendants about a release date are insufficient to support an over-detention claim under the Eighth Amendment. *Id.*

Here, Plaintiff's allegations against the CDCR Defendants do not allege all the elements of a deliberate indifference claim. As in *Bratton*, Plaintiff makes a vague allegation he orally informed unspecified "Defendants" he was ordered released "shortly after arriving at Solano", but

4

1  he does not allege providing them any copy of an amended abstract of judgment or minute order
2  upon his return to CDCR custody at CSP-Solano on December 18, 2019.  (SAC, ¶ 45.)
3         Plaintiff does not allege CDCR even received a copy of the minute order changing his
4  release date until December 30, 2019.  (SAC, ¶ 47-51.)  Plaintiff broadly claims "Defendants"
5  received a phone call from Plaintiff's counsel and a copy of the order on December 30, 2019,
6  without identifying who received the order or call.  (*Id.*)  Assuming *arguendo* each CDCR
7  Defendant received notice of the change in Plaintiff s sentence on December 30, 2019, deliberate
8  indifference has not been shown because Plaintiff was released with five business days following
9  notice of the order to CDCR.  (*Id.* ¶ 51.)  Far from ignoring Plaintiff's changed sentence,
10 Defendants acted to release him within the time allowed by CDCR regulations.  Specifically,
11 California Code of Regulations Title 15, § 3377.1(e)(2) provides that "if an abstract of judgment,
12 amended abstract of judgment or other court order is *received* for an inmate who has been
13 incarcerated by the department for at least five business days and it is determined the inmate is
14 immediately eligible for release or eligible for release within the following five business days, he
15 or she shall be released no later than five business days after receipt of the abstract of judgment,
16 amended abstract of judgment or court order."  (Cal. Code Regs. tit. 15, § 3377.1(e)(2).)
17        CDCR received the court order on December 30, 2019.  (ECF No. 31, ¶ 48-50.)  Nothing
18 in Plaintiff's complaint indicates the CDCR Defendants were aware of the changed sentence at
19 any time before December 30, 2019.  (*Id.*)  Plaintiff was released on January 7, 2020, which is
20 within five business days.  (*Id.*)  Accordingly, the CDCR Defendants acted to facilitate Plaintiff's
21 release within the time allowed by law and did not ignore his resentencing order.   Thus, no
22 plausible deliberate indifference claim has been stated.

23 **II.   DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY AGAINST PLAINTIFF'S FEDERAL CLAIM.**
24

25       Qualified immunity protects officers from "'liability for civil damages insofar as their
26 conduct does not violate clearly established statutory or constitutional rights of which a
27 reasonable person would have known.'"  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).
28 Qualified immunity "gives government officials breathing room to make reasonable but mistaken

1  judgments, and protects all but the plainly incompetent or those who knowingly violate the law."
2  *Stanton v. Sims*, 134 S. Ct. 3, 5 (2013) (internal quotations marks omitted). A constitutional right
3  is only considered clearly established if it would have been "clear to a reasonable officer that his
4  conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).
5  Because qualified immunity is immunity from suit, as opposed to a defense to liability, it should
6  be determined at the earliest possible stage of the case. *Hunter v. Bryant*, 502 U.S. 224, 227
7  (1991).

8  "To determine whether a right was clearly established, a court turns to Supreme Court and
9  Ninth Circuit law existing at the time of the alleged act." *Cmty. House, Inc. v. City of Boise,* 623
10 F.3d 945, 967 (9th Cir. 2010).  In *Mullenix v. Luna*, 136 S. Ct. 305 (2015), the Supreme Court
11 directed that courts must not "define the clearly established law at a high level of generality."
12 *Mullenix*, 136 S. Ct. at 308.  Rather, in determining whether the right has been clearly established,
13 the court must frame the question in terms of the specific context and circumstances of the
14 particular case. *Id.* at 308-09. "An officer cannot be said to have violated a clearly established
15 right unless the right's contours were sufficiently definite that any reasonable official in his shoes
16 would have understood that he was violating it." *City and County of San Francisco v. Sheehan*,
17 135 S. Ct. 1765, 1774 (2015) (brackets and internal punctuation marks omitted).  While a case
18 directly on point is not required, "existing precedent must have placed the statutory or
19 constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

20  For an alleged violation to be considered clearly established, there must be prior precedent
21 where a prison official, acting under *similar circumstances*, was held to have violated the
22 plaintiff's constitutional rights. *Sharp v. County of Orange*, 871 F.3d 901, 911, 916 (9th Cir.
23 2017).  Accordingly, the CDCR Defendants cannot be held liable unless there is prior precedent
24 establishing that releasing an inmate who was resentenced from a 150-years-to-life sentence to a
25 sentence of essentially time-served plus a period of parole within five business of receipt of the
26 court order with the new sentence violated the inmate's civil rights.  The *Bratton* case plainly
27 shows the state of the law in 2019, and that is was not clearly established that prison officials in
28 the CDCR Defendants' positions could be liable for over-detention.  Where prison officials are

not aware of the over-detention, they cannot be liable.  Nor, can they be deliberately indifferent if, upon receipt of an order showing the inmate is entitled to release, they take action to release him within the time specified by regulations.  *Bratton*, 2019 WL 506109 *2-4.  Accordingly, the CDCR Defendants should be granted qualified immunity against Plaintiff's claims.

### III. PLAINTIFF'S STATE LAW CLAIMS ARE BARRED DUE TO HIS FAILURE TO COMPLY WITH THE GOVERNMENT CLAIMS ACT.

Plaintiff's state law claims against the CDCR Defendants (second, third and fourth causes of action) are barred because of his failure to comply with California's Government Claims Act (GCA).  California's Government Claims Act,[1] California Government Code § 810 *et seq.*, requires a plaintiff suing a public employee or entity for damages to timely present a government claim before filing suit.  *State of California v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1239 (2004).  It is mandatory that a plaintiff present a claim and the failure to do so, or to adhere to the requirements for claims presentation and the statutes of limitations for filing suit provided by the Act, is fatal to a tort claim against a public entity or employee.  *Id*. at 1239.  Here, documents subject to judicial notice demonstrate that Plaintiff's state law claims against the CDCR Defendants are barred because he failed to comply with the GCA before filing suit.

Section 945.4 of the Government Claims Act provides that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division."  Cal. Gov't Code § 945.4 (West).  The presentation of a timely claims and action by the Board is a *prerequisite* for a lawsuit.  *Lowry v. Port San Luis Harbor Dist.*, 56 Cal. App. 5th 211, 219 (2020).  A lawsuit that is filed *before* a claim is presented or before the agency acts on the claim, or the time for action has expired is barred due to failure to comply with the Act. *Id.*

///

---

[1] Formerly the California Tort Claims Act.

7

In *Lowry*, the plaintiff filed a civil complaint against the Port San Luis Harbor District regarding his injury. The same day that he filed his complaint, he faxed an application to present a late claim under Government Code section 911.4. The Harbor District later denied the claim (and, in doing so, implicitly granted the application to present a late claim). *Lowry*, 56 Cal. App. 5th at 216. The court dismissed the complaint for failure to comply with the Act because the plaintiff filed suit *before* his claim had been acted on by the defendant. *Id.* The court of appeal affirmed, finding the plaintiff's lawsuit was premature because he had filed it before the Board took action on his late-claim application, and before the deadline for the Board to respond expired. *Id.* at 219-220. The Court also concluded that Lowry could not amend to state that he complied with the applicable claims statutes because the suit had not been preceded by the rejection of a claim as required by the Act. (*Id.* at 220.)

Like in *Lowry,* Plaintiff's state law claims here are barred. Plaintiff filed his complaint in this case on June 22, 2020. (ECF No. 1.) However, he did not present his Government Claim until June 23, 2020. (RJN, Ex. A, SAC ¶ 55.) And, the Department of General Services timely acted to deny the claim—on July 10, 2020. (RJN Ex. A, SAC ¶ 56.) Plaintiff, therefore, did not comply with the Government Claims Act before filing suit because he filed his complaint *before* he submitted his government claim and before it was acted on by the agency. *Lowry*, 56 Cal. App. 5th at 219-220. He cannot amend to state compliance because his lawsuit preceded the rejection of his claim. *Id.* at 220. Accordingly, Plaintiff's state law claims are barred by his failure to comply with the Government Claims Act and must be dismissed without leave to amend.

**IV.   PLAINTIFF'S CLAIMS ALSO FAIL BECAUSE HE WAS LEGALLY WITHIN CDCR'S CUSTODY.**

The Plaintiff was not entitled to be released upon pronouncement of his sentence to time served because his sentence included a period of parole that had not been completed. Plaintiff admits he was sentenced to six years of time served, but was to be released "to parole." (SAC ¶ 32-33.) The statutory period of parole is separate from the underlying prison sentence and is a part of the punishment for the crime. *People v. Nuckles*, 56 Cal. 4th 601, 608-09 (2013). A

person on parole is still in the legal custody of the California Department of Corrections and Rehabilitation. *Id.* at 609. Accordingly, because Plaintiff was "released to parole" he was legally in the custody of CDCR after his plea deal and sentencing. *Id.* In this regard, parole can be served either in the "in physical custody, or . . . out of physical custody and subject to certain conditions." *Id.* at 609. *See In re E.J.*, 47 Cal. 4th 1258, 1283 (2010) ("a parole term is a component of the inmate's original sentence, and that parolees remain in the constructive custody of CDCR for the duration of their fixed parole terms and are not formally "discharged" from the department's custody until the expiration of the parole term. (*See* [Cal. Penal Code] §§ 3000, subd. (a)(1), 3056.)"); *Berman v. Cate,* 187 Cal. App. 4th 885, 892 (2010) ("A parolee remains constructively imprisoned since he is not free from legal restraint by the authorities. . . ."); *Samson v. California*, 547 U.S. 843, 851 (2006) (Under California law, "an inmate-turned-parolee remains in the legal custody of the [CDCR] through the remainder of his term."). Accordingly, Plaintiff was not entitled to be freed or a "free man" as he alleges, on December 13, 2019. His parole status left him in the custody of CDCR.

Here, because Plaintiff was legally in the custody of CDCR due to his release to parole, no claim has been stated against the CDCR Defendants. Plaintiff's first cause of action, for violation of due process rights, fails because he was not deprived of any liberty interest. He was in the legal custody of CDCR due to his parole sentence. Accordingly, he was not deprived of any liberty interest because his parole can be served either in physical custody or out of physical custody, subject to certain conditions. *Samson*, 547 U.S. at 851; *Nuckles*, 56 Cal. 4th 608-09.

Likewise, the false imprisonment claim fails. Generally, false imprisonment is the "nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short." *Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 715 (1994). Plaintiff has not stated a claim for false imprisonment because he was legally in the custody of CDCR due to his sentence of parole. Accordingly, the false imprisonment claim fails. Plaintiff's first cause of action (Article 1, Section 7 of the California Constitution) also fails because his being in custody of CDCR did not deprive him of liberty—he was legally in custody due to the sentence of parole. In addition, Plaintiff has not stated a claim for negligence. A claim for negligence requires the

plaintiff to plead a duty and a breach of duty.  *Ladd v. County of San Mateo* 12 Cal. 4th 913, 917 (1996); *Hayes v. County of San Diego* 57 Cal. 4th 622, 629 (2013).  Plaintiff has not stated a claim for negligence because CDCR had no duty to release Plaintiff because he was still legally in their custody due to the parole.  Thus, no claim for negligence had been stated.

## CONCLUSION

Plaintiff's has failed to allege cognizable federal civil rights claim against the CDCR Defendants.  His complaint does not allege that any of the CDCR Defendants received the order changing Plaintiff's sentence before December 30, 2019.  Once received by CDCR, he was released within five business days, within the time allowed by CDCR's regulations.  Accordingly, there is no indication within the complaint that any of the CDCR Defendants were deliberately indifferent to the court's resentencing order.

Regarding Plaintiff's state law claims, he failed to comply with the Government Claims Act before he filed this action.  Plaintiff filed this lawsuit without waiting for the state to act on his claim.  This failure to comply with the Act bars his state law claims.

Finally, all of Plaintiff's claims also fail because his sentence included a period of parole.  A parolee is still legally in the custody of CDCR.  Thus, the fact that Plaintiff was in CDCR's physical custody until his release on January 7, 2020 did not implicate any liberty interest of Plaintiff.

/ / /

/ / /

/ / /

The Court should grant the CDCR Defendants' motion and dismiss the second amended complaint without leave to amend.

Dated: December 14, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
R. LAWRENCE BRAGG
Supervising Deputy Attorney General

*/s/ Arthur B. Mark III*

ARTHUR B. MARK III
Deputy Attorney General
*Attorneys for Defendants T. Brown,
R. Delacruz, J. Guerrero, N. Harrington,
E. Pruitt, and B. Smith*

SA2020302391
34660455.docx

11

# CERTIFICATE OF SERVICE

Case Name:   **David McDaniel v. Ralph Diaz, et al.**        No.   **1:20-cv-00856-NONE-SAB**

I hereby certify that on **December 14, 2020**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **December 14, 2020**, at Sacramento, California.

|  D. Jones  |  */s/ D. Jones* |
|---|---|
| Declarant | Signature |

SA2020302391
34668370.docx