# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MCDANIEL,<br><br>    Plaintiff,<br><br>    v.<br><br>RALPH DIAZ, et al.,<br><br>    Defendants. | Case No.  1:20-cv-00856-NONE-SAB<br><br>ORDER GRANTING DEFENDANT'S REQUEST TO PLACE UNDER SEAL EXHIBIT TO MOTION TO DISMISS<br><br>(ECF No. 46)<br><br>SEVEN DAY DEADLINE |

David McDaniel ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 22, 2020.  On December 14, 2020, Defendants Tania Brown, Rhona Delacruz, Joseph Guerrero, Nichelle Harrington, Elijah Pruitt, and Brandy Smith filed a motion to dismiss and request for judicial notice.  (ECF Nos. 40, 41.)  On December 30, 2020, Defendants filed a request to strike or seal an exhibit that was attached to the motion to dismiss.  (ECF No. 46.)

Defendants assert that a check was attached to the motion to dismiss that inadvertently contained private account information for Plaintiff's counsel's checking account.  Attached to the motion is a copy of the check with the account information redacted.

Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)).  Nevertheless, this access to judicial records is not absolute. Kamakana, 447

1  F.3d at 1172.  The court has recognized a category of documents that is not subject to the right of
2  public access because the documents have "traditionally been kept secret for important policy
3  reasons."  Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989).  Where
4  documents such as those presented here are accompanying a motion for resolution of disputes on
5  the merits that "is at the heart of the interest in ensuring the 'public's understanding of the
6  judicial process and of significant public events[,] . . . " 'compelling reasons' must be shown to
7  seal judicial records attached to a dispositive motion."  Kamakana, 447 F.3d at 1179.

8    The party seeking to have the document sealed must present "articulable facts"
9  identifying the interests that favor secrecy and show that these specific interests overcome the
10 presumption of access because they outweigh the public's interest in understanding the judicial
11 process.  Kamakana, 447 F.3d at 1180.  The Court starts from the strong presumption in favor of
12 access to public records and then considers whether the party seeking to have the record sealed
13 has demonstrated a compelling reason to have the record sealed.  Id. at 1178-79.  This requires
14 the Court to conscientiously balance the competing interests of the public in accessing the
15 records and the party who seeks to keep the records secret.  Id. at 1179.  The Court is required to
16 "articulate the factual basis for its ruling, without relying on hypothesis or conjecture."  Id.
17 (citations omitted).

18   Here, Defendants seek to place under seal the account information on a check used to pay
19 the fees associated with filing the plaintiff's government claim form.  The Court finds that
20 compelling reasons exist to place the document under seal.  The information contained on the
21 exhibit is the type of information that is could be misused and cause significant harm to counsel.
22 This weighs heavily in favor of placing the record under seal.  Further, the exhibit itself has little
23 relevancy to the issues to be decided in this action.  While the Court may be considering whether
24 a claim form was timely filed, the manner of payment of the fee is not at issue.  Therefore,
25 sealing the document will not interfere with the public's interest in understanding the judicial
26 process.  The Court finds that compelling reasons exist to place the documents under seal and
27 shall grant the request.
28 / / /

Accordingly, IT IS HEREBY ORDERED that:

1. The request to seal or strike private information, filed December 30, 2020, is GRANTED;

2. The Clerk of the Court is DIRECTED to place Defendants' request for judicial notice (ECF No. 41) and Defendants' request to strike or seal private information (ECF No. 46) under seal;

3. Within **seven (7) days** of the date of entry of this order, Defendants shall file the request for judicial notice and request to strike or seal private information in the record without the sealed exhibit (ECF No. 41 at p. 8 and ECF No. 46 at p. 8).

IT IS SO ORDERED.

Dated: __**December 30, 2020**__

UNITED STATES MAGISTRATE JUDGE

3