**RIVERA HEWITT PAUL LLP**
11341 Gold Express Drive, Suite 160
Gold River, California 95670

Tel: 916-922-1200 Fax: 916 922-1303

Shanan L. Hewitt, SBN 200168
shewitt@rhplawyers.com
Jonathan B. Paul, SBN 215884
jpaul@rhplawyers.com
Jill B. Nathan, SBN 186136
jnathan@rhplawyers.com

Attorneys for Defendants
SHERIFF JEFF DIRKSE,
SGT. JOSE SOUSA and
HENRY MENDEZ

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID MCDANIEL,<br><br>  Plaintiff,<br><br>vs.<br><br>RALPH DIAZ, in his official capacity; JEFF DIRKSE, in his individual and official capacity; RHONA DELACRUZ; JOSEPH GUERRERO; JOSE SOUSA; HENRY MENDEZ; CALIFORNIA DEPARTMENT OF CORRECTION AND REHABILITATION DOES 1-10; and STANISLAUS COUNTY SHERIFF'S DEPARTMENT DOES 1-5,<br><br>  Defendants. | CASE NO: 1:20-cv-00856-NONE-SAB<br><br>**DEFENDANTS DIRKSE, SOUSA AND MENDEZ'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS [Doc. 43]**<br><br><br>Hearing Date: December 9, 2020<br>Time:          10 a.m.<br>Courtroom:  9<br>Judge:         Hon. Stanley Boone |

## I. INTRODUCTION

Sheriff JEFF DIRKSE, Sgt. JOSE SOUSA, and HENRY MENDEZ from the Stanislaus County Sheriff's Department ("County Defendants") hereby submit their objections to the Magistrate Judge's Findings and Recommendations issued on December 17, 2020 (Doc. 43). As explained in Defendants' moving papers, their reply and at oral argument, Plaintiff DAVID MCDANIEL fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12.

## II. SUMMARY OF THE ALLEGATIONS IN COMPLAINT

Plaintiff David McDaniel was initially arrested in connection with Stanislaus County Superior Court Case Number 1480530 on October 31, 2014. Second Amended Complaint ("SAC") at ¶ 20. On February 16, 2016, Plaintiff was charged in case number 1480530 with ten counts of robbery with special allegations based on several prior convictions and two prior convictions eligible for sentencing enhancements. SAC at ¶ 21. The case proceeded to trial and plaintiff was convicted of multiple counts, except one. In May 2017, the court sentenced plaintiff to an indeterminate sentence of 125 years to life in prison and an indeterminate sentence of 25 years. SAC at ¶¶ 22 and 23. He was admitted to California State Prison, Solano on or around May 30, 2017. SAC at ¶ 24. He appealed his conviction and the Court of Appeal remanded the case back to Stanislaus County Superior Court. SAC at ¶ 25.

On October 24, 2019, Stanislaus County Superior Court Judge Nancy Ashley signed an order on case number 1480530 commanding CDCR to deliver Plaintiff McDaniel to the Sheriff of Stanislaus County for further court proceedings. SAC at ¶ 26. Judge Ashley ordered the Stanislaus County Sheriff to "obtain custody of [McDaniel], transport [him] and produce him at the Stanislaus County Jail to hold him in custody pending completion of the proceedings in this action [criminal case no. 1480530] and then return him to the custody of the Department of Corrections." See Request for Judicial Notice and Declaration of Shanan L. Hewitt in Support of Motion to Dismiss the Second Amended Complaint, Exh. B: Declaration and Order for Production From California State Prison, filed October 24, 2019, Case No. 1480530 (filed with Defendant's moving papers). On November 13, 2019, CDCR Defendant Rhona Delacruz placed a CDCR detainer on Plaintiff.

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

Objections to Magistrate Judge's F&Rs
Case No. 1:20-cv-00856-NONE-SAB

1

1  SAC at ¶ 27. The CDCR detainer was based on case number 1480530 which had been reversed
2  and remanded by the Court of Appeal. SAC at ¶ 28. On November 21, 2019, Plaintiff was
3  transported out to court from CDCR to the Stanislaus County Jail for further criminal case
4  proceedings and CDCR provided the CDCR detainer for Plaintiff McDaniel to Stanislaus County.
5  SAC at ¶¶ 29, 30.

6  On Friday, December 13, 2019, Plaintiff McDaniel appeared before Stanislaus County
7  Superior Court Judge Nancy Ashley, and he accepted a plea deal offered by the district attorney.
8  Based on the terms of that agreement, he pled no contest to four counts, and the remaining counts
9  and enhancements were dismissed. SAC at ¶ 31. The court sentenced plaintiff to six years in prison
10 for case no. 1480530, which plaintiff had already served, and all parties involved in the December
11 13, 2019 court hearing—the judge, district attorney, plaintiff and his defense attorney—shared the
12 understanding that Plaintiff McDaniel was to be processed, immediately released, and was to
13 report to parole. SAC at ¶¶ 32-35. The court issued a minute order to this effect. SAC at ¶ 34. At
14 the conclusion of the court appearance on Friday December 13, 2019, Plaintiff McDaniel was
15 transported back to the Stanislaus County Jail and a copy of the minute order provided to the
16 Sheriff's Department. SAC at ¶ 38. On December 16, 2019, the court filed the abstract of judgment
17 memorializing the outcome of the December 13, 2019 hearing. SAC at ¶ 35. When McDaniel
18 realized that he was not being released, he informed jail staff daily that the judge had ordered him
19 released. SAC at ¶¶ 39, 43.

20 On December 15, 2019, Defendant Henry Mendez, an employee of the Sheriff's
21 Department, contacted CDCR Defendant Joseph Guerrero who informed Mendez that Plaintiff
22 should be returned to CDCR custody based on the CDCR detainer for case 1480530. SAC at ¶ 40.
23 Mendez informed Sheriff's Sgt. Jose Sousa of Guerrero's instructions to return Plaintiff to CDCR
24 custody, and Mendez and Sousa followed CDCR Defendant Guerrero's instructions and returned
25 Plaintiff to CDCR custody. SAC at ¶ 41. On December 18, 2019, Plaintiff was returned to the
26 California State Prison, Solano where he was incarcerated until his release from custody on
27 January 7, 2020. SAC at ¶¶ 42, 44-53.

28 For purposes of these objections, the County Defendants address Plaintiff's Fourteenth

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

Amendment Due Process Claim (First Cause of Action); "*Monell* and Failure to Train and Supervise" Claim (Fifth Cause of Action); and his California Constitution Article I, Section 7 Claim (Second Cause of Action).

### III.     ARGUMENT

**A.     *Plaintiff's Second Amended Complaint Fails to State a Fourteenth Amendment Claim Against Defendants Dirkse, Mendez and Sousa, or in the Alternative, They are Entitled to Qualified Immunity***

Plaintiff David McDaniel was a CDCR prisoner, temporarily staying at the Stanislaus County Jail for court proceedings pursuant to a court order from Stanislaus County Superior Court Judge Nancy Ashley. SAC at ¶ 26. Further, CDCR had provided a detainer on Plaintiff to Stanislaus County Sheriff's Department. SAC at ¶¶ 27, 28, 30. After Plaintiff's Stanislaus County Superior Court hearing, where he was resentenced to time served and ordered released on criminal case number 1480530, Stanislaus County Sheriff's Department employee Henry Mendez contacted CDCR and was instructed to return Plaintiff to CDCR custody. SAC at ¶¶ 32, 33, 40, 41, 42, 44. Thereafter, CDCR released Plaintiff on parole. SAC at ¶¶ 53. The allegations in the SAC are insufficient to state a Fourteenth Amendment claim against the County Defendants.

*Sheriff Dirkse*

Plaintiff has made no factual allegations sufficient to support a Fourteenth Amendment claim against Sheriff Dirkse. "Section 1983 imposes liability upon any person who, acting under the color of state law, deprives another of a federally protected right." *Karim–Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir.1988) (citing 42 U.S.C. § 1983). Under section 1983, however, "[a] supervisor may be liable [in his individual capacity] ... only if there exists either: (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir.2001). Thus, liability against Sheriff Dirkse in his individual capacity cannot be imposed under Section 1983 without a showing of personal participation by him. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Notably, there are no allegations in the SAC that Dirkse personally had any dealings with Plaintiff McDaniel, was present, or had any involvement in Plaintiff's temporary jail detention or transfer back to CDCR

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

Objections to Magistrate Judge's F&Rs
Case No. 1:20-cv-00856-NONE-SAB                    3

custody. The Magistrate Judge has recommended that the motion to dismiss Plaintiff's first cause of action against Sheriff Dirkse be granted with leave to amend (see Doc. 43, p. 59); however, given the Plaintiff is now proceeding on the second amended complaint as well as the qualified immunity arguments set forth below, Sheriff Dirkse as well as Defendants Mendez and Sousa should be dismissed entirely from this action.

*Henry Mendez and Sgt. Jose Sousa*

The Magistrate Judge has recommended that Defendants' motion to dismiss Defendants Mendez and Sousa be denied. However, the allegations in the SAC are insufficient to state a Fourteenth Amendment Due Process claim against Defendants Mendez and Sousa.

The Court's findings and recommendations discuss a number of cases involving alleged overdetention of prisoners and arrestees. Under the Fourteenth Amendment analysis for alleged overdetention, a plaintiff must demonstrate that the defendants acted with deliberate indifference to his due process rights, and human error is insufficient to constitute deliberate indifference. *See West v. Tillman*, 496 F.3d 1321, 1327 (11th Cir. 2007) (*per curiam*).

Plaintiff David McDaniel was a CDCR prisoner at all times relevant to this lawsuit; he was only temporarily staying at the County jail for court proceedings. SAC at ¶ 26. As further evidence of this fact, CDCR made it clear to the County jail that Plaintiff was at all times a CDCR prisoner by providing the County jail with a detainer for Plaintiff. SAC at ¶¶ 27, 28, 30. California Penal Code section 2690.5 provides that a CDCR prisoner *remains a CDCR prisoner* even when ordered out to court and temporarily held at a county jail for court proceedings (the prisoner remains "at all times in the constructive custody of the warden of the state prison facility from which the prisoner was removed."). *Id.* Thus, Plaintiff David McDaniel was at all times a CDCR prisoner under state law. When Stanislaus County Sheriff's Department employee Henry Mendez contacted CDCR after Plaintiff's court appearance, CDCR specifically instructed him to return Plaintiff to CDCR custody. SAC at ¶¶ 33, 40, 41, 42, 44. Additionally, Stanislaus County Superior Court Judge Nancy Ashley's October 24, 2019 order directed Plaintiff to appear in court and *commanded the Sheriff to return Plaintiff McDaniel back to CDCR custody at the conclusion of court proceedings*. See Request for Judicial Notice and Declaration of Shanan L. Hewitt in Support of

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

Objections to Magistrate Judge's F&Rs
Case No. 1:20-cv-00856-NONE-SAB

4

Motion to Dismiss the Second Amended Complaint, Exh. B: Declaration and Order for Production From California State Prison, filed October 24, 2019, Case No. 1480530 (filed with Defendant's moving papers).

Additionally, because Plaintiff was ordered released on a Stanislaus County criminal case does not mean that was the only criminal case for which Plaintiff was serving time in CDCR—he was a CDCR prisoner and CDCR instructed Defendant Mendez to return Plaintiff McDaniel to CDCR custody. Plaintiff's argument that the County Defendants should have done more to investigate whether Plaintiff should be returned to CDCR custody (versus immediately released) is misguided. He was a CDCR prisoner, not a Stanislaus County Jail inmate. When CDCR directed Plaintiff's return to CDCR custody, the jail staff properly complied. The allegations on the face of the SAC demonstrate that none of the County Defendants—Sheriff Dirkse, Sgt. Sousa, and Henry Mednez—were deliberately indifferent to Plaintiff's due process rights under the circumstances of this case. Cases cited by Plaintiff and the Magistrate Judge involving the issue of overdetention by jail and prison officials are distinguishable from the facts in this case. Unlike those cases, Plaintiff McDaniel was a CDCR prisoner, yet he has sued the County Defendants based on his *temporary stay at the jail for court proceedings*. See Cal. Penal Code § 2690.5. The one case factually similar to this case is *Davis v. Hall*, 375 F.3d 703 (8th Cir. 2009). In *Davis v. Hall*, the Eighth Circuit addressed an interlocutory appeal by *state prison officials* who had been denied qualified immunity for failure to release plaintiff Davis after he was ordered released by the superior court. After Davis' conviction was reversed and a new trial ordered, he negotiated a plea deal for time served and was ordered to appear in the superior court to enter his plea and receive his new sentence. The superior court issued a writ commanding his appearance at court; as a result, Davis was transported by a *county agency* to the court where he entered his plea, was sentenced to time served, and ordered immediately released. Despite the judge's order of release, the *county officials* placed Davis in the county jail awaiting his transport back to the state prison. He remained at the county jail for four (4) days before he was returned to state prison, where he remained for over 50 days after his ordered release. The state and county defendants both moved for summary judgment based on qualified immunity. In *Davis v. Hall*, the district court granted qualified

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

Objections to Magistrate Judge's F&Rs
Case No. 1:20-cv-00856-NONE-SAB

5

immunity for the county defendants. 375 F.3d 703.[1]

There are other fundamental problems with Plaintiff's allegations against the County Defendants. To the extent that Plaintiff alleges Defendants Mendez and Sousa should have released Plaintiff from the jail without returning him to CDCR custody after his court hearing in Stanislaus County, the SAC fails to allege that Mendez or Sousa subjectively knew that their acts would lead to wrongful detention or that they disregarded any such risk. In actuality, Plaintiff was a CDCR prisoner and was to be processed for release on parole. SAC at ¶¶ 32-35.  Furthermore, the fact that the Stanislaus County Superior Court Judge ordered Plaintiff McDaniel sentenced to time served and released on parole for one criminal case (case no. 1480530) assumes that County jail officials knew or should have known that Plaintiff was not serving prison time in CDCR for other convictions outside the jurisdiction of Stanislaus County. If Plaintiff was serving sentence(s) in CDCR custody for criminal case(s) besides Stanislaus County Case No. 1480530, Plaintiff would necessarily be returned to CDCR custody to continue serving the other sentence(s). The SAC is silent on this issue: there are no allegations in the SAC to indicate the County Defendants knew or should have known that case no. 1480530 was the only prison sentence Plaintiff was serving in CDCR. When there are two possible explanations for events, only one of which can be true and only one of which results in liability, plaintiffs must offer more than allegations that are "merely consistent with" their favored explanation but also consistent with the alternative explanation. *In re Century Aluminum Co. Securities Litigation*, 729 F.3d 1104, 1108 (9th Cir. 2013).  Plaintiff's bare allegation that Defendants failed "to investigate [plaintiff's] claims that he was lawfully entitled to release" (SAC at ¶ 61) is nothing more than a vague, conclusory allegation of official participation in an alleged civil rights violation. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268.

The County Defendants' actions in following CDCR's directive to return the Plaintiff, a CDCR prisoner, to CDCR custody after the superior court resentenced Plaintiff and ordered him

---

[1] The only issue addressed in the Eighth Circuit's opinion was denial of qualified immunity for the state defendants; it did not address the district court's granting of qualified immunity to the county defendants. Id.

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

Objections to Magistrate Judge's F&Rs
Case No. 1:20-cv-00856-NONE-SAB

6

to be released on parole does not constitute a constitutional violation by County Defendants. The superior court's October 24, 2019 order also specifically commanded the Sheriff to return Plaintiff McDaniel back to CDCR custody at the conclusion of the court proceedings. The County Defendants followed that order. (See Defendant's Exh. B and Request for Judicial Notice). Plaintiff fails to plead facts sufficient to state a Fourteenth Amendment claim against the County Defendants and his first cause of action should be dismissed without leave to amend.

*Qualified Immunity*

While the County Defendants maintain that they committed no constitutional violation, in the alternative, Sheriff Dirke (sued in his individual capacity), Sgt. Jose Sousa and Henry Mendez are entitled to qualified immunity.

A two-part test is utilized to determine whether a defendant is entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194 (2001). The court first determines whether the factual allegations would make out a constitutional violation. If not, the inquiry stops there. If a constitutional violation could be stated based on the parties' submissions, the court must determine whether the law as to that particular right was clearly established. Id. at 201. This inquiry must be "undertaken in light of the specific context of the case, not as a broad general proposition." *Id.*; *see also Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011) (the term "clearly established law" should not be defined "at a high level of generality"). The established law must be "particularized" to the facts of each case: "in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U. S. 635, 640 (1987). While a case directly on point is not required, the "existing precedent must have placed the statutory or constitutional question **beyond debate**." *White v. Pauly*, 137 S. Ct. 548, 551, *citing Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (**emphasis added**).

If clearly established law exists, then the second inquiry asks whether a reasonable public official could have believed his or her conduct to be lawful in light of the clearly established law and information possessed by that official at the time of the conduct. *Harlow v. Fitzgerald*, 457 U.S. 800, 818-819 (1982). Qualified immunity is intended to give "government officials breathing room to make reasonable but mistaken judgments," and "protects 'all but the plainly incompetent

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

Objections to Magistrate Judge's F&Rs
Case No. 1:20-cv-00856-NONE-SAB

7

or those who knowingly violate the law.'" *Ashcroft v. al-Kidd*, 563 U.S. at 743, *quoting Malley v. Briggs*, 475 U.S. 335, 341 (1986).

There is no clearly established law that would not have put the County Defendants on notice that their actions violated Plaintiff's constitutional rights under the circumstances of this case, circumstances which are factually distinguishable from the cases cited by Plaintiff and the Court with the exception of *Davis v. Hall*—a case in which the district court granted qualified immunity to the county jail officials under nearly identical facts to this case. 375 F.3d 703. The existing precedent must be sufficiently particularized such that the unlawfulness of the defendant's actions would be "apparent" and "beyond debate." *See id.*; *see also Anderson v. Creighton*, 483 U. S. at 640.  As discussed, there are no allegations of any personal participation or involvement whatsoever by Sheriff Dirkse. As to Defendants Henry Mendez and Jose Sousa, allegations indicate they knew that Plaintiff was a CDCR prisoner, CDCR had placed a detainer on Plaintiff, and Plaintiff was temporarily staying at the jail for county court proceedings. The superior court's October 24, 2019 order commanded Stanislaus County to return Plaintiff to CDCR custody after completion of court proceedings, and CDCR instructed the jail to return Plaintiff to CDCR custody after the superior court ordered Plaintiff released on parole for case number 1480530. The existing law would not have made it "apparent" that the County Defendant's actions were unlawful under the circumstances they faced, nor would it have "placed the statutory or constitutional question **beyond debate**." *White v. Pauly*, 137 S. Ct. at 551, *citing Mullenix v. Luna*, 136 S. Ct. at 308; *Anderson v. Creighton*, 483 U. S. at 640.

When a defendant seeks qualified immunity, "a ruling on that issue should be made early in the proceedings" and the defendant should not be forced to face the cost, expense and other burdens of litigation." *Saucier v. Katz*, 533 U.S. 194, 200–01 (2001), *citing Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). As such, the Supreme Court has "repeatedly… stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Saucier v. Katz*, 533 U.S. 194, 200–01, *citing Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (*per curiam*). Defendants Dirkse, Mendez and Sousa are all entitled to qualified immunity and their motion to dismiss should be granted without leave to amend at this juncture.

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

Objections to Magistrate Judge's F&Rs
Case No. 1:20-cv-00856-NONE-SAB

8

### B. Plaintiff Fails to State a Viable Monell Claim Against Sheriff Dirkse.

The Magistrate Judge's findings and recommendations appear to recommend that Defendants' motion to dismiss be denied as to Plaintiff's fifth cause of action for *Monell* liability against Sheriff Dirkse in his official capacity.[2] Under 42 U.S.C. section 1983, "[a] local governmental entity is liable ... when action pursuant to official municipal policy of some nature cause[s] a constitutional tort." *Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1473–74 (9th Cir.1992) (*quoting Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)) (internal quotations omitted). In the context of a FRCP 12 motion to dismiss, while the court must accept as true all factual allegations in the complaint, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Iqbal*, 556 U.S. at 678-79. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

The SAC alleges only a single incident—Plaintiff David McDaniel's temporary detention at the jail at issue in this lawsuit—which is insufficient as "evidence" of a policy or custom under *Monell*. *See Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th 1989), *overruled on other grounds, Bull v. City & Cty. of San Francisco*, 595 F.3d 964 (9th Cir. 2010). Plaintiff's SAC alleges nothing more than a threadbare, conclusory allegation that the Sheriff's Department maintained a custom or policy of "overdetaining" prisoners at the Stanislaus County Jail.

Likewise, for a 42 U.S.C. section 1983 action based on a theory of failure to train, supervise or discipline officers, a single incident of unconstitutional activity is insufficient to establish a pattern to impose *Monell* liability. *See City of Okla. v. Tuttle (Tuttle)*, 471 U.S. 808, 823–24 (1985) (a policy of inadequate training is more nebulous and further removed from a constitutional violation and thus requires more than a single incidence of unconstitutional activity); *Alston*, 2012 WL 2839825, at * 8–9 (dismissing plaintiff's *Monell* claims based on a theory of failure to train

---

[2] There appears to be a typographical error in the "Conclusion and Recommendation" section (Doc. 43, p.59). While this section states "4. Defendants' motion to dismiss Plaintiff's fifth cause of action be GRANTED as to Dirkse in an official capacity with leave to amend," it appears from the court's analysis at pages 35 through 39 that it intended to grant the motion to dismiss in Dirkse's *individual* capacity.

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

Objections to Magistrate Judge's F&Rs
Case No. 1:20-cv-00856-NONE-SAB       9

because "plaintiff alleged facts relating to a specific incident as opposed to a pervasive problem with a specific County policy or custom."); *Monell v. Dep't of Social Servs.*, 436 U.S. at 694. Isolated events or random acts are not sufficient to establish custom or policy. *Thompson v. City of Los Angeles*, 885 F.2d at 1444; *see also Blankenhorn v. City of Orange*, 485 F.3d 463, 484–85 (9th Cir.2007) ("absent evidence of a program-wide inadequacy in training, any shortfall in a single officer's training can only be classified as negligence on the part of the municipal defendant—a much lower standard of fault than deliberate indifference.").

Plaintiff McDaniel's one-time, temporary stay at the county jail for court proceedings while a CDCR prisoner is insufficient as "evidence" of a policy or custom under *Monell* against Sheriff Dirkse. *See Thompson v. City of Los Angeles*, 885 F.2d at 1444. Plaintiff's boilerplate allegations such as Dirkse "was deliberately indifferent to their (sic) duties to properly train, discipline and supervise jail staff" (SAC at ¶ 83); "declined to implement sufficient training, sufficient policies, or any legitimate oversight or punishment of officers and agents" (¶ 84): and "Sheriff's office's practice and policy of relying on information from other jailers rather than orders from a court demonstrates a pattern and practice of overdetention" (¶ 85) are inadequate under *Iqbal* and *Twombly* pleading standards. *Twombly*, 550 U.S. at 555 (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (internal brackets and quotes omitted). *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555). And Plaintiff's allegation regarding a "practice and policy of relying on information from other jailers rather than orders form a court demonstrates a pattern and practice of overdetention" (¶ 85) is nothing more than a conclusory, unsupported, formulaic recitation insufficient to support a *Monell* claim and likewise his allegations are not sufficient to support a claim based on failure to train, supervise or discipline.

The Court's findings and recommendations state that the claim against Sheriff Dirkse, in his official capacity, "is a close question." See Doc. 43, p.35, lines 27. The Court goes on to say:

> Plaintiff argues, however, that defendant has a policy of being deliberately indifferent to the rights of persons who are entitled to release, and asserts that his release was delayed because of this policy. Given that no discovery has occurred regarding defendant's policies, and thus that there is no evidence regarding them, it is impossible to resolve this issue on the current record.

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

Objections to Magistrate Judge's F&Rs
Case No. 1:20-cv-00856-NONE-SAB

10

Doc. 43, p.36, lines 6-9.

However, implicit in this statement is the recognition that Plaintiff has made nothing more than a threadbare allegation of a Sheriff's Department policy which will require discovery to determine if such a policy actually exists. Plaintiff McDaniel has asserted a conclusory, threadbare allegation that some policy exists, based on his own, isolated incident with no allegations of other such incidents at the county jail. *See Thompson v. City of Los Angeles*, 885 F.2d at 1443-1444 (proof of random acts or isolated events are insufficient to establish *Monell* liablity) (citations omitted). The allegations in Plaintiff's Second Amended Complaint are not sufficient to support a *Monell* claim against the sheriff; therefore, Plaintiff's fifth cause of action for *Monell* liability against Sheriff Dirkse should be dismissed without leave to amend.

### C. *Plaintiff's Second Cause of Action Fails to State A Claim For Declaratory or Injunctive Relief Under Article 1, Section 7 Of The California Constitution*

The Magistrate Judge has recommended that Plaintiff McDaniel's second cause of action be dismissed "to the extent it is seeking damages" either on the merits or for failure to comply with the California Tort Claims Act. See Doc. 43, p.59, lines 15-24. As argued by the County Defendants, to the extent that Plaintiff may be seeking declaratory or injunctive relief for an Article 1, section 7 violation, any such relief would be moot and speculative as Plaintiff was released from custody on January 7, 2020 and there is no allegations of a continuing violation or likelihood of any violation in the future. See SAC ¶ 53. In *Preiser v. Newkirk*, the Supreme Court ruled that a prisoner's suit against prison officials for declaratory and injunctive relief based on transfer from medium to maximum security prison was rendered moot when the prisoner had been returned to medium security prison and since that time no adverse action had been taken against him. 422 U.S. 395 (1975). As the Supreme Court stated in *Preiser v. Newkirk*,

> In Maryland Casualty Co. v. Pacific Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941), this Court, noting the difficulty in fashioning a precise test of universal application for determining whether a request for declaratory relief had become moot, held that, basically, 'the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' Id., at 273, 61 S.Ct., at 512 (emphasis supplied).

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

Objections to Magistrate Judge's F&Rs
Case No. 1:20-cv-00856-NONE-SAB

11

\*\*\*

As to Newkirk's original complaint, there is now "no reasonable expectation that the wrong will be repeated," id., at 633, 73 S. Ct., at 897, quoting United States v. Aluminum Co. of America, 148 F.2d 416, 448 (CA2 1945).

\*\*\*

A plaintiff must allege that he has been or will in fact be perceptibly harmed by the challenged agency action, not that he can imagine circumstances in which he could be affected by the agency's action.' The record of events since the challenged transfer hardly bears out a genuine claim of an injury or possible injury 'of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' Maryland Casualty Co., 312 U.S., at 273, 61 S.Ct., at 513.

\*\*\*

We conclude that the question presented does not fall within that category of harm 'capable of repetition, yet evading review,' Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911); Roe v. Wade, 410 U.S. 113, 125, 93 S.Ct. 705, 713, 35 L.Ed.2d 147 (1973).

Id. at 402–04.

The issue of Plaintiff's alleged overdetention became moot when he was released to parole by CDCR on January 7, 2020. The Plaintiff's second cause of action, including his claim for any declaratory and injunctive relief, should be dismissed in its entirety.

### III.  CONCLUSION

For the foregoing reasons, the County Defendants, Sheriff Jeff Dirkse, Sgt. Jose Sousa, and Henry Mendez respectfully request that they be dismissed from this action without leave to amend.

DATE: December 31, 2020             RIVERA HEWITT PAUL LLP

/s/ *Shanan L. Hewitt*
SHANAN L. HEWITT
Attorney for Defendants
SHERIFF JEFF DIRKSE, SGT. JOSE SOUSA and HENRY MENDEZ

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

Objections to Magistrate Judge's F&Rs
Case No. 1:20-cv-00856-NONE-SAB

12