UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MCDANIEL, | No. 1:20-cv-00856-NONE-SAB |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS |
| RALPH DIAZ, et al., | |
| Defendants. | |
| | (Doc. Nos. 34, 40, 43, 57) |

On June 22, 2020, plaintiff David McDaniel filed this civil rights action pursuant to 42 U.S.C. § 1983, claiming he was unlawfully detained after the legal basis for his incarceration ended. (Doc. No. 1.) Plaintiff's second amended complaint brings the following claims under federal and state law: (1) violation of the Fourteenth Amendment to the U.S. Constitution against all defendants; (2) violation of Article I, Section 7 to the California Constitution against all defendants; (3) negligence against all defendants; (4) false imprisonment against all defendants; (5) a *Monell* claim and failure to train and supervise against defendant Jeff Dirkse; and (6) vicarious liability against defendant Dirkse. (Doc. No. 31.) The parties refer to defendants Jeff Dirkse, Jose Sousa, and Henry Mendez as the "County Defendants," and Rhona Delacruz, Joseph Guerrero, Tania Brown, Amber Steele-Hicks, Brandy Smith, Elijah Pruitt, and Nichelle Harrington as the "CDCR Defendants." (Doc. Nos. 34-1 at 6; 37 at 2) and the court will as well.

On October 23, 2020, County Defendants Dirkse, Sousa, and Mendez filed a motion to dismiss.  (Doc No. 34.)  On December 14, 2020, CDCR Defendants Brown, Delacruz, Guerrero, Harrington, Pruitt, and Smith filed a separate motion to dismiss.  (Doc. No. 40.)  CDCR Defendant Steele-Hicks did not join in the other CDCR Defendants' motion to dismiss at the time of filing, however, through a stipulation approved by the court on February 5, 2021, she has now joined in the motion to dismiss which will be ruled upon in this order.  (Doc. Nos. 58, 59.)  Both motions were referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  (Doc. Nos. 36, 42.)  Given the overlapping issues, this court finds it prudent to address the findings and recommendations as to both of the motions to dismiss together in one order.

On December 18, 2020, the magistrate judge issued findings and recommendations recommending that the County Defendants' motion to dismiss be granted in part and denied in part.  (Doc No. 43.)  On December 31, 2020, plaintiff filed a motion for clarification of the December 18, 2020 findings and recommendations, or in the alternative, objections to the findings and recommendations.  (Doc No. 48.)  On December 31, 2020, County Defendants filed objections to the December 18, 2020 findings and recommendations.  (Doc. No. 49.)

On January 5, 2021, the magistrate judge denied in part and granted in part plaintiff's motion for clarification.  (Doc. No. 50.)  Specifically, the magistrate judge granted plaintiff's motion to amend paragraph 4 of the conclusion section of the December 18, 2020 findings and recommendations to change the word "official" to "individual," in order to reflect the true intent of the findings and recommendations.  (*Id.* at 3.)  However, the magistrate judge denied plaintiff's request to clarify the findings and recommendations regarding whether each of plaintiff's state law claims were dismissed only to the extent they sought damages, or whether certain claims were dismissed in their entirety.  (*Id.* at 2.)  The magistrate judge found that its original conclusion correctly reflected the intent that plaintiff's third, fourth, and sixth claims be dismissed in their entirety, and that plaintiff's second claim be dismissed only to the extent it was seeking damages, and thus, it was recommended only that plaintiff's second claim survive to the extent it sought declaratory relief.  (*Id.*)  This issue is also largely mooted by the subsequent findings and recommendations, as explained below.

In the order addressing plaintiff's motion for clarification, the magistrate judge also ordered the parties to file any renewed objections to the findings and recommendations within 14 days of entry of the order. (*Id.* at 3.) On January 13, 2021, plaintiff filed a response to County Defendants' objections to the December 18, 2020 findings and recommendations. (Doc. No. 55.) On January 15, 2021, County Defendants filed a response indicating they had no objection to the magistrate judge's amendment of the findings and recommendations to change the word "official" to "individual," and reasserting that they stood on their objections filed on December 31, 2020. (Doc. No. 56.)

On January 15, 2021, the magistrate judge issued findings and recommendations recommending that the motion to dismiss filed on behalf of the CDCR Defendants be granted in part and denied in part. (Doc. No. 57.) The findings and recommendations contained notice that any objections thereto were to be filed within 14 days from the date of service. (*Id.* at 39.) The period for filing objections has passed and no objections have been filed to the January 15, 2021 findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, this court finds that the December 18, 2020 findings and recommendations (Doc. No. 43) and the January 15, 2021 findings and recommendations (Doc. No. 57) are supported by the record and by proper analysis.

The court notes that a few aspects of the December 18, 2020 findings and recommendations have been further refined by the findings and recommendations issued on January 15, 2021. In the December 18, 2020 findings and recommendations, despite noting it was unlikely to be curable, the magistrate judge recommended that plaintiff be granted leave to cure the defect as to the filing requirement under the California Government Claims Act, to the extent it was possible. (Doc. No. 43 at 50, 58.) The December 18, 2020 findings and recommendations also concluded that plaintiff's second claim could survive to the extent it requested declaratory or equitable relief, rejecting defendants' argument presented for the first time in their reply, as it was not supported by citation to any legal authority. (*Id.* at 52.) In the January 15, 2021 findings and recommendations, the magistrate judge noted plaintiff's essential

1  concession that the defects pertaining to compliance with the California Government Claims Act
2  are not curable, and recommended that plaintiff be denied leave to amend to plead compliance.
3  (Doc. No. 57 at 38.)  The magistrate judge, after being presented with further authority on
4  whether declaratory relief would be proper with respect to the second claim for violation of the
5  California Constitution, recommended that plaintiff's second claim be dismissed in its entirety,
6  and also recommended that plaintiff's request to replead the state law claims only as to
7  declaratory relief also be denied.  (*Id.* at 27–33 n.9, 38.)  The undersigned will incorporate these
8  changes in this order below.

9  Accordingly,

10  1. The findings and recommendations issued December 18, 2020 (Doc. No. 43), as
11  amended on January 5, 2021 (Doc. No. 50), are adopted, except that plaintiff's
12  second claim for violation of the California Constitution is dismissed in its entirety
13  rather than only to the extent it seeks monetary damages, and that dismissal will be
14  without leave to amend the state law claims;

15  2. The motion to dismiss filed by defendants Jeff Dirkse, Jose Sousa, and Henry
16  Mendez (Doc. No. 34) is granted in part and denied in part as follows:
17  a. The motion to dismiss plaintiff's first claim against defendant Jeff Dirkse is
18  granted with leave to amend;
19  b. The motion to dismiss plaintiff's first claim against defendants Henry Mendez
20  and Jose Sousa is denied;
21  c. The motion to dismiss plaintiff's fifth claim against defendant Jeff Dirkse in
22  his official capacity is denied;
23  d. The motion to dismiss plaintiff's fifth claim against defendant Jeff Dirkse in
24  his individual capacity is granted with leave to amend;
25  e. The motion to dismiss defendants Jeff Dirkse, Jose Sousa, and Henry Mendez
26  based on qualified immunity is denied;
27  f. The motion to dismiss plaintiff's second claim for violation of the California
28  Constitution, third claim for negligence, fourth claim for false imprisonment,

and sixth claim for vicarious liability, due to plaintiff's failure to comply with the California Government Claims Act, is granted without leave to amend;

g. The motion to dismiss plaintiff's second claim due to plaintiff having no right to seek damages under the California Constitution is granted without leave to amend;

h. The motion to dismiss plaintiff's third and fourth claims for failure to allege facts sufficient to state a claim is denied as moot;

i. The motion to dismiss plaintiff's sixth claim based on immunity pursuant to California Government Code Section 820.8 is denied as moot;

j. The motion to dismiss plaintiff's claim for punitive damages against defendants Jose Sousa and Henry Mendez is denied;

k. The motion to dismiss plaintiff's claim for punitive damages against defendant Jeff Dirkse is denied as moot;

3. The findings and recommendations issued January 15, 2021 (Doc. No. 57) are adopted;

4. The motion to dismiss filed by defendants Rhona Delacruz, Joseph Guerrero, Tania Brown, Brandy Smith, Elijah Pruitt, and Nichelle Harrington (Doc. No. 40), as joined in by defendant Amber Steele-Hicks (Doc. No. 59), is granted in part and denied in part as follows:

a. The motion to dismiss plaintiff's first claim for failure to state a cognizable claim under 42 U.S.C. § 1983 is denied;

b. The motion to dismiss based on qualified immunity is denied;

c. The motion to dismiss plaintiff's second claim for violation of the California Constitution, third claim for negligence, and fourth claim for false imprisonment is granted without leave to amend;

d. The motion to dismiss plaintiff's complaint due to plaintiff remaining within CDCR's legal custody on parole is denied;

/////

5. Plaintiff's first claim against defendant Jeff Dirkse only, is dismissed with leave to amend;

6. Plaintiff's second claim for violation of the California Constitution is dismissed without leave to amend;

7. Plaintiff's third claim for negligence is dismissed without leave to amend;

8. Plaintiff's fourth claim for false imprisonment is dismissed without leave to amend;

9. Plaintiff's fifth claim against defendant Jeff Dirkse in his individual capacity only, is dismissed with leave to amend; and

10. Plaintiff's sixth claim for vicarious liability is dismissed without leave to amend.

IT IS SO ORDERED.

Dated: **March 2, 2021**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE