William Most (CA Bar No. 279100)
Law Office of William Most, L.L.C.
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
(504) 509-5023
williammost@gmail.com

Dan Roth (CA Bar No. 270569)
Law Office of Dan Roth
803 Hearst Ave.
Berkeley, CA 94710
(510) 849-1389
dan@drothlaw.com

Attorneys for Plaintiff David McDaniel

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

DAVID MCDANIEL,

Plaintiff,

v.

JEFF DIRKSE, in his individual and official capacity; RHONA DELACRUZ; JOSEPH GUERRERO; TANIA BROWN; AMBER STEELE-HICKS; BRANDY SMITH; ELIJAH PRUITT; NICHELLE HARRINGTON; JOSE SOUSA; HENRY MENDEZ

Defendants.

Case No.: 1:20-cv-00856

THIRD AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

Jury trial demanded

**INTRODUCTION**

1. This case is about Defendants' unlawful imprisonment of a man after a judge ordered him freed.

2. According to black-letter law, once a prisoner has served his sentence, his jailor has a reasonable amount of time to process and release him. Courts have repeatedly held that the phrase

"reasonable time" means some amount of time less than 48 hours.[1] A minute more is presumptively unconstitutional and illegal.

3. A jury is often asked to decide whether an overdetention of less than 48 hours is constitutional,[2] and juries have found that delay of as little as thirty minutes is unconstitutional.[3] But courts across the country have held, unequivocally, that a detention beyond 48 hours of an inmate's known sentence is unreasonable and illegal. Indeed, "[t]he court has been unable to find any case, whether within or outside of the Eleventh Circuit, in which the detainment of a properly identified individual for days beyond his scheduled release date was held constitutionally permissible."[4]

4. David McDaniel should have been a free man on December 13, 2019.

5. A judge issued an order for his release on that date in open court.

6. But Defendants did not set Mr. McDaniel free on December 13, 2019. Instead, they held him in custody until January 7, 2020 – despite the repeated entreaties of Mr. McDaniel and his lawyers.

7. Mr. McDaniel files this lawsuit to hold Defendants accountable for what they did to him, and to correct Defendants' failures so that other men and women do not suffer the same injustice.

8. Mr. McDaniel files this Third Amended Complaint at the direction of the Court's order in R. Doc. 61. Certain claims and Defendants have been omitted pursuant to the orders of the Court in R. Docs. 32, 43, and 60. Mr. McDaniel reserves the right to appeal those decisions and replead any omitted claims or defendants should the Court's determinations be reversed.

[1] *Barnes v. District of Columbia*, 793 F. Supp. 2d 260 (D.D.C. 2011) ("In recognition of these facts, courts appear to agree that the maximum permissible administrative delay in the overdetention context likely falls well short of the 48-hour horizon set out in *McLaughlin."*). That is because once a detainee is ordered released, the public's interest in his prompt release is even greater, and the constitutional tolerance for "administrative delay" is substantially less than in the context of arrestees awaiting probable cause determinations – which must come within 48 hours. *See Berry v. Baca*, 379 F.3d 764, 771-72 (9th Cir. 2004); *Powell v. Barrett*, 376 F.Supp.2d 1340, 1353 (N.D.Ga. 2005).

[2] *Berry v. Baca*, 379 F.3d 764, 77072 (9th Cir.2004) (twenty-nine hour delay presented question for jury); *Arline v. City of Jacksonville*, 359 F.Supp.2d 1300, 1310 (M.D.Fla.2005) (two and a half hour delay presented jury question).

[3] *Davis v. Hall*, 375 F.3d 703, 713 (8th Cir. 2004).

[4] *Powell v. Barrett*, 376 F.Supp.2d 1340, 1354 (N.D.Ga. 2005) (bolded emphasis added).

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over Plaintiff's claims of federal rights violations, enforceable under the Fourteenth Amendment and 42 U.S.C. § 1983, pursuant to 28 U.S.C. §§ 1331, 1343(a)(3). This Court has jurisdiction over Plaintiff's state law claims in accordance with 28 U.S.C. § 1367.

10. Venue is proper in this Court because a substantial part of the events giving rise to the claim occurred in this district.

**PARTIES**

11. Plaintiff **DAVID MCDANIEL** is a resident of the state of California.

12. Defendant **JEFF DIRKSE** is the Sheriff of Stanislaus County, California. He is responsible for operating the Stanislaus County jail facilities, including promulgating policies and procedures at those facilities. He is sued in his individual and official capacities.

13. Defendant **RHONA DELACRUZ** is an employee of CDCR. She personally processed paperwork related to Plaintiff's sentence and release, and her actions and inaction resulted in Plaintiff's overdetention.

14. Defendant **JOSEPH GUERRERO** is an employee of CDCR. He communicated with other Defendants and individuals regarding Plaintiff's sentence and release, and his actions and inaction resulted in Plaintiff's overdetention.

15. Defendant **TANIA BROWN** is an employee of CDCR. On or about December 30, 2019, she personally processed paperwork related to Plaintiff's sentence and release, and her actions and inaction resulted in Plaintiff's overdetention.

16. Defendant **AMBER STEELE-HICKS** is an employee of CDCR. On or about December 31, 2019, she personally processed paperwork related to Plaintiff's sentence and release, and her actions and inaction resulted in Plaintiff's overdetention.

17. Defendant **BRANDY SMITH** is an employee of CDCR in a supervisory capacity. By

December 30, 2019, she had personal knowledge related to Plaintiff's sentence and release, and her actions and inaction resulted in Plaintiff's overdetention.

18. Defendant **ELIJAH PRUITT** is an employee of CDCR. He was responsible for processing and following up on court records related to Plaintiff's case from October to December 2019. He was personally aware that Plaintiff's court proceedings were concluded by December 13, 2019, and his actions and inaction resulted in Plaintiff's overdetention.

19. Defendant **NICHELLE HARRINGTON** is an employee of CDCR. She personally processed paperwork related to Plaintiff's sentence and release, noted Plaintiff's eligibility for "immediate release" on December 30, 2019, and her actions and inaction resulted in Plaintiff's overdetention.

20. Defendant **JOSE SOUSA** is an employee of SCSD. He communicated with other Defendants and individuals regarding Plaintiff's sentence and release, and his actions and inaction resulted in Plaintiff's overdetention.

21. Defendant **HENRY MENDEZ** is an employee of SCSD. He communicated with other Defendants and individuals regarding Plaintiff's sentence and release, and his actions and inaction resulted in Plaintiff's overdetention.

## STATEMENT OF FACTS

22. Mr. McDaniel was initially arrested in connection with Stanislaus County Superior Court case number 1480530 on October 31, 2014.

23. On February 16, 2016, Mr. McDaniel was charged by information in Stanislaus County Superior Court case number 1480530 with ten counts alleging robberies in violation of Penal Code § 211, along with special allegations alleging that Mr. McDaniel had suffered several prior convictions for serious felonies within the meaning of Penal Code §§ 667(d) and 1192.7(c) and two prior convictions that would yield a sentencing enhancement under Penal Code § 667.5(b).

24. The case proceeded to trial by jury, and Mr. McDaniel was convicted of the robberies charged in Counts I, II, III, IV, V, VII, VIII, IX and X, and acquitted on Count VI. The Court found in a separate bench trial that Mr. McDaniel had suffered the alleged prior convictions.

25. On May 16, 2017, the Court sentenced Mr. McDaniel to an indeterminate sentence of 125 years to life in prison and a determinate sentence of 25 years imprisonment.

26. Mr. McDaniel was admitted to the California State Prison, Solano on or around May 30, 2017.

27. Mr. McDaniel appealed his conviction, and on October 16, 2019, the Court of Appeal for the State of California, Fifth Appellate District reversed the conviction. The Court of Appeal remanded the case to the Stanislaus County Superior Court.

28. On October 24, 2019, Judge Nancy Ashley of the Stanislaus County Superior Court signed an order under case number 1480530 commanding CDCR to deliver Plaintiff into the custody of the Stanislaus County Sheriff, and ordering the Stanislaus County Sheriff to take custody of Plaintiff.

29. On November 13, 2019, Rhona Delacruz, acting in her capacity as an employee of CDCR, placed a detainer on Plaintiff.

30. The CDCR detainer was based on the May 16, 2017 commitment in case 1480530, which had already been reversed by the Court of Appeal for the State of California, Fifth Appellate District.

31. On November 21, 2019, Plaintiff was transferred from the custody of CDCR to the custody of the Stanislaus County Sheriff, and he was booked into Stanislaus County Jail.

32. On November 21, 2019, CDCR provided its detainer to SCSD, and an employee of SCSD signed for its receipt.

33. On December 13, 2019, Mr. McDaniel appeared before Judge Nancy Ashley of the Stanislaus County Superior Court. At that time, Mr. McDaniel accepted a plea agreement offered by

the Stanislaus County District Attorney's Office. Pursuant to the terms of the plea agreement, Mr. McDaniel pled no contest to Counts I, II, III and IV of the information. The remaining counts and all enhancements were dismissed.

34. The Court sentenced Mr. McDaniel to six years imprisonment, calculating that he had earned custody credits totaling 2,518 days – in other words, he already had substantially more than six years' worth of credits.

35. When Mr. McDaniel accepted the plea agreement on December 13, 2019, all parties involved – the assistant district attorney, the judge, the defense attorney, and Mr. McDaniel himself – had a shared understanding that Mr. McDaniel was to be processed and immediately released in connection with case number 1480530.

36. The Court's minute order from December 13, 2019 reflects that shared understanding. According to the minute order, Mr. McDaniel's plea resulted in a "paper commitment" – meaning he had already served his sentence and was entitled to immediate release from custody. The minute order also states that Mr. McDaniel was to be "released on parole" and directs him to report within seven days to the parole office:

**SPECIAL TERMS REGARDING OR / BAIL RELEASE / SENTENCING**

☐ Register pursuant to H&S 1.1590 / PC 290 / PC 457.1 / PC 186.30 ☐ DO NOT drive unless properly licensed and insured.
☐ DO NOT: ☐ Contact ☐ Annoy, harass, molest, strike, harm, phone, stalk, assault, disturb the peace of ☐ be within 100 yards of the residence / employment of ________ ☐ alleged victim ☐ except for peaceful / lawful child visitation.
☐ DO NOT USE / POSSESS: ☐ alcohol ☐ drugs/drug paraph. ☐ Do not be in / about place where alcoh. is sold ☐ Shall not assoc. w/ known users ☐ Submit your person, home, & vehicle to search for ☐ alcohol ☐ drugs/drug paraph. ☐ firearms ☐ deadly weapons ☐ stolen property ☐ ________ ☐ ______ Hrs. community service
☐ Attend ________ ☐ AA / NA meetings ______ times per week. ☐ Show proof to attend. at each court hearing.
**CUSTODY:** ☑ Defendant released on ☐ Bail ☐ OR ☐ PC 1320 ADVISED ☐ Probation ☐ Mand. Supv. ☑ Parole ☐ PRCS ☐ Discharged ☑ this case
☐ Bail currently set at $ ________ ☐ Def. remanded to the custody of the Sheriff ☐ to serve original sent. / VOP
☐ for delivery to ☐ NKSP ☐ CCWF ☐ Atascadero ☐ Napa ☐ Patton ☐ ________ ☐ **BUT NOT BEFORE** ________
☑ DEF. REPORT NOW ☐ **Window "A"** ☑ **WITHIN / BY** 7 days ☐ of Release to ☑ ~~Prob.~~ PAR ☑ Rev. Recov. ☐ Pub. Def. ☐ CF I / CF II / CF III ☐ Lev I / Lev II
Total term 6 yrs Paper commitment
**Surrender date of ________ is VACATED.**
☐ Hearing still pending, **DO NOT TRANSPORT TO CDCR** ☐ Jail please cross out Defendant for next appearance.
**DA PD JAIL CF-I CF-II CF-III D.CO. DEF PROB BHRS REVREC L-1 L-2 MH INT M.CA CA CC DOC PAR CONREP BOND REPTR** ________

37. On December 16, 2019, the Court filed the abstract of judgment, which confirms that Judge Ashley intended for Mr. McDaniel to be processed and immediately released upon his December 13, 2019 resentencing. The abstract of judgment contains the Court's calculation of Mr. McDaniel's credits – again, 2518 total days, or substantially more than six years in total. It explicitly orders that

Mr. McDaniel was to be "remanded to the custody of the sheriff forthwith" and "released on Parole ordered to report to Parole w/in 7 days":

14. IMMEDIATE SENTENCING: ☐ Probation to prepare and submit a post-sentence report to CDCR per 1203c.
Defendant's race/national origin: ____________

15. EXECUTION OF SENTENCING IMPOSED
a. ☐ at initial sentencing hearing
b. ☐ at resentencing per decision on appeal
c. ☐ after revocation of probation
d. ☑ at resentencing per recall of commitment (PC 1170(d).)
e. ☐ other (specify):

16. CREDIT FOR TIME SERVED

| CASE | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT |
|---|---|---|---|
| A | 2518 | 2190 | 328 [ ] 2933 [ ] 2933.1 [ ] 4019 |
| B | | | [ ] 2933 [ ] 2933.1 [ ] 4019 |
| C | | | [ ] 2933 [ ] 2933.1 [ ] 4019 |
| D | | | [ ] 2933 [ ] 2933.1 [ ] 4019 |

Date Sentence Pronounced: 12 13 2019
Time Served in State Institution: DMH [ ] CDC [ ] CRC [ ]

17. The defendant is remanded to the custody of the sheriff ☑ forthwith ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
To be delivered to ☐ the reception center designated by the director of the California Department of Corrections and Rehabilitation
☐ county jail ☑ other (specify): Defendant released on Parole ordered to report to Parole w/in 7 days.

CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

DEPUTY'S SIGNATURE: Veronica Ramirez
DATE: December 16, 2019

CR-290 [Rev. July 1, 2012] FELONY ABSTRACT OF JUDGMENT—DETERMINATE Page 2 of 2

38. On December 13, 2019, Judge Ashley ordered that Mr. McDaniel "was to be processed, immediately released, and was to report to parole."

39. SCSD employee Veronica Ramirez certified that the abstract of judgment was a "correct abstract of the judgment made in this action."

40. The abstract of judgment even provides the basis for Judge Ashley's order for the sheriff to release Mr. McDaniel on parole immediately, which was that "per PC 1170(a)(3)[,] [p]reconfinement credits equal or exceed time imposed":

4. Defendant sentenced ☐ to county jail per 1170(h)(1) or (2)
☑ to prison per 1170(a), 1170.1(a) or 1170(h)(3) due to ☑ current or prior serious or violent felony ☐ PC 290 or ☐ PC 186.11 enhancement
☐ per PC 667(b)-(i) or PC 1170.12 (strike prior)
☑ per PC 1170(a)(3). Preconfinement credits equal or exceed time imposed. ☑ Defendant ordered to report to local parole or probation office.

41. Despite the fact that the Court concluded Mr. McDaniel had credits for time served that exceeded the prison sentence imposed by the Court, and explicitly ordered the sheriff to release Mr. McDaniel immediately in case number 1480530, Mr. McDaniel was not released.

42. On December 13, 2019, after his court appearance was concluded, Mr. McDaniel was

transported to Stanislaus County Jail. That day, a copy of the court's minute order was provided to SCSD.

43. When Mr. McDaniel realized he was not being released, he informed Defendants in the Stanislaus County Jail that the judge had ordered his release. Defendants did not adequately inquire into or investigate Mr. McDaniel's complaints, and he was not released.

44. On December 15, 2019, Henry Mendez, acting in his capacity as an employee of SCSD, contacted Solano State Prison and spoke to Joseph Guerrero, who informed Henry Mendez that Mr. McDaniel should be returned to the custody of the CDCR based on the detainer in case 1480530.

45. Despite the order that McDaniel be "immediately released," Defendant Henry Mendez then waited two days after McDaniel's sentencing to contact the CDCR

46. Henry Mendez informed Jose Sousa of the instructions given to him by Joseph Guerrero. Henry Mendez and Jose Sousa chose to follow the advice of Joseph Guerrero and return Mr. McDaniel to CDCR's custody, rather than follow the court's order to release Mr. McDaniel.

47. Mr. McDaniel remained incarcerated in Stanislaus County Jail until December 18, 2019.

48. During the time he was incarcerated in Stanislaus County Jail, Mr. McDaniel informed Defendants on a daily basis that he had been ordered released, to no avail.

49. Mendez was subjectively aware of Judge Ashley's release order.

50. Sousa was subjectively aware of Judge Ashley's release order.

51. On December 18, 2019, Mr. McDaniel was transported to the California State Prison, Solano.

52. Shortly after arriving at California State Prison Solano, Mr. McDaniel informed Defendants at Solano that he had been ordered released and was being unlawfully detained. Defendants did not adequately inquire into or investigate Mr. McDaniel's complaints, and he was not released.

53. Mr. McDaniel contacted his appellate attorney Raphael Goldman to inform him of the

situation. Mr. Goldman contacted Mary Ellen Hurtle, the attorney who represented Mr. McDaniel at his December 13, 2019 plea and resentencing in Stanislaus County Court.

54. On December 30, 2019, Mary Ellen Hurtle began making phone calls to CDCR to determine why Mr. McDaniel had not been released from custody as ordered by Judge Ashley over two weeks earlier. She made several phone calls to CDCR over the course of the day.

55. On December 30, 2019, Defendants initially informed Ms. Hurtle that they would not release Mr. McDaniel because they did not have a minute order from the court, and the parole board would "overrule" the court until CDCR received the court's minute order.

56. Later that day, Defendants told Ms. Hurtle they had requested the minute order from the court clerk and were expecting it to be faxed to them.

57. During the final phone call between Ms. Hurtle and Defendants on December 30, 2019, Defendants informed Ms. Hurtle they had just received the court's minute order that day.

58. During that final phone call, Defendants verified that the minute order authorized Mr. McDaniel's release on December 13, 2019. However, they stated it would take an additional five to seven business days to process Mr. McDaniel's release, and estimated due to the New Year's holidays he would not be released until January 7, 2020.

59. Had Defendants released Mr. McDaniel when they were legally required to do so, he would have celebrated Christmas with family members who had anticipated his homecoming, including a grandmother in her mid-80s. Instead, he remained unlawfully imprisoned.

60. Mr. McDaniel was finally released from California State Prison, Solano on January 7, 2020.

61. Mr. McDaniel was released twenty-five days after he should have been free.

62. Therefore, Mr. McDaniel was overdetained for a total of 25 days – from December 13, 2019 until January 7, 2020.

63. More than a week of his overdetention took place *after* CDCR admitted they had received the court order stating he was supposed to be free.

64. It took the CDCR less than one day to carry out the administrative tasks necessary for Mr. McDaniel's release.

65. All Defendants were obligated to follow orders of the Stanislaus County Superior Court.

**FIRST CAUSE OF ACTION**
**Violation of the Fourteenth Amendment to the United States Constitution**
**(Against All Defendants)**

66. Plaintiff hereby incorporates all of the above.

67. A prisoner has a "due process right to be released within a reasonable time after the reason for his detention [has] ended."[5] And prison officials have a corresponding duty to investigate a prisoner's claim that he is entitled to release.[6]

68. Defendants deprived David McDaniel of his liberty and violated his Fourteenth Amendment rights by detaining him for 25 days after the legal authority to hold him had expired. As Defendants were acting under the color of state law, Plaintiff's claims are actionable under 42 U.S.C. § 1983.

69. Defendants violated Mr. McDaniel's Fourteenth Amendment rights by failing to investigate his claims that he was lawfully entitled to release. As Defendants were acting under the color of state law, Plaintiff's claims are actionable under 42 U.S.C. § 1983.

70. Mendez and Sousa followed CDCR's directive to return the Plaintiff, a CDCR prisoner, to CDCR custody.[7]

---

[5] *Brass v. County of Los Angeles*, 328 F.3d 1192, 1200 (9th Cir. 2003).
[6] *Haygood v. Younger*, 769 F.2d 1350 (9th Cir. 1985) (en banc).
[7] See R. Doc. 34-1 at 12.

71. Thus, by deliberately choosing to follow a CDCR request over a judge's order, Mendez and Sousa exhibited deliberate indifference to Mr. McDaniel's constitutional right to be free, which states a claim for a Fourteenth Amendment violation.

72. The conflict between the judge's order and the CDCR's request should have at least triggered the duty to investigate.

73. The CDCR "detainer" here had the same case number – 1480530 – as the case in which McDaniel had just been ordered released.[8]

74. There can be no valid detainer for a case that has been resolved and the defendant ordered freed.

75. The correspondence of the case numbers should have indicated to Mendez and Sousa that CDCR's request was improper.

76. At the very least, it should have indicated that the situation needed follow-up investigation.

77. Neither Mendez nor Sousa took any steps to investigate the propriety of Mr. McDaniel's detention.

**<u>SECOND CAUSE OF ACTION</u>**
***Monell* and Failure to Train and Supervise**
**(Against Defendant DIRKSE, Official Capacity, only)**

78. Defendant DIRKSE had a duty arising under the Fourteenth Amendment to the United States Constitution to adequately train, supervise, and discipline all prison and jail personnel in order to prevent overdetention of prisoners.

[8] Compare R. Doc. 31 at ¶ 33 ("Mr. McDaniel was to be processed and immediately released in connection with case number 1480530") with id. at ¶ 40 (CDCR said "McDaniel should be returned to the custody of the CDCR based on the detainer in case 1480530").

79. Defendant Dirkse contends that Mendez's and Sousa's returning of Mr. McDaniel to CDCR custody was proper.[9]

80. Defendant Dirkse contends that Mendez's and Sousa's returning of Mr. McDaniel to CDCR custody complied with Sheriff's Department policy.

81. Defendant was deliberately indifferent to his duties to properly train, discipline and supervise the jail staff.

82. Defendant declined to implement sufficient training, sufficient policies, or any legitimate mechanism for oversight or punishment of officers and agents.

83. Defendant Dirkse failed to properly train his staff to comply with court orders over the request of another jailor.

84. The Sheriff's Office's practice and policy of relying on instructions from other jailers rather than orders from a court demonstrates a pattern or policy of overdetention.

85. As a result of Defendant Dirkse's actions and omissions, including his failure to train, supervise, and discipline staff, Mr. McDaniel was overdetained.

## JURY DEMAND

86. Plaintiff demands a jury trial on all issues so triable.

## RELIEF REQUESTED

87. Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

a. Declaratory relief;

b. Compensatory damages, including both general and special damages;

c. Exemplary and/or punitive damages from all Defendants except DIRKSE;

d. Attorney's fees and expenses under 42 U.S.C. § 1988(b); and

e. Such other relief, including injunctive relief, as may be just or proper.

[9] R. Doc. 49 at 6 ("When CDCR directed Plaintiff's return to CDCR custody, the jail staff properly complied");

Respectfully submitted,

William Most (CA Bar No. 279100)
Law Office of William Most, L.L.C.
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
(504) 509-5023
williammost@gmail.com

Dan Roth (CA Bar No. 270569)
Law Office of Dan Roth
803 Hearst Ave.
Berkeley, CA 94710
(510) 849-1389
dan@drothlaw.com