William Most (CA Bar No. 279100)
Most & Associates
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
 (504) 509-5023
williammost@gmail.com

Dan Roth (CA Bar No. 270569)
Law Office of Dan Roth
803 Hearst Ave.
Berkeley, CA 94710
 (510) 849-1389
dan@drothlaw.com

Attorneys for Plaintiff David McDaniel

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MCDANIEL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JEFF DIRKSE, et al.,<br><br>　　　　Defendants. | Case No.: 1:20-cv-00856-NONE-SAB<br><br>**JOINT SCHEDULING REPORT**<br><br>Scheduling Conference<br>Date:  July 22, 2021<br>Time: 10:00<br><br>Courtroom: 9<br><br>**ALL PARTIES REQUEST TO APPEAR TELEPHONICALLY** |

Joint Scheduling Report

1

On July 2, 2021, the parties' counsel held a meet-and-confer in the above-captioned case. All counsel intend to appear telephonically for the Scheduling Conference.

**Summary of Proposed Dates**

| | |
|---|---|
| County disclosures | August 6, 2021 |
| Last Date to Hear Motion to Amend Pleadings or Add Parties | December 30, 2021 |
| Fact-discovery cut-off | March 28, 2022 |
| Initial Expert disclosures | June 6, 2022 |
| Rebuttal expert disclosures | July 1, 2022 |
| Expert discovery cutoff | August 1, 2022 |
| Last Day to File Dispositive Motions | October 10, 2022 |
| Mid-Status Discovery Conference | December ___ 2022 |
| Final Pretrial conference | January 23, 2023 |
| Trial | TBD per Standing Order on Judicial Emergency |

**A.     Factual and Legal Contentions of Each Party, Including Relief Sought**

**1.     Plaintiff**

On December 13, 2019, Stanislaus County Superior Court Judge Nancy Ashley ordered Plaintiff David McDaniel to be "processed [and] immediately released." R. Doc. 34-1 at 7.

At the time, McDaniel was an inmate in Sheriff's Office's physical custody and the CDCR's constructive custody. The Sheriff's Office then reached out to the California Department of Corrections and Rehabilitation ("CDCR"). The CDCR contradicted Judge Ashley's order – it told the Sheriff's Office to continue holding Mr. McDaniel, and then took physical possession of him five days later. The Sheriff's Office defendants chose to listen to the CDCR's request over a judge's order. The CDCR then held Mr. McDaniel until January 7, 2020, twenty-five days after he should have been free.

Joint Scheduling Report

Due to this unlawful imprisonment, Mr. McDaniel filed suit against seven CDCR employees for the days he was imprisoned after Judge Ashley ordered him "immediately released." They are Defendants Delacruz, Guerrero, Brown, Steele-Hicks, Smith, and Pruitt (together, "CDCR Defendants.") Mr. McDaniel also sued Sheriff Dirkse and two sheriff's office employees for their role in his unlawful detention. Mr. McDaniel currently has live claims against all Defendants for violation of his 14th Amendment due process rights, by operation of 42 U.S.C. § 1983.

Mr. McDaniel seeks declaratory relief; compensatory damages to include general and special damages; exemplary and/or punitive damages from all Defendants except Dirkse; attorneys' fees and expenses under 42 U.S.C. § 1988(b); and such other relief, including injunctive relief, that is just and proper.

**2.      CDCR Defendants**

CDCR Defendants deny that they overdetained Plaintiff and deny they violated Plaintiff's rights as alleged or in any manner. CDCR Defendants were not on notice of any re-sentencing of Plaintiff until December 30, 2019, at the earliest. Plaintiff was released from CDCR custody as soon as reasonably possible and within the time allowed by CDCR regulations.

**3.      SCSD Defendants**

Plaintiff was a CDCR prisoner being temporarily held at the Stanislaus County Jail while out to court for criminal case proceedings. Plaintiff alleges a constitutional violation arising from his detention after a court appearance on a criminal case in which plaintiff entered a plea agreement and was sentenced to time served by a Stanislaus County Superior Court judge. Based on the detainer issued by CDCR and specific directives from CDCR to return plaintiff to CDCR custody after Plaintiff's court appearance, Defendants Dirkse, Sousa and Mendez properly complied with CDCR directives and returned Plaintiff to CDCR custody; they did not violate Plaintiff's rights in any way.

Joint Scheduling Report

3

**B.     Table of Claims**

The following is a table of currently live claims:

|      | **Defendant** | **Individual Capacity** | **Official Capacity** |
|------|---------------|-------------------------|-----------------------|
| CDCR | Rhona Delacruz | Violation of 14th Amendment | |
|      | Joseph Guerrero | *Id.* | |
|      | Tania Brown | *Id.* | |
|      | Amber Steele-Hicks | *Id.* | |
|      | Brandy Smith | *Id.* | |
|      | Elijah Pruitt | *Id.* | |
|      | Nichelle Harrington | *Id.* | |
| SCSD | Jeff Dirkse | | *Monell* and Failure to train |
|      | Jose Sousa | Violation of 14th Amendment | |
|      | Henry Mendez | *Id.* | |

**C.     Uncontested and contested facts.**

i.     Uncontested Facts

1. Mr. McDaniel was initially arrested in connection with Stanislaus County Superior Court case number 1480530 on October 31, 2014.

2. On May 16, 2017, the Court sentenced Mr. McDaniel to an indeterminate sentence of 125 years to life in prison and a determinate sentence of 25 years imprisonment.

3. Mr. McDaniel appealed his conviction, and on October 16, 2019, the Court of Appeal for the State of California, Fifth Appellate District reversed the conviction. The Court of Appeal remanded the case to the Stanislaus County Superior Court.

4. On October 24, 2019, Judge Nancy Ashley of the Stanislaus County Superior Court signed an order under case number 1480530 commanding CDCR to deliver Plaintiff into the custody of the Stanislaus County Sheriff, and ordering the Stanislaus County Sheriff to take custody of Plaintiff.

5. On November 21, 2019, Plaintiff was transferred from the physical custody of CDCR to the

Joint Scheduling Report

4

physical custody of the Stanislaus County Sheriff.

6. On December 13, 2019, Mr. McDaniel appeared before Judge Nancy Ashley of the Stanislaus County Superior Court.

7. On December 18, 2019, Mr. McDaniel was transported to the California State Prison, Solano.

8. Mr. McDaniel was released from California State Prison, Solano on January 7, 2020.

**D.    Legal Issues Not in Dispute**

The parties do not dispute jurisdiction or venue.

**E.    Disputed Legal Issues**

1. Whether each Defendant violated Plaintiff's Fourteenth Amendment rights.

2. Whether Plaintiff has a *Monell* or failure to train claim against Sheriff Dirkse.

3. Whether Defendants are entitled to any kind of immunity.

4. How liability should be apportioned.

5. Whether Plaintiff suffered any recoverable damages

6. Whether Plaintiff's actions or inactions, or the actions or inactions of others not named as defendants contributed to or caused his damages, if any.

7. Whether Plaintiff failed to mitigate his damages, if any.

**F.    Status of All Matters Before the Court.**

There are no pending motions before the Court.

**G.    Discovery Plan**

    i.    <u>Initial Disclosures</u>. Plaintiff and CDCR Defendants have exchanged initial disclosures. SCSD Defendants will provide initial disclosures by August 6, 2021.

    ii.    <u>Non-Expert Discovery Cut-Off</u>: March 28, 2022.

    iii.    <u>Expert Witness Discovery Cut-Off</u>: August 1, 2022

    iii.    <u>Limits on Discovery</u>: The parties have not identified any proposed changes in the limits on discovery imposed by Fed. R. Civ. P. 26(b), except that Plaintiff reserves the right to seek leave of Court

Joint Scheduling Report

(should the parties be unable to resolve this issue by way of stipulation) if there is the need for more than ten depositions, given the fact that there are ten named defendants.

  iv. <u>Protective Order</u>: The parties may need a protective order to be determined at a later time.

  v. <u>Phasing of Discovery</u>: The parties do not have any issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery at this time.

  vi. <u>Discovery Outside U.S.</u>: The parties do not anticipate the need to take discovery outside the United States.

  vii. <u>Recording of Depositions</u>: The parties anticipate taking depositions by Zoom, with audio and video recording.

  viii. <u>Electronically Stored Information</u>: The Parties do not contemplate any issues regarding disclosure or discovery of any electronically stored information as defendants have been on notice of its duty to preserve evidence in this matter that is reasonably calculated to lead to the discovery of admissible evidence and is reasonably likely to be requested during discovery. The parties will meet and confer on any issues that arise in connection with any requested electronically stored information, including scope and formats for production.

  ix. <u>Preservation</u>: All parties have agreed to undertake reasonable efforts to maintain and preserve all relevant evidence maintained in the parties possession, custody, and/or control.

  x. <u>Scope of email discovery</u>: The parties have met and conferred on the scope of discovery for e-mails and email retention. The parties have not yet come to an agreement on the proper scope of email discovery or retention, but have been discussing, and will continue to discuss, the issue in a good faith effort (including e.g., search terms and other parameters) to reach a mutually agreeable resolution without further intervention of the Court or Magistrate Judge.

  xi. <u>Inadvertent Production of Privileged Information</u>: The parties met and conferred on procedures for inadvertent production of privileged electronic materials. The "producing" party shall

Joint Scheduling Report

immediately notify all other parties of inadvertent production, and the procedures set forth in Fed. R. Civ. P. 26(b)(5)(B) shall be followed.

**H.     Status of Settlement.** Plaintiff has made a settlement proposal to all Defendants.  Defendants have not responded CDCR Defendants are assessing Plaintiff's proposal and will respond within the next thirty-days.  Defendants Dirkse, Sousa and Mendez wish to proceed with fact discovery before revisiting the issue of settlement in this case.

**I.     Statement as to Jury Demand.**

A jury has been requested by all parties.

**J.     Consent to Magistrate.**

The parties are not prepared to consent to a Magistrate Judge at this point.   They will revisit this issue as the case proceeds.

**K.     Bifurcation or Phasing.**

All Defendants request bifurcation of punitive damages and liability at trial.

                                                Submitted jointly, by all parties:

*/s/ William Most*
William Most (CA Bar No. 279100)
Law Office of William Most, L.L.C.
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
 (504) 509-5023
williammost@gmail.com

Dan Roth (CA Bar No. 270569)
Law Office of Dan Roth
803 Hearst Ave.
Berkeley, CA 94710
(510) 849-1389
dan@drothlaw.com

Attorneys for Plaintiff

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, California 95670

Joint Scheduling Report

Tel: 916-922-1200 Fax: 916 922-1303

*/s/ Shanan Hewitt*
Shanan L. Hewitt, SBN 200168
shewitt@rhplawyers.com
Jonathan B. Paul, SBN 215884
jpaul@rhplawyers.com
Jill B. Nathan, SBN 186136
jnathan@rhplawyers.com
Attorneys for Defendants
SHERIFF JEFF DIRKSE,
SGT. JOSE SOUSA and
HENRY MENDEZ

XAVIER BECERRA
Attorney General of California
Alicia Bower
Supervising Deputy Attorney General

*/s/ Arthur B. Mark III*
ARTHUR B. MARK III
Deputy Attorney General
Attorneys for Defendants T. Brown,
R. Delacruz, J. Guerrero, N. Harrington,
E. Pruitt, A. Steele-Hicks, and B. Smith

Joint Scheduling Report

8