ROB BONTA, State Bar No. 202668
Attorney General of California
ALICIA A. BOWER, State Bar No. 287799
Supervising Deputy Attorney General
ARTHUR B. MARK III, State Bar No. 220865
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7345
 Fax: (916) 324-5205
 E-mail: Arthur.Mark@doj.ca.gov
*Attorneys for Defendants
Delacruz, Guerrero, Brown, Harrington, Steele-
Hicks, Smith And Pruitt*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **DAVID McDANIEL,**<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>**RALPH DIAZ, et al.,**<br><br>　　　　　　　　　　　Defendants. | No. 1:20-cv-00856-DAD-SAB<br><br>**DEFENDANTS DELACRUZ, GUERRERO, BROWN, HARRINGTON, STEELE-HICKS, SMITH AND PRUITT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER**<br><br>[TELEPHONIC APPEARANCE REQUESTED]<br><br>Date:　　　　September 14, 2022<br>Time:　　　　10:00 a.m.<br>Courtroom:　　9<br>Judge:　　　　Hon. Stanley A. Boone<br>Trial Date:　　None set<br>Action Filed:　June 22, 2020 |

## INTRODUCTION

Defendants Delacruz, Guerrero, Brown, Harrington, Steele-Hicks, Smith and Pruitt (the CDCR Defendants) oppose Plaintiff's motion to amend the scheduling order (ECF No. 84). Plaintiff has failed to demonstrate diligence, both in his failure to attempt to conduct depositions and his failure to timely seek to amend the scheduling order. His argument that Defendants

somehow led Plaintiff to assume all scheduling order deadlines had been vacated is meritless, particularly because Defendants' service of their expert disclosure on the currently set deadline should have alerted Plaintiff's counsel that any assumptions regarding case management deadlines were incorrect.  Accordingly, there is no basis to reopen discovery in this case.

## STANDARD OF REVIEW

The Court should extend a deadline in the scheduling order upon a showing of good cause and diligence of the party seeking the modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 688 (E.D. Cal. 2009).  Good cause exists if the deadline cannot be reasonably met, despite the diligence of the party seeking the extension. *Id*.  Diligence is the touchstone of the inquiry and if diligence is not shown, then the motion should be denied. *Johnson*, 975 F.2d at 609.  "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* at 609. To modify a scheduling order after the dates have passed requires a showing of both good cause and excusable neglect. *DeLaRosa v. Costco Wholesale Corp.*, 2022 WL 2541273 *2-3 (S.D. Cal. 2022).

## ARGUMENT

### I. PLAINTIFF HAS NOT DEMONSTRATED DILIGENCE, AND THUS, NO GOOD CAUSE TO REOPEN DISCOVERY

Plaintiff has failed to demonstrate diligence in seeking to conduct depositions or modify the scheduling order.  After the parties submitted their joint scheduling report (ECF No. 70), the Court held a scheduling conference and issued its scheduling order (ECF No. 72).  The order set dates for close of non-expert discovery of March 28, 2022, expert disclosures on June 6, 2022, supplemental expert disclosures on July 1, 2022, and close of expert discovery on August 1, 2022. (*Id.*). The order did not set a trial date and warned in bold that good cause was required to extend the deadlines and that "stipulations to continue set dates are disfavored and will not be granted absent good cause."  (ECF No. 72 at 7).

Despite having agreed to this case schedule and the Court's warning about continuances being disfavored, Plaintiff now argues he was "led to believe" by subsequent orders concerning

the assignment of trial judges in the Eastern District and for this case that "the deadlines previously set had been vacated or stayed." (Pl.'s Mot. ECF No. 84-1 at 2).  However, Plaintiff points to nothing specific about these orders that could reasonably be construed as vacating the scheduling order dates. (*Id.*)  And, in fact, the contrary is true, as the orders plainly indicated that discovery was not stayed. (*See* ECF No. 73 ("magistrate judges . . . *ma*y, in their discretion, *elect* to stay discovery and other proceedings") (emphasis added); ECF No. 74 ("All dates currently set in this reassigned action *shall remain* pending subject to further order of court.") (emphasis added); ECF No. 76 (same)).  Even if Plaintiff's counsel was confused, he could have, but did not, reach out to the Court and Defendants' counsel to inquire whether they believed these orders affected the scheduling deadlines. (Mark Decl.¶ 3).

The parties exchanged initial disclosures and engaged in written discovery in 2021, and Defendants noticed Plaintiff's deposition to occur March 22, 2022, before the close of discovery. (Pl.'s Mot. ECF No. 84-3; Mark Decl. ¶ 2, 4, Ex. B.).  Defendants were ready to proceed with Plaintiff's deposition on March 22, 2022. (Mark Decl. ¶ 4, Ex. B).  However, at the request of Plaintiff's counsel, it was taken on April 12, 2022. (Pl.'s Mot, ECF No. 84-4 at 5-6; Mark Decl. ¶ 4).  Moreover, despite Defendants' having noticed Plaintiff's deposition, Plaintiff did not inquire about dates or communicate in any way that he intended to depose Defendants. (Mark Decl. ¶ 4). Additionally, Defendants' counsel served expert disclosures on June 6, 2022, which the scheduling order identified as the deadline for this task. (Mark Decl. ¶ 5).  Yet, Plaintiff's counsel did not inquire about deposing Defendants' expert, or communicate at all about expert discovery. (*Id.*)  Months after the close of discovery, Plaintiff sought a stipulation to modify the scheduling order to allow him to take depositions, but given that discovery had closed so long before, Defendants were not inclined to reopen discovery. (Mark Decl. ¶ 6, Ex. A).

Plaintiff's attempt to blame Defendants for not "bringing to light his misunderstanding" is disingenuous, as Defendants had no understanding that Plaintiff assumed this case was operating without a fixed case schedule. (Mark Decl. ¶ 3).  Simply put, Plaintiff has not shown diligence with respect to discovery and their unfounded assumption about the scheduling order being rendered ineffective s not reasonable, particularly given that Plaintiff never communicated that

3

belief to either Defendants or the Court.  Indeed, it was not Defendants' duty to remind Plaintiff to diligently prosecute the case or inquire concerning their "understanding" of the Court's orders. *See Johnson*, 975 F.2d at 610 (burden is on plaintiff to "prosecute his case properly" and blame cannot be placed on opposing party for plaintiff's failure to do so).

## II.   PLAINTIFF HAS NOT SHOWN EXCUSABLE NEGLECT

"The determination of excusable neglect takes into account: (1) the danger of prejudice; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect; and (4) whether that party acted in good faith." *De La Rosa*, 2022 WL 2541273 * 2.  Defendants do not question whether Plaintiff is proceeding in good faith, but the other three factors weigh against reopening discovery.  There is no trial date set, but there is a settlement conference scheduled and a dispositive motions deadline of December 12, 2022, which would be greatly delayed by allowing Plaintiff to depose the seven CDCR defendants, which would undoubtedly delay this case for a significant time. (Mark Decl. ¶ 6).  Delay of dispositive motions will delay not only the currently set pretrial conference, but trial setting as well.  Thus, prejudice to Defendants and the negative impact on the resolution of this matter weigh against granting the motion.

In addition, the reasons for Plaintiff's delay were within his control as counsel should have reached out to Defendants to determine whether they shared his understanding that the orders on judge assignments had vacated the scheduling order dates.  Had Plaintiff's counsel done so, they would have been advised that Defendants' counsel did not share that understanding as was made clear by their service of expert disclosures on the deadline set in the scheduling order. (Mark Decl. ¶ 3, 5).  Accordingly, Plaintiff has not demonstrated excusable neglect.

## CONCLUSION

The Court should deny Plaintiff's motion.

| | | |
|---|---|---|
| 1 | Dated: August 23, 2022 | Respectfully submitted, |
| 2 | | ROB BONTA<br>Attorney General of California |
| 3 | | ALICIA A. BOWER<br>Supervising Deputy Attorney General |

*/s/ Arthur B. Mark III*

ARTHUR B. MARK III
Deputy Attorney General
*Attorneys for Defendants
Delacruz, Guerrero, Brown, Harrington,
Steele-Hicks, Smith and Pruitt*

SA2020302391
36465717.docx